Shira Wisotsky, Esq.
Raquiba Huq, Esq.
Zoe Burke*
**LEGAL SERVICES OF NEW JERSEY**
100 Metroplex Drive, Suite 402
Edison, New Jersey 08817
swisotsky@lsnj.org
(908) 882-2665
*Law graduate not yet admitted

*Attorneys for Petitioner*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LEGAL SERVICES OF NEW JERSEY**, 100 Metroplex Drive, Edison, New Jersey 08818<br><br>*Plaintiff*,<br><br>v.<br><br>**IMMIGRATION AND CUSTOMS ENFORCEMENT,** 500 Twelfth Street SW, Washington, DC 20536<br>*Defendant*. | **CIVIL ACTION NO.:** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**Introduction**

1.  In this Freedom of Information Act ("FOIA") suit, Plaintiff Legal Services of New Jersey ("LSNJ") seeks an order declaring unlawful and enjoining Defendant U.S. Immigration and Customs Enforcement ("ICE") from its continued withholding of records relating to the apprehension, transfer, and treatment of non-citizens in New Jersey and their detention at the two private facilities in which ICE holds most New Jersey non-citizens: the Elizabeth Contract Detention Facility ("EDC") in Elizabeth, New Jersey, and the Moshannon Valley Processing Center ("Moshannon") in Phillipsburg, Pennsylvania.

2.  LSNJ is challenging ICE's failure to provide documents in response to two FOIA requests. The first was submitted on March 21, 2023 (the "March Request"), and the second on June 1, 2023 (the "June Request"). The FOIA requests sought, *inter alia*, policies, contracts, and other records pertaining to the production of people in detention for state court proceedings; protocols and policies for attorney-client communication and evaluation by third-party experts; policies pertaining to the treatment of people with psychiatric disabilities; and policies and procedures pertaining to the use of excessive force and solitary confinement for individuals in immigration detention.

3.  LSNJ, along with the other legal services providers that comprise the State-funded Detention and Deportation Defense Initiative ("DDDI"), urgently require this

information to continue effecting the State of New Jersey's intention to provide representation to New Jerseyans, and to serve the public interest in providing representation and keeping New Jersey families together. LSNJ also seeks this information so that it may inform impacted individuals, the New Jersey public, and stakeholders about the status of detention of New Jerseyans and whether and how people are subjected to solitary confinement. This information is increasingly relevant as ICE has moved from detaining New Jerseyans in state-funded facilities to facilities run by private corporations. Additionally, the information sought is needed for attorneys representing non-citizen New Jerseyans in immigration detention, particularly those who represent individuals with concurrent proceedings in New Jersey's criminal courts, to effectuate their ethical obligations of communication and representation.

4. These interests are particularly salient as the state of detention in New Jersey and of New Jerseyans is in flux. There is only one remaining detention facility open in New Jersey at this time—EDC. Following prolonged activism by immigrants-rights groups in New Jersey impacting the political will to house non-citizens in government-funded detention facilities,[1] coupled with changes to New Jersey law in

---

[1] *See, e.g.*, Maria Sacchetti, *ICE Holds Growing Numbers of Immigrants at Private Facilities Despite Biden Campaign Promise to End Practice, The Washington Post* (Dec. 1, 2021), https://www.washingtonpost.com/national-security/2021/12/01/ice-country-jails-migrants/.

August 2021 that prohibits local government agencies and private detention facilities from entering into immigration detention agreements, N.J.S.A. § 30:4-8.16(b), the three publicly-funded immigration detention facilities in New Jersey closed. As a result, the number of non-citizens who can be detained in New Jersey fell from approximately 1,300 to 300. *See* United States of America's Statement of Interest, Dkt. 37, at 3-4, *CoreCivic, Inc. v. Murphy*, No. 3:23-CV-00967 (RK) (TJB) (D.N.J.). As its contract expired, the private corporation that runs EDC mounted a challenge to the State's law, a challenge still working its way through the appellate process. *Id.* at Dkt. 53 (notice of appeal). In the interim, most New Jerseyans have been transferred to out-of-state facilities far away from their loved ones and lawyers. The lives and futures of the people apprehended by ICE in New Jersey, including the clients represented by DDDI, hang in the balance.

5. In response to an administrative appeal, ICE did produce some of the data requested in LSNJ's first FOIA request, the March Request, on August 30, 2023. However, on October 30, 2023, in a letter to LSNJ, ICE indicated that "[a]n additional search was conducted by ICE ERO for responsive records, however, no additional responsive records were located." That same day a Senior Attorney with ICE's Government Information Law Division, Office of the Principal Legal Advisor

confirmed that this was the applicable response "for all 3 underlying FOIA requests."[2]

6. As detailed below, LSNJ is aware that at least some responsive records exist, as they have been generated or received by other stakeholder organizations, or referenced in communications with staff at Moshannon.

7. ICE's search for records was inadequate and the agency is unlawfully withholding public records from the public.

8. LSNJ also accompanied each FOIA request with requests for a fee waiver and expedited processing. Those requests were either not adjudicated or were decided on false premises, *i.e.*, classifying the Legal Services of New Jersey as a commercial entity.

9. This Complaint follows.

## **Jurisdiction and Venue**

10. This Court has jurisdiction over Plaintiff's FOIA claims for prompt access to released records under 5 U.S.C. § 552(a)(3)(A), pursuant to 5 U.S.C. § 552(a)(4)(B), the Administrative Procedure Act, 5 U.S.C. §§ 701 *et. seq.*, and the federal question statute, 28 U.S.C. § 1331.

---

[2] LSNJ separately filed a third FOIA request, seeking data. That Request is not the subject of this Complaint.

11. This Court has jurisdiction to enjoin the agency from withholding agency records and order production of improperly withheld records. 5 U.S.C. § 552(a)(4)(B) ("[T]he district court of the United States in the district in which the complainant resides, or has his principal place of business . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.").

12. Venue is proper within this District under 28 U.S.C. § 1391(e)(1) and 5 U.S.C. § 552(a)(4)(B).

## Parties

13. Plaintiff Legal Services of New Jersey, a 501(c)(3) nonprofit, coordinates the statewide New Jersey Legal Services system, which provides free legal assistance to low-income New Jerseyans for their civil legal problems. Through its work, LSNJ strives to secure substantive and procedural justice for those living in poverty. For over fifty years, LSNJ has worked tirelessly to protect the rights of low-income New Jersey residents in all areas of civil law, including immigration. LSNJ's Immigration Representation Project ("IRP") has been providing direct representation to detained and non-detained individuals in immigration proceedings since 1998. Along with Rutgers University, Seton Hall University, and the American Friends Service Committee, LSNJ has been participating in New Jersey's Detention and Deportation

Defense Initiative since its launch in 2018, and thus provides state-funded free legal representation to indigent New Jerseyans facing deportation.

14. Defendant Immigration and Customs Enforcement ("ICE") is a component of the Department of Homeland Security ("DHS"), an "agency" within the meaning of FOIA and bears primary responsibility for ensuring the Executive's compliance with FOIA and DHS's regulations implementing it, 6 C.F.R. §§ 5.1 *et seq*.

## **Factual Allegations**

### **The March Request**

15. LSNJ filed a FOIA Request related to the detention and transfer of non-citizens in New Jersey on March 21, 2023. (Exhibit A.) Accompanying the Request were applications for expedited processing and a fee waiver. (*Id.* at 1.)

16. ICE failed to respond to Items 2-8 of the Request. The Items LSNJ is challenging in this Complaint are Items 2, 5, 6, 7, and 8:

- All policies, communications, documents, and records reflecting models, algorithms, procedures, or risk assessment tools used to determine at which facility to hold individuals whom ICE detains or takes into custody in New Jersey. This request does not include policies or documents concerning county facilities that have formally informed ICE that they no longer intend to detain immigrants.

- All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the telephonic, video, or in-person production of people in detention for state court legal proceedings.

7

- All policies, communications, documents, and records reflecting ICE's policies and/or protocols for producing people in detention for in-state *and* out-of-state criminal proceedings before state courts.

- All policies, communications, documents, and records reflecting ICE's protocols and/or policies for providing attorneys communication with and access to people in detention.

- All policies, communications, documents, and records reflecting ICE's protocols for and/or policies for permitting people in detention communication with and access to third-party experts in immigration and criminal legal cases, including but not limited to medical and psychiatric interviews.

(*Id.*)

17. In the Request, LSNJ sought expedited processing given the status of detention of non-citizens in New Jersey and asked for a waiver or limitation on fees. (*Id.* at 6-7.)

18. In an email dated March 29, 2023, ICE confirmed receipt of Plaintiff's FOIA Request and assigned the Request a control number, 2023-ICFO-19521. (Exhibit B.)

19. In its receipt notice, ICE invoked the "unusual circumstances" exception, permitting itself a ten-day extension for responding to the Request, pursuant to 5 U.S.C. § 552(a)(6)(B). (*Id.*)

20. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i).

21. If there are "unusual circumstances," as defined by statute, an agency may extend the time needed to make its determination by no more than ten working days. *See* 5 U.S.C. § 552(a)(6)(B)(i).

22. On June 14, 2023, ICE emailed a "final response to your FOIA request, 2023-ICFO-19521, for Related to the Detention and Transfer of Non-Citizens in New Jersey." (Exhibit C.)

23. The Response neither acknowledged nor decided LSNJ's applications for a fee waiver and expedited response.

24. The Response failed to acknowledge or respond to the vast majority of the Request when it supplied LSNJ with only limited information, presumably in response to Item 1(c) of the Request, and did not respond to Items 1(a), 1(b), 1(d), 2, 3, 4, 5, 6, 7, and 8 of the Request.

25. ICE did not produce a *Vaughn* index or any other document to indicate that they were withholding records pursuant to a recognized FOIA exemption.[3]

26. On June 15, 2023, LSNJ filed an administrative appeal of ICE's Response. (Exhibit D.) The administrative appeal argued, *inter alia*, that ICE failed to

---

[3] "A Vaughn index is a document prepared by the agency that identifies each document withheld, the statutory exemption claimed, and a particularized description of how each document withheld falls within a statutory exemption." *Wadhwa v. Sec. U.S. Dep't of Vet. Affs.*, 707 F. App'x 61, 65 n.5 (3d Cir. 2017) (summary order) (citing *Coastal States Gas Corp. v. Dep't of Energy*, 644 F.2d 969, 984 (3d Cir. 1981); *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).

acknowledge or respond to the vast majority of the Request when it supplied LSNJ

with only limited information in response to Item 1(c), and did not respond to Items

1(a), 1(b), 1(d), 2, 3, 4, 5, 6, 7, and 8; ICE failed to respond to LSNJ's request for a

fee waiver; and ICE failed to respond to LSNJ's request to expedite the response.

27. Christopher Lanks, the Acting Chief of ICE's Government Information Law

division acknowledged the appeal on June 15, 2023, and assigned it Appeal Number

2023-ICAP-00390. (Exhibit E.)

28.  On July 19, 2023, ICE provided its "final response to [the March] FOIA

request . . . for Appeal." (Exhibit F.) Mr. Lanks determined that:

> With respect to the adequacy of ICE's search, after a complete
> review of the administrative record, ICE has determined that new
> search(es) or, modifications to the existing search(es), could be
> made. We are therefore remanding your appeal to the ICE FOIA
> Office for processing and re-tasking to the appropriate
> agency/office(s) to obtain any responsive documents. The ICE
> FOIA Office will respond directly to you.
>
> (*Id.*)

29.  On August 30, 2023, ICE provided a "final response" to the March Request.

(Exhibit G.)

30. In response to the portion of the Request that sought data, Item 1, ICE

provided an Excel spreadsheet with information about individuals apprehended in

New Jersey and detained at Moshannon, redacting personally identifying

information pursuant to the privacy exemptions of the FOIA and Privacy Act.

31. ICE did not provide nor respond to Items 2-8 of the Request.[4]

32. To date, ICE has still failed to respond to the vast majority of the March FOIA Request.

## The June Request

33. On June 1, 2023, LSNJ filed the June Request. (Exhibit H.)

34. The June Request asked for "the following documents and records, dated June 1, 2022 to the present unless otherwise indicated below, in the custody or control of ICE that are the subject of this request:" (Id.)

I.    The number of people detained at EDC on the first of each month until the date this request is filled.

II.   All communications records to and from the ICE Newark Field Office Director mentioning the word "transfer" from the beginning of FY 2021 until the date this request is filled.

III.  ICE Newark Field Office Standard Operating Procedures that have been and are in effect.

IV.   ICE Philadelphia Field Office Standard Operating Procedures that have been and are in effect.

V.    All policies and contracts that pertain to the production of people in detention for state and federal court legal proceedings.

---

[4] ICE claimed FOIA Exemptions 6, 7(C), and 7(E) in the FOIA response. Given the context of the letter and the records produced, LSNJ assumes that ICE intended those exemptions to apply to the redacted portions of the produced Excel document in which it withheld information that LSNJ did not request, such as the dates of birth and alien registration numbers of individuals. ICE, however, failed to produce a *Vaughn* index. In the event that ICE intended the exemptions to apply to the other requested documents, it was unclear and has both erroneously applied the exemptions and failed to carry its burden for withholding public records.

VI.     All policies, communications, documents and records pertaining to requests to produce non-citizens detained at Moshannon for out-of-state court appearances.

VII.    All policies, communications, documents and records pertaining to requests to produce non-citizens detained at Moshannon for in-state court appearances.

VIII.   All communications between employees of ICE, DHS, and/or private entities whose staff members place of work is Moshannon and any employee of the State of New Jersey Judiciary, including the Administrative Office of the Courts, regarding the production of defendants in criminal and/or municipal proceedings.

IX.     All communications between employees of ICE, DHS, and/or private entities whose staff members place of work is Moshannon and any employee of the State of New Jersey Office of the Public Defender regarding the production of defendants in criminal and/or municipal proceedings.

X.      All records reflecting the transportation of detainees at Moshannon to locations within the State of New Jersey, including but not limited to payment records.

XI.     All records reflecting the transportation of detainees in New Jersey to Moshannon, including but not limited to payment records.

XII.    All policies, communications, documents, and records reflecting ICE's protocols and/or policies for providing attorneys communication with and access to people in detention.

XIII.   All policies, communications, documents, and records reflecting the hardware technology available to detainees at Moshannon, including but not limited to the number of telephones, computer stations, tablets, or other means of communication currently available to detainees.

XIV.    All policies, communications, documents, and records reflecting the communication software technology available to detainees at Moshannon, including but not limited to Zoom licenses, Microsoft Teams applications, and WebEx availability.

XV.     All policies, communications, documents, and records reflecting the
        communication software technology available to public or private staff who
        work at Moshannon, including but not limited to Zoom licenses, Microsoft
        Teams applications, and WebEx availability.

XVI.    All records and communications reflecting the allocation of funds for
        purchasing communication software for detainee use at Moshannon.

XVII.   All records and communications reflecting the allocation of funds for
        purchasing communication hardware for detainee use at Moshannon.

XVIII.  All records reflecting the number of individuals detained at Moshannon who
        are prescribed daily and/or as-needed psychotropic medication.

XIX.    All policies, communications, documents, and records reflecting ICE policy
        on the treatment, detention, and housing prescribed for detainees diagnosed
        with mental health and/or psychiatric conditions.

XX.     All policies, communications, documents, and records reflecting the use of
        solitary confinement and/or administrative segregation at Moshannon,
        including but not limited to the number of individuals subject to those housing
        conditions on a daily, weekly, and/or monthly basis.

XXI.    All policies, communications, documents, and records reflecting how
        Moshannon houses detainees diagnosed with mental health and/or psychiatric
        conditions.

XXII.   All policies, communications, documents, and records reflecting the use of
        force by staff and/or contractors at Moshannon when interacting with
        detainees diagnosed with mental health and/or psychiatric conditions.

XXIII.  All policies, communications, documents, and records reflecting the use of
        force by staff and/or contractors at Moshannon when interacting with
        detainees housed in solitary confinement and/or administrative segregation.

        (*Id.*)

        35. The June Request also included requests for expedited processing and a fee

waiver. (*Id.*)

13

36. In an email dated August 21, 2023, ICE confirmed receipt of Plaintiff's FOIA Request and, upon information and belief, assigned the Request a control number, 2023-ICFO-28848. (Exhibit I.)[5]

37. In its receipt notice, ICE invoked the "unusual circumstances" exception, permitting itself a ten-day extension for responding to the Request, pursuant to 5 U.S.C. § 552(a)(6)(B). (*Id.*)

38. The e-mail also described that ICE,

shall charge [Legal Services of New Jersey] for records in accordance with the DHS Interim FOIA regulations as they apply to commercial requesters. As a commercial requester, you will be charged 10 cents per page for duplication, and for search and review time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher and reviewer. We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

(*Id.*)

39. Put simply, LSNJ is not a commercial requester. For all the reasons explained in the June Request, disclosure of the requested information is in the public interest and is likely to contribute significantly to the public understanding of the operations

---

[5] LSNJ filed two FOIA requests on the same day. The second request sought data and is not the subject of this Complaint. ICE was unclear about which confirmation number applied to which request and has alternatively represented that the assigned number was either 2023-ICFO-28848 or 2023-ICFO-39829. Plaintiff believes that the proper receipt number for the June Request is 2023-ICFO-39829 but is not certain.

and activities of the government. LSNJ is a non-profit—it does not have a commercial interest in the records requested.

40. On October 30, 2023, the ICE FOIA Office emailed Plaintiff an "appeal memo" as "the final response to [its] Freedom of Information Act (FOIA) Appeal on remand. You had appealed[6] an adverse determination of your request dated 6/15/2023." (Exhibit J.) Matthias Headland, the Supervisory Paralegal Specialist wrote: "We have considered your request under the FOIA, 5 U.S.C. § 552. An additional search was conducted by ICE ERO for responsive records, however, no additional responsive records were located." (*Id.*)

41. The "appeal memo" did not claim that any of the records were exempt from production and did not include a *Vaughn* index. (*Id.*)

42. LSNJ then emailed the ICE FOIA Office to clarify that the response is inclusive of the June Request that is the subject of this Complaint. A Senior Attorney within ICE's Government Information Law Division's Office of the Principal Legal Advisor responded to clarify:

> Apologies for the number confusion. I believe that ICE FOIA used 2023-ICAP-00390 for all 3 underlying FOIA requests, 2023-ICFO-19521 and 2023-ICFO-28848 [data requests], and 2023-ICFO-39829 [policy request]. The data requests were sent out previously. The policy request was outstanding. This response closes out the policy request (2023-ICFO-39829).

---

[6] Upon information and belief, the ICE FOIA Office construed LSNJ's efforts to follow up and secure a response to the June Request as an administrative appeal.

15

(Exhibit K.)

## Inadequacy of the Final Response

43. ICE did not conduct an adequate and statutorily required search in response to the March Request and June Request.

44. Had ICE conducted an adequate search it would have located responsive documents.

45. For example, Item 6 in the March Request seeks "[a]ll policies, communications, documents, and records reflecting ICE's policies and/or protocols for producing people in detention for in-state and out-of-state criminal proceedings before state courts." Additionally, Item 5 in the June Request asks for "[a]ll policies and contracts that pertain to the production of people in detention for state and federal court legal proceedings," and Item 6 in the June Request seeks "[a]ll policies, communications, documents and records pertaining to requests to produce non-citizens detained at Moshannon for out-of-state court appearances." Attached as Exhibits L-W and AA are examples of responsive documents in LSNJ's custody or provided to LSNJ by other stakeholders reflecting the efforts of advocates to convince Moshannon and ICE to produce their clients for state criminal proceedings. Attached as Exhibits L-Q and S-W are emails from staff at Moshannon referencing an ICE policy prohibiting the virtual production of people in detention for state court legal proceedings.

46. Item 7 in the June Request seeks "[a]ll policies, communications, documents and records pertaining to requests to produce non-citizens detained at Moshannon for in-state court appearances." Attached as Exhibit X is an example of a responsive document provided to Plaintiff by another stakeholder.

47. Item 8 in the June Request asks for "[a]ll communications between employees of ICE, DHS, and/or private entities whose staff members place of work is Moshannon and any employee of the State of New Jersey Judiciary, including the Administrative Office of the Courts, regarding the production of defendants in criminal and/or municipal proceedings." Attached as Exhibit Y is an email sent from an employee of the State of New Jersey Judiciary to Plaintiff, referencing such communications.

48. Furthermore, Item 8 of the March Request seeks "[a]ll policies, communications, documents, and records reflecting ICE's protocols for and/or policies for permitting people in detention communication with and access to third-party experts in immigration and criminal legal cases, including but not limited to medical and psychiatric interviews." Attached as Exhibit Z are emails from staff at Moshannon referencing ICE policy when denying advocates' requests to allow third-party experts to speak with clients in detention.

49. Additionally, upon information and belief, ICE also maintains records pertaining to the additional documents sought, including a log of the number of

people it detains at EDC; copies of its Field Offices' Standard Operating Procedures; expense reports or other logs showing the transport of individuals to and from New Jersey and Moshannon; policies pertaining to attorney-client communication; records of computer equipment available to individuals in detention and employed at Moshannon; and records pertaining to the use of psychotropic medications, force, and solitary confinement.

50. ICE must be directed to conduct a reasonable and statutorily adequate search for public records in response to the FOIA Requests.

**Claims for Relief**

**COUNT ONE**
**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**Failure to Respond Within the Time Required**

51. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

52. ICE violated 5 U.S.C. § 552(a)(6)(A) and 6(B) by failing to timely respond to Plaintiff's request, make an appropriate determination, or provide records.

53. Defendants' failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

54. No legal justification exists permitting ICE to ignore FOIA's clear statutory requirements.

18

55. Plaintiff is therefore entitled to injunctive and declaratory relief requiring ICE to produce Plaintiff's requested records.

## COUNT TWO
### Violation of the Freedom of Information Act, 5 U.S.C. § 552(a)(3)(C)
### Failure to Conduct an Adequate Search

56. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

57. ICE violated 5 U.S.C. § 552(a)(3)(C) by failing to conduct a reasonable search in response to the Request.

58. Upon information and belief, ICE failed to search the appropriate offices and failed to request records from agency officials likely to have responsive records in their possession.

59. No legal justification exists permitting ICE to ignore FOIA's clear statutory requirements.

60. Plaintiff is therefore entitled to injunctive and declaratory relief requiring ICE to perform a reasonable search for records and to produce Plaintiff's requested records.

## COUNT THREE
### Violation of the Freedom of Information Act, 5 U.S.C. § 552
### Wrongful Withholding of Records

61. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

62. Defendants are wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

63. Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

64. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

65. ICE's failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

66. Plaintiff is therefore entitled to injunctive and declaratory relief requiring ICE to produce Plaintiff's requested records.

## COUNT FOUR
### Violation of the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(A)(iii)
### Wrongful Denial of Fee Waiver

67. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

68. ICE violated 5 U.S.C. § 552(a)(4)(A)(iii) by constructively and actually denying LSNJ's requests for a fee waiver.

69. LSNJ is a 501(c)(3) non-profit organization.

70. LSNJ has no commercial interest in the requested documents.

71. Disclosure of the requested documents is in the public interest.

72. LSNJ plans to disseminate the information disclosed as a result of this FOIA request to affiliated legal services organizations and to the public at no cost.

73. A fee waiver would fulfill Congress's legislative intent in amending the fee waiver provisions of FOIA in 1986. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters." (internal quotation marks and citations omitted)).

74. Plaintiff is therefore entitled to injunctive and declaratory relief requiring ICE to produce Plaintiff's requested records at no cost.

## **Prayer for Relief**

1.   Enter judgment in favor of Plaintiff and against ICE.

2.   Order ICE to produce, within twenty (20) days of the Court's Order, or by such other date as the Court deems appropriate, all responsive documents.

3.   Declare ICE's withholding under the FOIA unlawful and enjoin ICE from continuing to withhold the records requested.

4.   Declare ICE's failure to respond to and denial of the fee waiver requests unlawful and order ICE to produce the responsive records at no cost to Plaintiff.

5.   Award Plaintiff reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d)(1)(A).

6. Award Plaintiff such further relief as the Court deems just, equitable, and appropriate.

Dated:      Edison, New Jersey
            November 9, 2023

                                        Respectfully Submitted,

                                        /s/ Shira Wisotsky
                                        Shira Wisotsky, Esq.
                                        NJ #243172017
                                        Raquiba Huq, Esq.
                                        NJ #030952007
                                        Zoe Burke*

                                        *Law graduate not yet admitted.

22

# EXHIBIT A

**From:**    Shira Wisotsky
**To:**    ICE-FOIA@dhs.gov
**Subject:**    FOIA Request from LSNJ to ICE (March 21, 2023)
**Date:**    Tuesday, March 21, 2023 5:24:00 PM
**Attachments:**    image001.png
        image002.png
        image003.png
        image004.png
        image005.png
        image006.png
        LSNJ ICE FOIA Request - 3.21.2023.pdf

---

Good afternoon,

Please find attached the Legal Services of New Jersey's FOIA Request related to the detention and transfer of non-citizens in New Jersey and at the Elizabeth Contract Detention Facility. Accompanying the FOIA request are requests for expedited processing and a fee waiver.

I can be reached at the information below with any questions or concerns.

Kind regards,
Shira Wisotsky

**Shira Wisotsky** | she/her
Attorney for Special Projects
Detention and Deportation Defense Initiative
**Legal Services of New Jersey**
Direct Dial: 908-882-2665
732-572-9100, ext. 8790
www.lsnj.org



The information contained in this email is attorney privileged and confidential information intended only for the use of the named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly unauthorized. If you have received this message in error, please immediately notify us by email and delete this message together with any attachments. Your cooperation is appreciated.



**Legal Services of New Jersey**

100 Metroplex Drive at Plainfield Avenue

Suite 101, P.O. Box 1357

Edison, New Jersey 08818-1357

Phone: (732) 572-9100

Fax: (732) 572-0066

**www.lsnj.org**

**www.lsnjlaw.org**

Dawn K. Miller, Esq.
**President**

Claudine M. Langrin, Esq.
**Executive Vice President**

Akil Roper, Esq.
**Senior Vice President**

Raquiba Huq, Esq.
**Senior Vice President**

Maryann Flanigan, Esq.
**Vice President**

Shira Wisotsky

March 21, 2023

**SENT VIA EMAIL**

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009
Email: ICE-FOIA@dhs.gov

Re:    **FOIA Request Related to the Detention and Transfer of Non-Citizens in New Jersey and at the Elizabeth Contract Detention Facility in Elizabeth, N.J. (Expedited Processing and Fee Waiver Requested)**

Dear Freedom of Information Officer:

Legal Services of New Jersey ("LSNJ")[1] submits this Freedom of Information Act ("FOIA") request (the "Request") for records regarding the detention and transfer of non-citizens detained in and/or residing in New Jersey and transferred elsewhere, and the records regarding non-citizens detained at the Elizabeth Contract Detention Facility ("EDC") in New Jersey and the Moshannon Valley Processing Center ("Moshannon") in Pennsylvania. LSNJ also seeks a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A) and 6

---

[1] Legal Services of New Jersey ("LSNJ"), a 501(c)(3) nonprofit, coordinates the statewide Legal Services system, which provides free legal assistance to low-income New Jerseyans for their civil legal problems. Through its work, LSNJ strives to secure substantive and procedural justice for those living in poverty. For over 50 years, LSNJ has worked tirelessly to protect the rights of low-income New Jersey residents in all areas of civil law—including immigration. LSNJ's Immigration Representation Project ("IRP") has been providing direct representation to detained and non-detained individuals in immigration proceedings since 1998. Since day one, the driving force behind LSNJ's immigration work has been to assist individuals who face the least amount of access to legal advice and counsel and the most vulnerabilities and hurdles in fighting for their rights.

C.F.R. § 5.11(k), and expedited processing, pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(d). The justification for the fee waiver and expedited processing are set out in detail following the Request.

## I.    Background

In 2018, New Jersey became the second State in the Union to fund a statewide program to provide free and effective legal counsel to low-income non-citizens who are detained by ICE.[1] The Detention and Deportation Defense Initiative ("DDDI" or the "Initiative") consists of attorneys from LSNJ, American Friends Service Committee ("AFSC"), and the law schools of Seton Hall University and Rutgers University.[2] Although the Initiative has been and remains successful in securing relief for New Jerseyans, and keeping New Jersey families together,[3] it faces roadblocks to representation as most non-citizens detained in New Jersey are transferred out of State.[4]

As far as LSNJ is aware, non-citizens apprehended in New Jersey are primarily detained at two facilities. EDC, located at 625 Evans Street in Elizabeth, NJ, is the only jail in New Jersey that currently houses immigrant detainees on behalf of ICE. ICE contracts with CoreCivic to detain individuals in immigration custody at EDC. CoreCivic operates EDC and rents the building from Elberon Development Group. CoreCivic and ICE extended the contract to detain immigrants at EDC in 2021. Moshannon, located at 555 FEO Drive, Phillipsburg, PA 16866, is also a CoreCivic facility contracted by ICE to detain non-citizens.

To continue effectuating the State of New Jersey's intention to provide near-universal representation to New Jerseyans detained by ICE, and to serve the public interest in providing representation and keeping families together, the DDDI providers require updated information from ICE about non-citizens in detention. LSNJ also seeks the information so that they can inform the New Jersey public and stakeholders about the status of detention of New Jerseyans by ICE.

## II.    Definitions

For purposes of this request, the term "ICE" means Immigration and Customs Enforcement, and any components, subcomponents, offices, or personnel therein.

For purposes of this request, the term "DHS" means Department of Homeland Security, and any components, subcomponents, offices, or personnel therein.

For purposes of this request, the term "EDC" means Elizabeth Contract Detention Facility, and any components, subcomponents, offices, or personnel therein.

---

[1] *See* New Jersey Coalition for Immigrant Representation, *Legal Representation Keeps Families Together and Strengthens Public Health: Findings from New Jersey's Detention and Deportation Defense Initiative Year 1*, at 1,  https://afsc.org/sites/default/files/documents/DDDI%20Report%207.29.2020.pdf.
[2] *Id.* At 5.
[3] *See generally id.*
[4] *See* Giulia McDonnell Nieto Del Rio, *Detention Transfers Separate Immigrants from Legal Representation* (Jul. 6, 2022), https://documentedny.com/2022/07/06/ice-immigration-legal-transfers/.

2

For purposes of this request, "third-party contractor" means any entity that provides services or personnel to immigration detention facilities.

For purposes of this request, the term "immigration detention facility" has the same scope used in 6 C.F.R. § 115.5.

For purposes of this request, "a person in detention" means any person held or detained in an immigration detention facility or holding facility for any length of time, including but not limited to a person held for less than 24-hours prior to transfer to another facility.

For purposes of this request, "communications" means any transmittal of information from one person or entity to another by any means, including letters, correspondence, notes, memoranda, records, reports, papers, facsimiles, electronic mail (whether to, from, copied or blind copied), electronic mail generated from a hand held personal device including a Blackberry or iPhone, instant messaging, electronic mail generated from business or personal email accounts, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings including Web-X, Zoom, and Teams, and any other meeting software and share point servers, and oral contact such as face-to-face discussions or meetings, telephone conversations, and voicemail messages.

For purposes of this request, the term "documents" has the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and description and every tangible thing that is or has been in the possession, custody, or control of the federal agency or agencies that are the subject of this request and their employees, to which they have access, or of which they have knowledge, including, but not limited to, educational materials provided to people detained or posted so as to be accessible to people detained; contracts; newspaper articles; magazine articles; correspondence; letters; files; electronic mail; memoranda; stenographic notes; handwritten notes; drafts; studies; publications; books; pamphlets; catalogs; purchase orders; receipts; advertisements; direct mail solicitations; point-of-sale and point-of-purchase materials; notebooks; diaries; models; devices; photographs; films; audiotapes; videotapes; computer records; voice recordings; maps; reports; surveys; minutes; data compilations; and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device).

For purposes of this Request, "records" are collectively defined to include, but are not limited to: text communications between phones or other electronic devices (including, but not limited to, communications sent via SMS or other text, Blackberry Messenger, iMessage, WhatsApp, Signal, Gchat, Teams, or Twitter direct message); e-mails; images, video, and audio recorded on cell phones or on any other devices; voicemail messages; social-media posts; contracts or agreements; minutes or notes of meetings and phone calls; and memoranda of understanding.

For purposes of this Request, "policies" are collectively defined as legal and policy memoranda; instructions; directives; guidance documents; formal and informal presentations; training documents;

bulletins; alerts; updates; advisories; reports; procedures (including standard operating procedures); risk assessment tools; mass communication with staff; rules; and standards.

## III.    Records Requested

LSNJ requests the following documents and records, dated January 1, 2022 to the present unless otherwise indicated below, in the custody or control of ICE that are the subject of this request:

1. All documents and communications referencing the number of people whom ICE has, from January 2022 to the present:

   a. Taken into custody in New Jersey and detained at EDC;

   b. Taken into custody in New Jersey;

   c. Transferred from New Jersey to an out-of-state detention facility, including:[1]

      i. the location where people were booked into detention;

      ii. the location to which people have been transferred;

      iii. when they were booked into detention;

      iv. when they were booked out of detention;

      v. the reason for release ("Detention Release Reason");

      vi. if they were granted bond;

      vii. country of origin;

      viii. identified gender of the individual;

      ix. whether they have been charged or convicted of a crime ("Detention Book In Criminality");

---

[1] The types of information requested are modeled after electronic spreadsheet data produced by ICE to the same requester, then appearing on behalf of the American Civil Liberties Union of New Jersey ("ACLU-NJ"), on June 27, 2022 (information on file with requester). The information requested presumably reflects the information stored in ICE's Enforcement Integrated Database ("EID"), the Integrated Decision Support System ("IIDS"), and/or the Risk Classification Assessment module of ICE's Enforcement Case Tracking System. Pursuant to 5 U.S.C. § 552(f)(2)(A), LSNJ requests receiving the information in the same type of Excel format reflecting person-centric information, *i.e.*, with a row dedicated to each individual non-citizen. LSNJ is not requesting personal-identifying information such as names, alien registration numbers, or dates of birth. *Cf. ACLU Immigrants' Rts. Project v. U.S. Immigr. & Customs Enf't*, 58 F.4th 643, 648, 663 (2d Cir. 2023).

      x.   the most serious conviction and/or charge ("MSC") and date of the charge and/or conviction;

      xi.   MSC criminal charge category;

     xii.   Which agency issued the notice to appear ("NTA") to the non-citizen;

    xiii.   Whether the non-citizen was in active removal proceedings at the time of the detention;

    xiv.   Form(s) of relief sought; and

     xv.   Whether a G-28 or E-28 form by an attorney was entered into the A-file.

   d.   Non-citizens detained at Moshannon, 555 FEO Drive, Phillipsburg, PA 16866, including all of the information outlined above in 1(c).

2.   All policies, communications, documents, and records reflecting models, algorithms, procedures, or risk assessment tools used to determine at which facility to hold individuals whom ICE detains or takes into custody in New Jersey. This request does not include policies or documents concerning county facilities that have formally informed ICE that they no longer intend to detain immigrants.

3.   All policies, communications, documents, and records reflecting ICE's protocols for detention, transfer, and deportation of non-citizens in New Jersey following the pending closure of the EDC.

4.   All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the detention of non-citizens and/or the provision of medical and psychiatric care to non-citizens at Moshannon.

5.   All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the telephonic, video, or in-person production of people in detention for state court legal proceedings.

6.   All policies, communications, documents, and records reflecting ICE's policies and/or protocols for producing people in detention for in-state *and* out-of-state criminal proceedings before state courts.

7.   All policies, communications, documents, and records reflecting ICE's protocols and/or policies for providing attorneys communication with and access to people in detention.

8.   All policies, communications, documents, and records reflecting ICE's protocols for and/or policies for permitting people in detention communication with and access to third-party experts in immigration and criminal legal cases, including but not limited to medical and psychiatric interviews.

5

## IV.    Application for Expedited Processing

LSNJ requests expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(e). The requested records are urgently needed to inform the public and legal practitioners about actual or alleged government activity. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II). Specifically, the requested records pertain to ICE's current protocols and planning regarding the detention of non-citizen New Jerseyans. DDDI providers require this information to plan for how they will continue to provide effective and free legal services to detained non-citizens following the *imminent* closure of EDC, coming this summer. The information requested is limited, directly pertains to government activity, and is needed urgently.

## V.    Application for Waiver or Limitation of Fees

LSNJ requests that any fees associated with responding to its FOIA request, including but not limited to a waiver of document search, review, and duplication fees, on the grounds that disclosure of the requested records is in the public interest and because disclosure is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k). Disclosure in this case meets both tests. The statutory fee waiver provision "is to be liberally construed in favor of waivers for noncommercial requesters," and Congress added it specifically to "'prevent government agencies from using high fees to discourage certain types of requesters and requests,' particularly journalists, scholars, and *non-profit public interest groups*." *Community Legal Servs., Inc. v. U.S. Dep't of Housing & Urban Development*, 405 F. Supp. 2d 553, 555 (E.D. Pa 2005) (emphasis added) (first quoting 132 Cong. Rec. S14,270-01 (daily ed. Sept. 30, 1986) (statement of Sen. Leahy)), then quoting *Ettinger v. Fed. Bureau of Investigation*, 596 F. Supp. 867, 872 (D. Mass 1984)) (citing Senate Comm. on the Judiciary, Amending the Freedom of Information Act, S. Rep. No. 93-854, at 10-19 (1974)). LSNJ is exactly the type of institution to which Congress meant to provide a fee waiver for FOIA requests.

Moreover, disclosure pursuant to this Request is in the public interest. In recent years, the New Jersey public has shown increasing concern about the detention system and the mass detention of immigrants accused of civil immigration violations.[1] As discussed above, the information in the records requested will enable the public to understand the extent to which non-citizen New Jerseyans continue to be detained in New Jersey, and under what conditions. Moreover, the information in the records requested will enable DDDI providers to plan for continuing to provide free and effective legal representation to low-

---

[1] *See, e.g.*, Cristina Pinzon, *Community Activists Call for ICE to Release Immigrants in Detention at Bergen County Jail as Contract Ends*, TAPINTO.NET, Nov. 13, 2021, https://www.tapinto.net/towns/hackensack/sections/law-and-justice/articles/community-activists-call-for-ice-to-release-immigrants-in-detention-at-bergen-county-jail-as-contract-ends; Sophie Nieto-Munoz, *Forming a New Group, N.J.'s Immigrant Advocates Fight for Release of Migrant Detainees*, NEW JERSEY MONITOR, Sept. 27, 2021, https://newjerseymonitor.com/2021/09/27/n-j-s-immigrant-advocates-fight-for-release-of-migrant-detainees/; Mary Ann Koruth, *Immigration Activists Blockade ICE Field Office in Newark as Deportations Continue*, NORTHJERSEY.COM, July 20, 2021, https://www.northjersey.com/story/news/new-jersey/2021/07/20/immigration-activists-blockade-ice-office-newark-nj/8018621002/.

income non-citizens detained in New Jersey. The DDDI program effectuates an important state interest and significant state fiscal expenditure, and provides a vital service to New Jersey families.

Disclosure of the requested records is also not in the LSNJ's commercial interest. The LSNJ is a 501(c)(3) nonprofit organization and therefore has no commercial interest. The records requested are not sought for commercial use, and the LSNJ plans to disseminate the information disclosed as a result of this FOIA request to affiliated legal services organizations and to the public at no cost. Thus, a fee waiver would fulfill Congress's legislative intent in amending FOIA in 1986. *See Judicial Watch, Inc. v. 9 Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters." (internal quotation marks and citations omitted)).

*    *    *

In sum, because disclosure of the requested documents is in the public interest and not primarily in the commercial interest of the requester LSNJ is entitled to a total waiver of fees associated with this Request and should, in no event, be required to pay more than reasonable standard charges for document duplication. If the requested waiver is denied, please inform us if the anticipated fee will be greater than $25 before proceeding. *See* 6 C.F.R. § 5.11(e). If possible, please send the requested documents in electronic form, addressed to SWisotsky@lsnj.org. *See* 5 U.S.C. § 552(a)(3)(C).

*    *    *

Thank you for your prompt attention to this Request. We look forward to your reply to this Request within ten (10) business days, as required under 5 U.S.C. § 552(a)(6)(E)(ii) and 6 C.F.R. § 5.5(e)(4).

Please contact me at SWisotsky@lsnj.org or 908-882-2665 with any questions or concerns about the Request, or if you wish to obtain further information about any of the records requested.

If this Request is denied in whole or in part, LSNJ asks that you justify each redaction by reference to specific FOIA exemptions. The LSNJ expects the release of all segregable portions of otherwise exempt material. The LSNJ reserves the right to appeal a decision to withhold any information or deny a waiver of fees.

Please furnish the applicable records to me at SWisotsky@lsnj.org, or to the address listed above.

Respectfully,

Shira Wisotsky
(NJ Attorney ID 243172017)

7

# EXHIBIT B

| | |
|---|---|
| **From:** | ice-foia@ice.dhs.gov |
| **To:** | Shira Wisotsky |
| **Subject:** | [EXTERNAL]ICE FOIA 2023-ICFO-19521 |
| **Date:** | Wednesday, March 29, 2023 9:23:10 AM |

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

03/29/2023

Shira Wisotsky

100 Metroplex Drive at Plainfield Avenue

Edison, New Jersey 08818-1357

RE:    ICE FOIA Case Number 2023-ICFO-19521

Dear Requester:

This acknowledges receipt of your 3/29/2023, Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), for:

   -  Related to the Detention and Transfer of Non-Citizens in New Jersey and at the Elizabeth Contract Detention Facility in Elizabeth, N.J.(SEE REQUEST FOR ADDITIONAL DETAILS).

Your request was received in this office on 3/21/2023.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, ICE processes FOIA requests according to their order of receipt. Although ICE's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, ICE will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). If you're able to narrow the scope of your request please contact our office. Narrowing the scope may speed up the search process. We will make every effort to comply with your request in a timely manner.

Provisions of the FOIA allow us to recover part of the cost of complying with your request.  We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to commercial requesters.  As a commercial requester, you will be charged 10 cents per page for duplication, and for search and review time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher and

reviewer.  We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

We have queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

If you have any questions, please contact FOIA Public Liaison, Fernando Pineiro Jr. at the address above or (866) 633-1182. Additionally, you have a right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  You may contact OGIS as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Your request has been assigned reference number 2023-ICFO-19521. Please use this number in future correspondence.

Sincerely,

ICE FOIA Office
Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=www.deloitte.com%2Fabout&umid=3f704148-1cd5-48d9-81aa-71f87564f761&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-37315de0e4f4d8837a4630db8a6eadd23f94fb59 to learn more.

v.E.1

# EXHIBIT C

| | |
|---|---|
| **From:** | ICE-FOIA@ICE.DHS.GOV |
| **To:** | Shira Wisotsky |
| **Subject:** | [EXTERNAL]ICE FOIA 2023-ICFO-19521 |
| **Date:** | Wednesday, June 14, 2023 2:01:29 PM |
| **Attachments:** | 2109259-20230614125859304.zip |

---

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

06/14/2023

RE:    ICE FOIA Case Number 2023-ICFO-19521

Dear Requester:

ICE's final response to your FOIA request, 2023-ICFO-19521, for Related to the Detention and Transfer of Non-Citizens in New Jersey and at the Elizabeth Contract Detention Facility in Elizabeth, N.J.(SEE REQUEST FOR ADDITIONAL DETAILS) is attached.

Please note that the attachment may be password protected. If you are prompted to enter a password when opening the attachment and you did not receive a password it may be in your junk/spam folder.

Sincerely,

ICE FOIA Office
Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=www.deloitte.com%2fabout&umid=268d62d3-0e87-49b6-96d1-

cba7e5179e66&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-
9da5bebeb5abfaf680160efe2cd8746df39d28a6 to learn more.

v.E.1



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., NW
Washington, D.C. 20536

6/14/2023

Shira Wisotsky
Legal Services of New Jersey
100 Metroplex Drive at Plainfield Avenue
Suite 101, P.O. Box 1357
Edison, New Jersey 08818-1357

RE:    ICE FOIA Case Number 2023-ICFO-19521

Dear Requester:

This letter is the final response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated 3/29/2023.  You have requested Related to the Detention and Transfer of Non-Citizens in New Jersey and at the Elizabeth Contract Detention Facility in Elizabeth, N.J.(SEE REQUEST FOR ADDITIONAL DETAILS). ICE has considered your request under the FOIA, 5 U.S.C. § 552.

A search of the ICE Enforcement and Removal Operations (ERO) for records responsive to your request produced 41 pages that are responsive to your request.  After review of those documents, I have determined that portions of 41 pages will be withheld pursuant to Exemptions of the FOIA as described below.

FOIA Exemption 6 exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

FOIA Exemption 7(C) protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that

identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

You have a right to appeal the above withholding determination. Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.8. You may submit your appeal electronically at GILDFOIAAppeals@ice.dhs.gov or via regular mail to:

> U.S. Immigration and Customs Enforcement
> Office of the Principal Legal Advisor
> U.S. Department of Homeland Security
> 500 12th Street, S.W., Mail Stop 5900
> Washington, D.C. 20536-5900

Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Provisions of FOIA allow DHS to charge for processing fees, up to $25, unless you seek a waiver of fees. In this instance, because the cost is below the $25 minimum, there is no charge.

If you have any questions please contact FOIA Public Liaison Fernando Pineiro Jr. at (866) 633-1182 or 500 12th St., SW Stop 5009 Washington, DC 20536-5009. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Matthias Headland
Supervisory Paralegal Specialist

Enclosure(s): 41 page(s)

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., NW
Washington, D.C. 20536



6/14/2023

Shira Wisotsky
Legal Services of New Jersey
100 Metroplex Drive at Plainfield Avenue
Suite 101, P.O. Box 1357
Edison, New Jersey 08818-1357

RE:    ICE FOIA Case Number 2023-ICFO-19521

Dear Requester:

This letter is the final response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated 3/29/2023. You have requested Related to the Detention and Transfer of Non-Citizens in New Jersey and at the Elizabeth Contract Detention Facility in Elizabeth, N.J.(SEE REQUEST FOR ADDITIONAL DETAILS). ICE has considered your request under the FOIA, 5 U.S.C. § 552.

A search of the ICE Enforcement and Removal Operations (ERO) for records responsive to your request produced 41 pages that are responsive to your request. After review of those documents, I have determined that portions of 41 pages will be withheld pursuant to Exemptions of the FOIA as described below.

FOIA Exemption 6 exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

FOIA Exemption 7(C) protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that

# EXHIBIT D

| From: | Shira Wisotsky |
|---|---|
| To: | GILDFOIAAppeals@ice.dhs.gov |
| Subject: | FOIA Appeal of June 14, 2023, Non-response to ICE FOIA 2023-ICFO-19521 |
| Date: | Thursday, June 15, 2023 4:36:00 PM |
| Attachments: | 2109259-20230614125859304.zip |
| | LSNJ ICE FOIA Request - 3.21.2023.pdf |
| | FOIA Appeal_2023-ICFO-19521.pdf |
| | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

Good afternoon,

Please find attached the Legal Services of New Jersey's ("LSNJ") administrative appeal following ICE's June 14, 2023, final response to ICE FOIA 2023-ICFO-19521. Included with this email is the Administrative Appeal, Initial Request, and ICE Final Response.

I am available at the below information for any questions or concerns regarding this appeal.

Regards,

**Shira Wisotsky** | she/her
Attorney for Special Projects
Detention and Deportation Defense Initiative
**Legal Services of New Jersey**
Direct Dial: 908-882-2665
732-572-9100, ext. 8790
www.lsnj.org



The information contained in this email is attorney privileged and confidential information intended only for the use of the named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly unauthorized. If you have received this message in error, please immediately notify us by email and delete this message together with any attachments. Your cooperation is appreciated.

**From:** ICE-FOIA@ICE.DHS.GOV <noreply@securerelease.us>
**Sent:** Wednesday, June 14, 2023 1:59 PM
**To:** Shira Wisotsky <swisotsky@lsnj.org>
**Subject:** [EXTERNAL]ICE FOIA 2023-ICFO-19521

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

06/14/2023

RE:      ICE FOIA Case Number 2023-ICFO-19521

Dear Requester:

ICE's final response to your FOIA request, 2023-ICFO-19521, for Related to the Detention and Transfer of Non-Citizens in New Jersey and at the Elizabeth Contract Detention Facility in Elizabeth, N.J.(SEE REQUEST FOR ADDITIONAL DETAILS) is attached.

Please note that the attachment may be password protected. If you are prompted to enter a password when opening the attachment and you did not receive a password it may be in your junk/spam folder.

Sincerely,

ICE FOIA Office
Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=www.deloitte.com%2Fabout&umid=268d62d3-0e87-49b6-96d1-cba7e5179e66&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-9da5bebeb5abfaf680160efe2cd8746df39d28a6 to learn more.

v.E.1

**LSNJ**

**Just Justice**

# Legal Services of New Jersey

100 Metroplex Drive at Plainfield Avenue
Suite 101, P.O. Box 1357
Edison, New Jersey 08818-1357
Phone: (732) 572-9100
Fax: (732) 572-0066
**www.lsnj.org**
**www.lsnjlaw.org**

Dawn K. Miller, Esq.
**President**

Claudine M. Langrin, Esq.
**Executive Vice President**

Akil Roper, Esq.
**Senior Vice President**

Raquiba Huq, Esq.
**Senior Vice President**

Maryann Flanigan, Esq.
**Vice President**


Shira Wisotsky

June 15, 2023

**SENT VIA EMAIL:** GILDFOIAAppeals@ice.dhs.gov

U.S. Immigration and Customs Enforcement
Office of the Principal Legal Advisor
U.S. Department of Homeland Security
500 12th Street, S.W., Mail Stop 5900
Washington, D.C. 20536-5900

**Re:    Administrative Appeal of June 14, 2023, Non-response to ICE FOIA 2023-ICFO-19521**

Dear OPLA:

Legal Services of New Jersey ("LSNJ") submits this administrative appeal following U.S. Immigration and Customs Enforcement ("ICE") June 14, 2023, final response to ICE FOIA 2023-ICFO-19521 (the "Request"), submitted on March 29, 2023. LSNJ submitted the Request to gather information about the clients that we are tasked with representing. LSNJ is part of a statewide and state-funded program to provide legal services to non-citizens apprehended in New Jersey. Our clients are now primarily detained at the Elizabeth Contract Detention Facility ("EDC") in New Jersey and the Moshannon Valley Processing Center ("Moshannon") in Pennsylvania. To continue effecting the State of New Jersey's intention to provide representation to New Jerseyans, and to serve the public interest in providing representation and keeping families together, the State-funded providers require updated information from ICE. LSNJ also seeks the information so that they may inform the New Jersey public and stakeholders about the status of detention of New Jerseyans by ICE.

LSNJ appeals for four reasons:

(1) ICE failed to acknowledge or respond to the vast majority of the Request when it supplied LSNJ with only limited information in response to Item 1(c), and did not respond to Items 1(a), 1(b), 1(d), 2, 3, 4, 5, 6, 7, and 8 (*see* the Request, included with this Administrative Appeal);

(2) The limited information that ICE provided in response to Item 1(c) was both woefully deficient and not produced in the format requested (further discussed below);

(3) ICE failed to respond to LSNJ's request for a fee waiver; and

(4) ICE failed to respond to LSNJ's request to expedite the response.

The Request sought records regarding the detention and transfer of non-citizens detained in and/or residing in New Jersey and transferred elsewhere; records regarding non-citizens detained at EDC; records regarding non-citizens detained at Moshannon; and specific policies, communications, documents, and records pertaining to the treatment of non-citizens in ICE custody. LSNJ was specific in "not requesting personal-identifying information such as names, alien registration numbers, or dates of birth."

With respect to the requests for data, in asking for information pertaining to individuals transferred from New Jersey to out-of-state detention facilities, and pertaining to individuals detained at Moshannon, LSNJ sought the following: the location where people were booked into detention; the location to which people have been transferred; when they were booked into detention; when they were booked out of detention; the reason for release; if they were granted bond; country of origin; identified gender of the individual; whether they have been charged or convicted of a crime; the most serious conviction and/or charge and date of the charge and/or conviction; MSC criminal charge category; which agency issued the notice to appear ("NTA") to the non-citizen; whether the non-citizen was in active removal proceedings at the time of the detention; form(s) of relief sought; and whether a G-28 or E-28 form by an attorney was entered into the A-file.

Generally, "FOIA is premised on a policy strongly favoring public disclosure of information in the possession of federal agencies," *Knight First Amendment Institute at Columbia Univ. v. USCIS*, 30 F.4th 318, 327 (2d Cir. 2022) (internal quotation marks and citation omitted), and "FOIA requestors are entitled to a reasonable search for records." *Inter-Cooperative Exchange v. U.S. Dep't of Commerce*, 36 F.4th 905, 914 (9th Cir. 2022) (internal quotation marks and citation omitted). As explained in the Request, the types of information sought was modeled after electronic spreadsheet data *already produced* by ICE to the same requester, then appearing on behalf of the American Civil Liberties Union of New Jersey ("ACLUNJ"), on June 27, 2022 (excel available upon request). Pursuant to 5 U.S.C. § 552(f)(2)(A), LSNJ also requested receiving the information in the same type of Excel format reflecting person-centric information, *i.e.*, with a row dedicated to each individual non-citizen. *See ACLU Immigrants' Rts. Proj. v. U.S. Immigr. & Customs Enf't*, 58 F.4th 643, 648, 663 (2d Cir. 2023).

Rather than produce the records requested and in the format requested, ICE provided a pdf document with one column stating "release date" and one column stating "release type," presumably in response to Request 1(c). That is a wholly insufficient response to the ask, and does not reflect a reasonable search for records.

In sum, LSNJ asks that this FOIA request be remanded to the Agency for it to produce *all* of the records requested, and in an appropriate format. LSNJ further reiterates its request that the Agency expedite the response. As described in the initial Request, non-citizens in New Jersey are currently at a crossroads. The last ICE detention facility in the State is set to shutter this summer. Additional information about who

2

is being apprehended by ICE in New Jersey, where they are sent, and what happens following transfer is important to the work of the State-funded providers. Moreover, members of the public have a right to know how ICE is responding to their community members.

\*       \*       \*

Thank you for your prompt attention to this Administrative Appeal. We look forward to your reply to this Appeal, at least within twenty (20) business days, as required under 5 U.S.C. § 552(a)(6)(A)(i).


Respectfully,


Shira Wisotsky
(NJ Attorney ID 243172017)

3



# Legal Services of New Jersey

100 Metroplex Drive at Plainfield Avenue

Suite 101, P.O. Box 1357

Edison, New Jersey 08818-1357

Phone: (732) 572-9100

Fax: (732) 572-0066

**www.lsnj.org**

**www.lsnjlaw.org**

Dawn K. Miller, Esq.
**President**

Claudine M. Langrin, Esq.
**Executive Vice President**

Akil Roper, Esq.
**Senior Vice President**

Raquiba Huq, Esq.
**Senior Vice President**

Maryann Flanigan, Esq.
**Vice President**

Shira Wisotsky

March 21, 2023

**<u>SENT VIA EMAIL</u>**

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009
Email: ICE-FOIA@dhs.gov

> **Re:** **FOIA Request Related to the Detention and Transfer of Non-Citizens in New Jersey and at the Elizabeth Contract Detention Facility in Elizabeth, N.J. (Expedited Processing and Fee Waiver Requested)**

Dear Freedom of Information Officer:

Legal Services of New Jersey ("LSNJ")[1] submits this Freedom of Information Act ("FOIA") request (the "Request") for records regarding the detention and transfer of non-citizens detained in and/or residing in New Jersey and transferred elsewhere, and the records regarding non-citizens detained at the Elizabeth Contract Detention Facility ("EDC") in New Jersey and the Moshannon Valley Processing Center ("Moshannon") in Pennsylvania. LSNJ also seeks a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A) and 6

---

[1] Legal Services of New Jersey ("LSNJ"), a 501(c)(3) nonprofit, coordinates the statewide Legal Services system, which provides free legal assistance to low-income New Jerseyans for their civil legal problems. Through its work, LSNJ strives to secure substantive and procedural justice for those living in poverty. For over 50 years, LSNJ has worked tirelessly to protect the rights of low-income New Jersey residents in all areas of civil law—including immigration. LSNJ's Immigration Representation Project ("IRP") has been providing direct representation to detained and non-detained individuals in immigration proceedings since 1998. Since day one, the driving force behind LSNJ's immigration work has been to assist individuals who face the least amount of access to legal advice and counsel and the most vulnerabilities and hurdles in fighting for their rights.

C.F.R. § 5.11(k), and expedited processing, pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(d). The justification for the fee waiver and expedited processing are set out in detail following the Request.

## I.    Background

In 2018, New Jersey became the second State in the Union to fund a statewide program to provide free and effective legal counsel to low-income non-citizens who are detained by ICE.[1] The Detention and Deportation Defense Initiative ("DDDI" or the "Initiative") consists of attorneys from LSNJ, American Friends Service Committee ("AFSC"), and the law schools of Seton Hall University and Rutgers University.[2] Although the Initiative has been and remains successful in securing relief for New Jerseyans, and keeping New Jersey families together,[3] it faces roadblocks to representation as most non-citizens detained in New Jersey are transferred out of State.[4]

As far as LSNJ is aware, non-citizens apprehended in New Jersey are primarily detained at two facilities. EDC, located at 625 Evans Street in Elizabeth, NJ, is the only jail in New Jersey that currently houses immigrant detainees on behalf of ICE. ICE contracts with CoreCivic to detain individuals in immigration custody at EDC. CoreCivic operates EDC and rents the building from Elberon Development Group. CoreCivic and ICE extended the contract to detain immigrants at EDC in 2021. Moshannon, located at 555 FEO Drive, Phillipsburg, PA 16866, is also a CoreCivic facility contracted by ICE to detain non-citizens.

To continue effectuating the State of New Jersey's intention to provide near-universal representation to New Jerseyans detained by ICE, and to serve the public interest in providing representation and keeping families together, the DDDI providers require updated information from ICE about non-citizens in detention. LSNJ also seeks the information so that they can inform the New Jersey public and stakeholders about the status of detention of New Jerseyans by ICE.

## II.    Definitions

For purposes of this request, the term "ICE" means Immigration and Customs Enforcement, and any components, subcomponents, offices, or personnel therein.

For purposes of this request, the term "DHS" means Department of Homeland Security, and any components, subcomponents, offices, or personnel therein.

For purposes of this request, the term "EDC" means Elizabeth Contract Detention Facility, and any components, subcomponents, offices, or personnel therein.

---

[1] *See* New Jersey Coalition for Immigrant Representation, *Legal Representation Keeps Families Together and Strengthens Public Health: Findings from New Jersey's Detention and Deportation Defense Initiative Year 1*, at 1, https://afsc.org/sites/default/files/documents/DDDI%20Report%207.29.2020.pdf.

[2] *Id.* At 5.

[3] *See generally id.*

[4] *See* Giulia McDonnell Nieto Del Rio, *Detention Transfers Separate Immigrants from Legal Representation* (Jul. 6, 2022), https://documentedny.com/2022/07/06/ice-immigration-legal-transfers/.

For purposes of this request, "third-party contractor" means any entity that provides services or personnel to immigration detention facilities.

For purposes of this request, the term "immigration detention facility" has the same scope used in 6 C.F.R. § 115.5.

For purposes of this request, "a person in detention" means any person held or detained in an immigration detention facility or holding facility for any length of time, including but not limited to a person held for less than 24-hours prior to transfer to another facility.

For purposes of this request, "communications" means any transmittal of information from one person or entity to another by any means, including letters, correspondence, notes, memoranda, records, reports, papers, facsimiles, electronic mail (whether to, from, copied or blind copied), electronic mail generated from a hand held personal device including a Blackberry or iPhone, instant messaging, electronic mail generated from business or personal email accounts, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings including Web-X, Zoom, and Teams, and any other meeting software and share point servers, and oral contact such as face-to-face discussions or meetings, telephone conversations, and voicemail messages.

For purposes of this request, the term "documents" has the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and description and every tangible thing that is or has been in the possession, custody, or control of the federal agency or agencies that are the subject of this request and their employees, to which they have access, or of which they have knowledge, including, but not limited to, educational materials provided to people detained or posted so as to be accessible to people detained; contracts; newspaper articles; magazine articles; correspondence; letters; files; electronic mail; memoranda; stenographic notes; handwritten notes; drafts; studies; publications; books; pamphlets; catalogs; purchase orders; receipts; advertisements; direct mail solicitations; point-of-sale and point-of-purchase materials; notebooks; diaries; models; devices; photographs; films; audiotapes; videotapes; computer records; voice recordings; maps; reports; surveys; minutes; data compilations; and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device).

For purposes of this Request, "records" are collectively defined to include, but are not limited to: text communications between phones or other electronic devices (including, but not limited to, communications sent via SMS or other text, Blackberry Messenger, iMessage, WhatsApp, Signal, Gchat, Teams, or Twitter direct message); e-mails; images, video, and audio recorded on cell phones or on any other devices; voicemail messages; social-media posts; contracts or agreements; minutes or notes of meetings and phone calls; and memoranda of understanding.

For purposes of this Request, "policies" are collectively defined as legal and policy memoranda; instructions; directives; guidance documents; formal and informal presentations; training documents;

bulletins; alerts; updates; advisories; reports; procedures (including standard operating procedures); risk assessment tools; mass communication with staff; rules; and standards.

## III.    Records Requested

LSNJ requests the following documents and records, dated January 1, 2022 to the present unless otherwise indicated below, in the custody or control of ICE that are the subject of this request:

1. All documents and communications referencing the number of people whom ICE has, from January 2022 to the present:

   a. Taken into custody in New Jersey and detained at EDC;

   b. Taken into custody in New Jersey;

   c. Transferred from New Jersey to an out-of-state detention facility, including:[1]

      i. the location where people were booked into detention;

      ii. the location to which people have been transferred;

      iii. when they were booked into detention;

      iv. when they were booked out of detention;

      v. the reason for release ("Detention Release Reason");

      vi. if they were granted bond;

      vii. country of origin;

      viii. identified gender of the individual;

      ix. whether they have been charged or convicted of a crime ("Detention Book In Criminality");

---

[1] The types of information requested are modeled after electronic spreadsheet data produced by ICE to the same requester, then appearing on behalf of the American Civil Liberties Union of New Jersey ("ACLU-NJ"), on June 27, 2022 (information on file with requester). The information requested presumably reflects the information stored in ICE's Enforcement Integrated Database ("EID"), the Integrated Decision Support System ("IIDS"), and/or the Risk Classification Assessment module of ICE's Enforcement Case Tracking System. Pursuant to 5 U.S.C. § 552(f)(2)(A), LSNJ requests receiving the information in the same type of Excel format reflecting person-centric information, *i.e.*, with a row dedicated to each individual non-citizen. LSNJ is not requesting personal-identifying information such as names, alien registration numbers, or dates of birth. *Cf. ACLU Immigrants' Rts. Project v. U.S. Immigr. & Customs Enf't*, 58 F.4th 643, 648, 663 (2d Cir. 2023).

       x.  the most serious conviction and/or charge ("MSC") and date of the charge and/or conviction;

      xi.  MSC criminal charge category;

     xii.  Which agency issued the notice to appear ("NTA") to the non-citizen;

    xiii.  Whether the non-citizen was in active removal proceedings at the time of the detention;

    xiv.  Form(s) of relief sought; and

     xv.  Whether a G-28 or E-28 form by an attorney was entered into the A-file.

   d.  Non-citizens detained at Moshannon, 555 FEO Drive, Phillipsburg, PA 16866, including all of the information outlined above in 1(c).

2. All policies, communications, documents, and records reflecting models, algorithms, procedures, or risk assessment tools used to determine at which facility to hold individuals whom ICE detains or takes into custody in New Jersey. This request does not include policies or documents concerning county facilities that have formally informed ICE that they no longer intend to detain immigrants.

3. All policies, communications, documents, and records reflecting ICE's protocols for detention, transfer, and deportation of non-citizens in New Jersey following the pending closure of the EDC.

4. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the detention of non-citizens and/or the provision of medical and psychiatric care to non-citizens at Moshannon.

5. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the telephonic, video, or in-person production of people in detention for state court legal proceedings.

6. All policies, communications, documents, and records reflecting ICE's policies and/or protocols for producing people in detention for in-state *and* out-of-state criminal proceedings before state courts.

7. All policies, communications, documents, and records reflecting ICE's protocols and/or policies for providing attorneys communication with and access to people in detention.

8. All policies, communications, documents, and records reflecting ICE's protocols for and/or policies for permitting people in detention communication with and access to third-party experts in immigration and criminal legal cases, including but not limited to medical and psychiatric interviews.

## IV.    Application for Expedited Processing

LSNJ requests expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(e). The requested records are urgently needed to inform the public and legal practitioners about actual or alleged government activity. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II). Specifically, the requested records pertain to ICE's current protocols and planning regarding the detention of non-citizen New Jerseyans. DDDI providers require this information to plan for how they will continue to provide effective and free legal services to detained non-citizens following the *imminent* closure of EDC, coming this summer. The information requested is limited, directly pertains to government activity, and is needed urgently.

## V.    Application for Waiver or Limitation of Fees

LSNJ requests that any fees associated with responding to its FOIA request, including but not limited to a waiver of document search, review, and duplication fees, on the grounds that disclosure of the requested records is in the public interest and because disclosure is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k). Disclosure in this case meets both tests. The statutory fee waiver provision "is to be liberally construed in favor of waivers for noncommercial requesters," and Congress added it specifically to "'prevent government agencies from using high fees to discourage certain types of requesters and requests,' particularly journalists, scholars, and *non-profit public interest groups*." *Community Legal Servs., Inc. v. U.S. Dep't of Housing & Urban Development*, 405 F. Supp. 2d 553, 555 (E.D. Pa 2005) (emphasis added) (first quoting 132 Cong. Rec. S14,270-01 (daily ed. Sept. 30, 1986) (statement of Sen. Leahy)), then quoting *Ettinger v. Fed. Bureau of Investigation*, 596 F. Supp. 867, 872 (D. Mass 1984)) (citing Senate Comm. on the Judiciary, Amending the Freedom of Information Act, S. Rep. No. 93-854, at 10-19 (1974)). LSNJ is exactly the type of institution to which Congress meant to provide a fee waiver for FOIA requests.

Moreover, disclosure pursuant to this Request is in the public interest. In recent years, the New Jersey public has shown increasing concern about the detention system and the mass detention of immigrants accused of civil immigration violations.[1] As discussed above, the information in the records requested will enable the public to understand the extent to which non-citizen New Jerseyans continue to be detained in New Jersey, and under what conditions. Moreover, the information in the records requested will enable DDDI providers to plan for continuing to provide free and effective legal representation to low-

---

[1] *See*, *e.g.*, Cristina Pinzon, *Community Activists Call for ICE to Release Immigrants in Detention at Bergen County Jail as Contract Ends*, TAPINTO.NET, Nov. 13, 2021, https://www.tapinto.net/towns/hackensack/sections/law-and-justice/articles/community-activists-call-for-ice-to-release-immigrants-in-detention-at-bergen-county-jail-as-contract-ends; Sophie Nieto-Munoz, *Forming a New Group, N.J.'s Immigrant Advocates Fight for Release of Migrant Detainees*, NEW JERSEY MONITOR, Sept. 27, 2021, https://newjerseymonitor.com/2021/09/27/n-j-s-immigrant-advocates-fight-for-release-of-migrant-detainees/; Mary Ann Koruth, *Immigration Activists Blockade ICE Field Office in Newark as Deportations Continue*, NORTHJERSEY.COM, July 20, 2021, https://www.northjersey.com/story/news/new-jersey/2021/07/20/immigration-activists-blockade-ice-office-newark-nj/8018621002/.

income non-citizens detained in New Jersey. The DDDI program effectuates an important state interest and significant state fiscal expenditure, and provides a vital service to New Jersey families.

Disclosure of the requested records is also not in the LSNJ's commercial interest. The LSNJ is a 501(c)(3) nonprofit organization and therefore has no commercial interest. The records requested are not sought for commercial use, and the LSNJ plans to disseminate the information disclosed as a result of this FOIA request to affiliated legal services organizations and to the public at no cost. Thus, a fee waiver would fulfill Congress's legislative intent in amending FOIA in 1986. *See Judicial Watch, Inc. v. 9 Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters." (internal quotation marks and citations omitted)).

\*        \*        \*

In sum, because disclosure of the requested documents is in the public interest and not primarily in the commercial interest of the requester LSNJ is entitled to a total waiver of fees associated with this Request and should, in no event, be required to pay more than reasonable standard charges for document duplication. If the requested waiver is denied, please inform us if the anticipated fee will be greater than $25 before proceeding. *See* 6 C.F.R. § 5.11(e). If possible, please send the requested documents in electronic form, addressed to SWisotsky@lsnj.org. *See* 5 U.S.C. § 552(a)(3)(C).

\*        \*        \*

Thank you for your prompt attention to this Request. We look forward to your reply to this Request within ten (10) business days, as required under 5 U.S.C. § 552(a)(6)(E)(ii) and 6 C.F.R. § 5.5(e)(4).

Please contact me at SWisotsky@lsnj.org or 908-882-2665 with any questions or concerns about the Request, or if you wish to obtain further information about any of the records requested.

If this Request is denied in whole or in part, LSNJ asks that you justify each redaction by reference to specific FOIA exemptions. The LSNJ expects the release of all segregable portions of otherwise exempt material. The LSNJ reserves the right to appeal a decision to withhold any information or deny a waiver of fees.

Please furnish the applicable records to me at SWisotsky@lsnj.org, or to the address listed above.

Respectfully,

*Shira Wisotsky*

Shira Wisotsky
(NJ Attorney ID 243172017)

# EXHIBIT E

**Zoe Burke**

| | |
|---|---|
| **From:** | ICE-FOIA@ice.dhs.gov <noreply@securerelease.us> |
| **Sent:** | Friday, June 16, 2023 12:17 PM |
| **To:** | Shira Wisotsky |
| **Subject:** | [EXTERNAL]ICE FOIA 2023-ICAP-00390, 2023-ICFO-19521 |

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

06/16/2023

Shira Wisotsky
100 Metroplex Drive at Plainfield Avenue
Edison, New Jersey 08818-1357

RE:     ICE FOIA Case Number 2023-ICAP-00390, 2023-ICFO-19521

Dear Requester:

The Department of Homeland Security has received your letter appealing the adverse determination of your Freedom of Information Act/Privacy Act (FOIA/PA) request by U.S. Immigration and Customs Enforcement. Your appeal, postmarked or electronically transmitted on 6/15/2023, was received on 6/15/2023.

The Government Information Law Division acknowledges your appeal request of and is assigning it number 2023-ICAP-00390 for tracking purposes.  Please reference this number in any future communications about your appeal.

A high number of FOIA/PA requests have been received by the Department.  Accordingly, we have adopted the court-sanctioned practice of generally handling backlogged appeals on a first-in, first-out basis.   While we will make every effort to process your appeal on a timely basis, there may be some delay in resolving this matter.  Should you have any questions concerning the processing of your appeal, please contact Fernando Pineiro Jr., ICE FOIA Office/Public Liaison at (866) 633-1182 or at 500 12th St., SW Washington, DC 20536-5009.

Sincerely,

Christopher Lanks
Acting Chief
Government Information Law Division
ICE Office of the Principal Legal Advisor
U.S. Department of Homeland Security

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and

1

any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=www.deloitte.com%2fabout&umid=500da7fc-71f2-4f3b-baa4-8a8a7a762982&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-e6fe9384740b629f75be36b27898ec791c57edef to learn more.

v.E.1

**EXHIBIT F**

**Zoe Burke**

| | |
|---|---|
| **From:** | ice-foia@ice.dhs.gov <noreply@securerelease.us> |
| **Sent:** | Wednesday, July 19, 2023 8:22 AM |
| **To:** | Shira Wisotsky |
| **Subject:** | [EXTERNAL]ICE FOIA 2023-ICAP-00390 |
| **Attachments:** | 2211216-20230719072224999.zip |

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

07/19/2023

RE:      ICE FOIA Case Number 2023-ICAP-00390

Dear Requester:

ICE's final response to your FOIA request, 2023-ICAP-00390, for Appeal constructive denial  is attached.

Please note that the attachment may be password protected. If you are prompted to enter a password when opening the attachment and you did not receive a password it may be in your junk/spam folder.

Sincerely,

ICE FOIA Office
Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009


This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=www.deloitte.com%2fabout&umid=f994f952-3c2b-4fc6-accf-40485cd0ade3&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-4e448ae7736a3fdbe9045e26ec3856d34f12c34e to learn more.

v.E.1

*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536



July 18, 2023

Shira Wisotsky
Legal Services of New Jersey
100 Metroplex Drive at Plainfield Avenue
Suite 101, P.O. Box 1357
Edison, NJ 08818-1357

**RE: 2023-ICAP-00390, 2023-ICFO-19521**

Dear Ms. Wisotsky:

This is in response to your letter dated June 15, 2023, received June 15, 2023, appealing the U.S. Immigration and Customs Enforcement's (ICE) Freedom of Information Act (FOIA) Office's response to your FOIA request dated March 21, 2023, seeking records pertaining to the following:

    1. All documents and communications referencing the number of people whom ICE has, from January 2022 to the present:
        a. Taken into custody in New Jersey and detained at EDC;
        b. Taken into custody in New Jersey;
        c. Transferred from New Jersey to an out-of-state detention facility, including:
            i. the location where people were booked into detention;
            ii. the location to which people have been transferred;
            iii. when they were booked into detention;
            iv. when they were booked out of detention;
            v. the reason for release ("Detention Release Reason");
            vi. if they were granted bond;
            vii. country of origin;
            viii. identified gender of the individual;
            ix. whether they have been charged or convicted of a crime ("Detention Book In Criminality");
            x. the most serious conviction and/or charge ("MSC") and date of the charge and/or conviction;
            xi. MSC criminal charge category;
            xii. Which agency issued the notice to appear ("NTA") to the non-citizen;
            xiii. Whether the non-citizen was in active removal proceedings at the time of the detention;
            xiv. Form(s) of relief sought; and

Shira Wisotsky
Page 2

> xv. Whether a G-28 or E-28 form by an attorney was entered into the A-file.
> d. Non-citizens detained at Moshannon, 555 FEO Drive, Phillipsburg, PA 16866, including all of the information outlined above in 1(c).

> 2. All policies, communications, documents, and records reflecting models, algorithms, procedures, or risk assessment tools used to determine at which facility to hold individuals whom ICE detains or takes into custody in New Jersey. This request does not include policies or documents concerning county facilities that have formally informed ICE that they no longer intend to detain immigrants.

> 3. All policies, communications, documents, and records reflecting ICE's protocols for detention, transfer, and deportation of non-citizens in New Jersey following the pending closure of the EDC.

> 4. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the detention of non-citizens and/or the provision of medical and psychiatric care to non-citizens at Moshannon.

> 5. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the telephonic, video, or in-person production of people in detention for state court legal proceedings.

> 6. All policies, communications, documents, and records reflecting ICE's policies and/or protocols for producing people in detention for in-state and out-of-state criminal proceedings before state courts.

> 7. All policies, communications, documents, and records reflecting ICE's protocols and/or policies for providing attorneys communication with and access to people in detention.

> 8. All policies, communications, documents, and records reflecting ICE's protocols for and/or policies for permitting people in detention communication with and access to third-party experts in immigration and criminal legal cases, including but not limited to medical and psychiatric interviews.

By letter dated June 14, 2023, the ICE FOIA Office advised you that a search of records from ERO produced 41 pages of responsive documents. In your most recent correspondence, you appealed the adequacy of the search conducted by ICE.

With respect to the adequacy of ICE's search, after a complete review of the administrative record, ICE has determined that new search(es) or, modifications to the existing search(es), could be made. We are therefore remanding your appeal to the ICE FOIA Office for processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents. The ICE FOIA Office will respond directly to you.

Shira Wisotsky
Page 3

Should you have any questions regarding this appeal decision, please contact ICE at ice-foia@dhs.gov.  In the subject line of the email please include the word "appeal," your appeal number, which is **2023-ICAP-00390**, and the FOIA case number, which is **2023-ICFO-19521**.

Sincerely,

/s/ *Christopher West*

for    Christopher Lanks
       Acting Chief
       Government Information Law Division
       ICE Office of the Principal Legal Advisor
       U.S. Department of Homeland Security

cc:    The ICE FOIA Office

# EXHIBIT G

| From: | ice-foia@ice.dhs.gov |
|---|---|
| To: | Shira Wisotsky |
| Subject: | [EXTERNAL]ICE FOIA 2023-ICAP-00390 & 2023-ICFO-28848 |
| Date: | Wednesday, August 30, 2023 3:37:30 PM |
| Attachments: | 2978581-20230830143528831.zip |

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

08/30/2023

RE:    ICE FOIA Case Number 2023-ICAP-00390 & 2023-ICFO-28848

Dear Requester:

ICE's final response to your FOIA request, 2023-ICAP-00390, for Appeal constructive denial and your final response for request 2023-ICFO-28848. All documents and communications referencing the number of people whom ICE has, from January 2022 to the present:

a. Taken into custody in New Jersey and detained at EDC;

b. Taken into custody in New Jersey;

c. Transferred from New Jersey to an out-of-state detention facility, including:

i. the location where people were booked into detention;

ii. the location to which people have been transferred;

iii. when they were booked into detention;

iv. when they were booked out of detention;

v. the reason for release ("Detention Release Reason");

vi. if they were granted bond;

vii. country of origin;

viii. identified gender of the individual;

ix. whether they have been charged or convicted of a crime ("Detention Book In Criminality");

x. the most serious conviction and/or charge ("MSC") and date of the charge and/or conviction;

xi. MSC criminal charge category;

xii. Which agency issued the notice to appear ("NTA") to the non-citizen;

xiii. Whether the non-citizen was in active removal proceedings at the time of the detention;

xiv. Form(s) of relief sought; and

xv. Whether a G-28 or E-28 form by an attorney was entered into the A-file.

d. Non-citizens detained at Moshannon, 555 FEO Drive, Phillipsburg, PA 16866, including all of the information outlined above in 1(c).

2. All policies, communications, documents, and records reflecting models, algorithms, procedures, or risk assessment tools used to determine at which facility to hold individuals whom ICE detains or takes into custody in New Jersey. This request does not include policies or documents concerning

county facilities that have formally informed ICE that they no longer intend to detain immigrants.

3. All policies, communications, documents, and records reflecting ICE's protocols for detention, transfer, and deportation of non-citizens in New Jersey following the pending closure of the EDC.

4. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the detention of non-citizens and/or the provision of medical and psychiatric care to non-citizens at Moshannon.

5. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the telephonic, video, or in-person production of people in detention for state court legal proceedings.

6. All policies, communications, documents, and records reflecting ICE's policies and/or protocols for producing people in detention for in-state and out-of-state criminal proceedings before state courts.

7. All policies, communications, documents, and records reflecting ICE's protocols and/or policies for providing attorneys communication with and access to people in detention.

8. All policies, communications, documents, and records reflecting ICE's protocols for and/or policies for permitting people in detention communication with and access to third-party experts in immigration and criminal legal cases, including but not limited to medical and psychiatric interviews. is attached.

Please note that the attachment may be password protected. If you are prompted to enter a password when opening the attachment and you did not receive a password it may be in your junk/spam folder.

Sincerely,

ICE FOIA Office
Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=www.deloitte.com%2fabout&umid=198516b6-c6cc-4860-916f-2b25e20d8f87&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-128eec029530cceadc917652191568115438147c to learn more.

v.E.1

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., NW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

08/30/2023

Shira Wisotsky
100 Metroplex Drive at Plainfield Avenue, Suite 101
P.O. Box 1357
Edison, New Jersey 08818-1357

RE:    ICE FOIA Case Number 2023-ICAP-00390 & 2023-ICFO-28848

Dear Requester:

This letter is the final response to your Freedom of Information Act (FOIA) Appeal on remand.
You had appealed an adverse determination of your request dated 6/15/2023. You have requested
Appeal constructive denial. Additionally, this response is the final response for your request
2023-ICFO-28848.  All documents and communications referencing the number of people whom
ICE has, from January 2022 to the present:
a. Taken into custody in New Jersey and detained at EDC;
b. Taken into custody in New Jersey;
c. Transferred from New Jersey to an out-of-state detention facility, including:
i. the location where people were booked into detention;
ii. the location to which people have been transferred;
iii. when they were booked into detention;
iv. when they were booked out of detention;
v. the reason for release ("Detention Release Reason");
vi. if they were granted bond;
vii. country of origin;
viii. identified gender of the individual;
ix. whether they have been charged or convicted of a crime ("Detention Book In Criminality");
x. the most serious conviction and/or charge ("MSC") and date of the charge and/or conviction;
xi. MSC criminal charge category;
xii. Which agency issued the notice to appear ("NTA") to the non-citizen;
xiii. Whether the non-citizen was in active removal proceedings at the time of the detention;
xiv. Form(s) of relief sought; and
xv. Whether a G-28 or E-28 form by an attorney was entered into the A-file.
d. Non-citizens detained at Moshannon, 555 FEO Drive, Phillipsburg, PA 16866, including all of
the information outlined above in 1(c).
2. All policies, communications, documents, and records reflecting models, algorithms,
procedures, or risk assessment tools used to determine at which facility to hold individuals whom

ICE detains or takes into custody in New Jersey. This request does not include policies or documents concerning county facilities that have formally informed ICE that they no longer intend to detain immigrants.

3. All policies, communications, documents, and records reflecting ICE's protocols for detention, transfer, and deportation of non-citizens in New Jersey following the pending closure of the EDC.

4. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the detention of non-citizens and/or the provision of medical and psychiatric care to non-citizens at Moshannon.

5. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the telephonic, video, or in-person production of people in detention for state court legal proceedings.

6. All policies, communications, documents, and records reflecting ICE's policies and/or protocols for producing people in detention for in-state and out-of-state criminal proceedings before state courts.

7. All policies, communications, documents, and records reflecting ICE's protocols and/or policies for providing attorneys communication with and access to people in detention.

8. All policies, communications, documents, and records reflecting ICE's protocols for and/or policies for permitting people in detention communication with and access to third-party experts in immigration and criminal legal cases, including but not limited to medical and psychiatric interviews..

We have considered your request under the both the FOIA, 5 U.S.C. § 552, and the Privacy Act Privacy Act, 5 U.S.C. § 552a. After review of the documents, I have determined that portions of documents will be withheld pursuant to Exemption (b)(6), (b)(7)(c) and (b)(7)(e) of the FOIA as described below.

FOIA Exemption 6 exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right privacy. The types of documents and/or information that we have withheld may consist of social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

FOIA Exemption 7(C) protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have

determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

Exemption 7(E) protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I determined that disclosure of law enforcement systems checks could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions please contact FOIA Public Liaison Fernando Pineiro Jr. at (866) 633-1182 or 500 12th St., SW Stop 5009 Washington, DC 20536-5009.

Sincerely,

Christina S. Martinez
Paralegal Specialist

# EXHIBIT H

| | |
|---|---|
| **From:** | Shira Wisotsky |
| **To:** | ICE-FOIA@dhs.gov |
| **Subject:** | FOIA Request from LSNJ to ICE (June 1, 2023- 1 (policy)) |
| **Date:** | Thursday, June 1, 2023 1:16:00 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | June 2023 ICE FOIA_POLICY.pdf |

Good afternoon,

Please find attached the Legal Services of New Jersey's FOIA Request related to policies pertaining to the detention and transfer of non-citizens in New Jersey and at the Elizabeth Contract Detention Facility and the Moshannon Valley Processing Center. Accompanying the FOIA request are requests for expedited processing and a fee waiver.

I can be reached at the information below with any questions or concerns.

Kind regards,
Shira Wisotsky

**Shira Wisotsky** | she/her
Attorney for Special Projects
Detention and Deportation Defense Initiative
**Legal Services of New Jersey**
Direct Dial: 908-882-2665
732-572-9100, ext. 8790
www.lsnj.org



The information contained in this email is attorney privileged and confidential information intended only for the use of the named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly unauthorized. If you have received this message in error, please immediately notify us by email and delete this message together with any attachments. Your cooperation is appreciated.

**Legal Services of New Jersey**
100 Metroplex Drive at Plainfield Avenue
Suite 101, P.O. Box 1357
Edison, New Jersey 08818-1357
Phone: (732) 572-9100
Fax: (732) 572-0066
**www.lsnj.org**
**www.lsnjlaw.org**

Dawn K. Miller, Esq.
**President**

Claudine M. Langrin, Esq.
**Executive Vice President**

Akil Roper, Esq.
**Senior Vice President**

Raquiba Huq, Esq.
**Senior Vice President**

Maryann Flanigan, Esq.
**Vice President**


Shira Wisotsky

June 1, 2023

**SENT VIA EMAIL:** ICE-FOIA@dhs.gov

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

> Re:    **FOIA Request Related to the Detention and Transfer of Non-Citizens in New Jersey and at the Elizabeth Contract Detention Facility in Elizabeth, N.J. and Moshannon Valley Processing Center in Philippsburg, PA (Expedited Processing and Fee Waiver Requested)**

Dear Freedom of Information Officer:

Legal Services of New Jersey ("LSNJ")[1] submits this Freedom of Information Act ("FOIA") request (the "Request") for records regarding the detention and transfer of non-citizens detained in and/or residing in New Jersey and transferred elsewhere, and the records regarding non-citizens detained at the Elizabeth Contract Detention Facility ("EDC") in New Jersey and the Moshannon Valley Processing Center ("Moshannon") in Pennsylvania. LSNJ also seeks a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A) and 6

---

[1] Legal Services of New Jersey ("LSNJ"), a 501(c)(3) nonprofit, coordinates the statewide Legal Services system, which provides free legal assistance to low-income New Jerseyans for their civil legal problems. Through its work, LSNJ strives to secure substantive and procedural justice for those living in poverty. For over 50 years, LSNJ has worked tirelessly to protect the rights of low-income New Jersey residents in all areas of civil law—including immigration. LSNJ's Immigration Representation Project ("IRP") has been providing direct representation to detained and non-detained individuals in immigration proceedings since 1998. Since day one, the driving force behind LSNJ's immigration work has been to assist individuals who face the least amount of access to legal advice and counsel and the most vulnerabilities and hurdles in fighting for their rights.

C.F.R. § 5.11(k), and expedited processing, pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(d). The justification for the fee waiver and expedited processing are set out in detail following the Request.

We ask that you please direct this request to all appropriate offices and components and/or departments within the U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"), per 6 CFR § 5.3(a)(2), including but not limited to the following: Office of the Director and Deputy Director; Office of Policy; Office of Legislative Affairs; Office of Intergovernmental Affairs; and Office of General Counsel; and the following offices within ICE: Office of the Director and Deputy Director; Office of Detention Policy and Planning; Detention and Removal Operations; State and Local Coordination; Office of Detention Oversight; Congressional Relations; Office of Acquisitions Management; Enforcement and Removal Operations; Office of Detention Management, Enforcement and Removal Operations; Office of Asset and Facilities Management, and Office of the Principal Legal Advisor.

## I.    Background

In 2018, New Jersey became the second State in the Union to fund a statewide program to provide free and effective legal counsel to low-income non-citizens who are detained by ICE.[1] The Detention and Deportation Defense Initiative ("DDDI" or the "Initiative") consists of attorneys from LSNJ, American Friends Service Committee ("AFSC"), and the law schools of Seton Hall University and Rutgers University.[2] Although the Initiative has been and remains successful in securing relief for New Jerseyans, and keeping New Jersey families together,[3] it faces roadblocks to representation as most non-citizens detained in New Jersey are now transferred out of State.[4]

As far as LSNJ is aware, non-citizens apprehended in New Jersey are primarily detained at two facilities. EDC, located at 625 Evans Street in Elizabeth, NJ, is the only jail in New Jersey that currently houses immigrant detainees on behalf of ICE. ICE contracts with CoreCivic to detain individuals in immigration custody at EDC. CoreCivic operates EDC and rents the building from Elberon Development Group. CoreCivic and ICE extended the contract to detain immigrants at EDC in 2021. Moshannon, located at 555 FEO Drive, Phillipsburg, PA 16866, is also a CoreCivic facility contracted by ICE to detain non-citizens.

To continue effectuating the State of New Jersey's intention to provide representation to New Jerseyans detained by ICE, and to serve the public interests in providing representation and keeping families together, the DDDI providers require updated information from ICE about non-citizens in detention. LSNJ also seeks the information so that they can inform the New Jersey public and stakeholders about the status of detention of New Jerseyans by ICE and how New Jerseyans are impacted while they are in ICE custody.

---

[1] *See* New Jersey Coalition for Immigrant Representation, *Legal Representation Keeps Families Together and Strengthens Public Health: Findings from New Jersey's Detention and Deportation Defense Initiative Year 1*, at 1, https://afsc.org/sites/default/files/documents/DDDI%20Report%207.29.2020.pdf.

[2] *Id.* At 5.

[3] *See generally id.*

[4] *See* Giulia McDonnell Nieto Del Rio, *Detention Transfers Separate Immigrants from Legal Representation* (Jul. 6, 2022), https://documentedny.com/2022/07/06/ice-immigration-legal-transfers/.

## II.    Definitions

For purposes of this request, the term "ICE" means Immigration and Customs Enforcement, and any components, subcomponents, offices, or personnel therein.

For purposes of this request, the term "DHS" means Department of Homeland Security, and any components, subcomponents, offices, or personnel therein.

For purposes of this request, the term "EDC" means the Elizabeth Contract Detention Facility, and any components, subcomponents, offices, or personnel therein.

For purposes of this request the term "Moshannon" means the Moshannon Valley Processing Center, and any components, subcomponents, offices, or personnel therein.

For purposes of this request, "third-party contractor" means any entity that provides services or personnel to immigration detention facilities.

For purposes of this request, the term "immigration detention facility" has the same scope used in 6 C.F.R. § 115.5.

For purposes of this request, "a person in detention" means any person held or detained in an immigration detention facility or holding facility for any length of time, including but not limited to a person held for less than 24-hours prior to transfer to another facility.

For purposes of this request, "communications" means any transmittal of information from one person or entity to another by any means, including letters, correspondence, notes, memoranda, records, reports, papers, facsimiles, electronic mail (whether to, from, copied or blind copied), electronic mail generated from a hand held personal device including a Blackberry or iPhone, instant messaging, electronic mail generated from business or personal email accounts, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings including Web-X, Zoom, and Teams, and any other meeting software and share point servers, and oral contact such as face-to-face discussions or meetings, telephone conversations, and voicemail messages.

For purposes of this request, the term "documents" has the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and description and every tangible thing that is or has been in the possession, custody, or control of the federal agency or agencies that are the subject of this request and their employees, to which they have access, or of which they have knowledge, including, but not limited to, educational materials provided to people detained or posted so as to be accessible to people detained; contracts; newspaper articles; magazine articles; correspondence; letters; files; electronic mail; memoranda; stenographic notes; handwritten notes; drafts; studies; publications; books; pamphlets; catalogs; purchase orders; receipts; advertisements; direct mail solicitations; point-of-sale and point-of-purchase materials; notebooks; diaries; models; devices; photographs; films; audiotapes; videotapes; computer records; voice recordings; maps; reports; surveys; minutes; data compilations; and statistical compilations, regardless of whether a particular DOCUMENT is

3

privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device).

For purposes of this Request, "records" are collectively defined to include, but are not limited to: text communications between phones or other electronic devices (including, but not limited to, communications sent via SMS or other text, Blackberry Messenger, iMessage, WhatsApp, Signal, Gchat, Teams, or Twitter direct message); e-mails; images, video, and audio recorded on cell phones or on any other devices; voicemail messages; social-media posts; contracts or agreements; minutes or notes of meetings and phone calls; and memoranda of understanding.

For purposes of this Request, "policies" are collectively defined as legal and policy memoranda; instructions; directives; guidance documents; formal and informal presentations; training documents; bulletins; alerts; updates; advisories; reports; procedures (including standard operating procedures); risk assessment tools; mass communication with staff; rules; and standards.

For the purposes of this request a court production includes making a non-citizen available to a court by any means, including in-person, video, telephonic, or by other means.

## III.    Records Requested

LSNJ requests the following documents and records, dated June 1, 2022 to the present unless otherwise indicated below, in the custody or control of ICE that are the subject of this request:

1. The number of people detained at EDC on the first of each month until the date this request is filled.

2. All communications records to and from the ICE Newark Field Office Director mentioning the word "transfer" from the beginning of FY 2021 until the date this request is filled.

3. ICE Newark Field Office Standard Operating Procedures that have been and are in effect.

4. ICE Philadelphia Field Office Standard Operating Procedures that have been and are in effect.

5. All policies and contracts that pertain to the production of people in detention for state and federal court legal proceedings.

6. All policies, communications, documents and records pertaining to requests to produce non-citizens detained at Moshannon for out-of-state court appearances.

7. All policies, communications, documents and records pertaining to requests to produce non-citizens detained at Moshannon for in-state court appearances.

8. All communications between employees of ICE, DHS, and/or private entities whose staff members place of work is Moshannon and any employee of the State of New Jersey Judiciary, including the Administrative Office of the Courts, regarding the production of defendants in criminal and/or municipal proceedings.

4

9. All communications between employees of ICE, DHS, and/or private entities whose staff members place of work is Moshannon and any employee of the State of New Jersey Office of the Public Defender regarding the production of defendants in criminal and/or municipal proceedings.

10. All records reflecting the transportation of detainees at Moshannon to locations within the State of New Jersey, including but not limited to payment records.

11. All records reflecting the transportation of detainees in New Jersey to Moshannon, including but not limited to payment records.

12. All policies, communications, documents, and records reflecting ICE's protocols and/or policies for providing attorneys communication with and access to people in detention.

13. All policies, communications, documents, and records reflecting the hardware technology available to detainees at Moshannon, including but not limited to the number of telephones, computer stations, tablets, or other means of communication currently available to detainees.

14. All policies, communications, documents, and records reflecting the communication software technology available to detainees at Moshannon, including but not limited to Zoom licenses, Microsoft Teams applications, and WebEx availability.

15. All policies, communications, documents, and records reflecting the communication software technology available to public or private staff who work at Moshannon, including but not limited to Zoom licenses, Microsoft Teams applications, and WebEx availability.

16. All records and communications reflecting the allocation of funds for purchasing communication software for detainee use at Moshannon.

17. All records and communications reflecting the allocation of funds for purchasing communication hardware for detainee use at Moshannon.

18. All records reflecting the number of individuals detained at Moshannon who are prescribed daily and/or as-needed psychotropic medication.

19. All policies, communications, documents, and records reflecting ICE policy on the treatment, detention, and housing prescribed for detainees diagnosed with mental health and/or psychiatric conditions.

20. All policies, communications, documents, and records reflecting the use of solitary confinement and/or administrative segregation at Moshannon, including but not limited to the number of individuals subject to those housing conditions on a daily, weekly, and/or monthly basis.

21. All policies, communications, documents, and records reflecting how Moshannon houses detainees diagnosed with mental health and/or psychiatric conditions.

22. All policies, communications, documents, and records reflecting the use of force by staff and/or contractors at Moshannon when interacting with detainees diagnosed with mental health and/or psychiatric conditions.

23. All policies, communications, documents, and records reflecting the use of force by staff and/or contractors at Moshannon when interacting with detainees housed in solitary confinement and/or administrative segregation.

## IV.    Application for Expedited Processing

LSNJ requests expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(e). The requested records are urgently needed to inform the public and legal practitioners about actual or alleged government activity. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II). Specifically, the requested records pertain to ICE's current protocols and planning regarding the detention of non-citizen New Jerseyans. DDDI providers require this information to plan for how they will continue to provide effective and free legal services to detained non-citizens following the *imminent* closure of EDC, coming this summer. The information requested is limited, directly pertains to government activity, and is needed urgently.

## V.    Application for Waiver or Limitation of Fees

LSNJ requests that any fees associated with responding to its FOIA request, including but not limited to a waiver of document search, review, and duplication fees, on the grounds that disclosure of the requested records is in the public interest and because disclosure is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k). Disclosure in this case meets both tests. The statutory fee waiver provision "is to be liberally construed in favor of waivers for noncommercial requesters," and Congress added it specifically to "'prevent government agencies from using high fees to discourage certain types of requesters and requests,' particularly journalists, scholars, and *non-profit public interest groups*." *Community Legal Servs., Inc. v. U.S. Dep't of Housing & Urban Development*, 405 F. Supp. 2d 553, 555 (E.D. Pa 2005) (emphasis added) (first quoting 132 Cong. Rec. S14,270-01 (daily ed. Sept. 30, 1986) (statement of Sen. Leahy)), then quoting *Ettinger v. Fed. Bureau of Investigation*, 596 F. Supp. 867, 872 (D. Mass 1984)) (citing Senate Comm. on the Judiciary, Amending the Freedom of Information Act, S. Rep. No. 93-854, at 10-19 (1974)). LSNJ is exactly the type of institution to which Congress meant to provide a fee waiver for FOIA requests.

Moreover, disclosure pursuant to this Request is in the public interest. In recent years, the New Jersey public has shown increasing concern about the detention system and the mass detention of immigrants accused of civil immigration violations.[1] As discussed above, the information in the records

---

[1] *See*, *e.g.*, Cristina Pinzon, *Community Activists Call for ICE to Release Immigrants in Detention at Bergen County Jail as Contract Ends*, TAPINTO.NET, Nov. 13, 2021, https://www.tapinto.net/towns/hackensack/sections/law-and-justice/articles/community-activists-call-for-ice-to-release-immigrants-in-detention-at-bergen-county-jail-as-contract-ends; Sophie Nieto-Munoz, *Forming a New Group, N.J.'s Immigrant Advocates Fight for Release of Migrant Detainees*, NEW JERSEY MONITOR, Sept. 27, 2021, https://newjerseymonitor.com/2021/09/27/n-j-s-immigrant-advocates-fight-for-release-of-migrant-detainees/; Mary Ann Koruth, *Immigration Activists Blockade ICE Field Office in*

requested will enable the public to understand the extent to which non-citizen New Jerseyans continue to be detained in New Jersey, and under what conditions. Moreover, the information in the records requested will enable DDDI providers to plan for continuing to provide free and effective legal representation to low-income non-citizens detained in New Jersey. The DDDI program effectuates an important state interest and significant state fiscal expenditure, and provides a vital service to New Jersey families.

Disclosure of the requested records is also not in the LSNJ's commercial interest. The LSNJ is a 501(c)(3) nonprofit organization and therefore has no commercial interest. The records requested are not sought for commercial use, and the LSNJ plans to disseminate the information disclosed as a result of this FOIA request to affiliated legal services organizations and to the public at no cost. Thus, a fee waiver would fulfill Congress's legislative intent in amending FOIA in 1986. *See Judicial Watch, Inc. v. 9 Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters." (internal quotation marks and citations omitted)).

\*    \*    \*

In sum, because disclosure of the requested documents is in the public interest and not primarily in the commercial interest of the requester LSNJ is entitled to a total waiver of fees associated with this Request and should, in no event, be required to pay more than reasonable standard charges for document duplication. If the requested waiver is denied, please inform us if the anticipated fee will be greater than $25 before proceeding. *See* 6 C.F.R. § 5.11(e). If possible, please send the requested documents in electronic form, addressed to SWisotsky@lsnj.org. *See* 5 U.S.C. § 552(a)(3)(C).

\*    \*    \*

Thank you for your prompt attention to this Request. We look forward to your reply to this Request within ten (10) business days, as required under 5 U.S.C. § 552(a)(6)(E)(ii) and 6 C.F.R. § 5.5(e)(4).

Please contact me at SWisotsky@lsnj.org or 908-882-2665 with any questions or concerns about the Request, or if you wish to obtain further information about any of the records requested.

If this Request is denied in whole or in part, LSNJ asks that you justify each redaction by reference to specific FOIA exemptions. LSNJ expects the release of all segregable portions of otherwise exempt material. LSNJ reserves the right to appeal a decision to withhold any information or deny a waiver of fees.

---

*Newark    as    Deportations    Continue*, NORTHJERSEY.COM, July 20, 2021, https://www.northjersey.com/story/news/new-jersey/2021/07/20/immigration-activists-blockade-ice-office-newark-nj/8018621002/.

Please furnish the applicable records to me at SWisotsky@lsnj.org, or to the address listed above.

Respectfully,

Shira Wisotsky
(NJ Attorney ID 243172017)

# EXHIBIT I

| | |
|---|---|
| **From:** | ice-foia@ice.dhs.gov |
| **To:** | Shira Wisotsky |
| **Subject:** | [EXTERNAL]ICE FOIA 2023-ICFO-28848 |
| **Date:** | Monday, August 21, 2023 10:09:59 AM |

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

08/21/2023

Shira Wisotsky

100 Metroplex Drive at Plainfield Avenue

Edison, New Jersey 08818-1357

RE:    ICE FOIA Case Number 2023-ICFO-28848

Dear Requester:

This acknowledges receipt of your 6/1/2023, Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), for records pertaining to the Detention and Transfer of Non-Citizens in New Jersey and at the Elizabeth Contract Detention Facility in Elizabeth, N.J. and Moshannon Valley Processing Center in Philippsburg, PA.  Your request was received in this office on 6/5/2023.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, ICE processes FOIA requests according to their order of receipt. Although ICE's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, ICE will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). If you're able to narrow the scope of your request please contact our office. Narrowing the scope may speed up the search process. We will make every effort to comply with your request in a timely manner.

Provisions of the FOIA allow us to recover part of the cost of complying with your request.  We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to commercial requesters.  As a commercial requester, you will be charged 10 cents per page for duplication, and for search and review time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher and reviewer.  We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

We have queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

If you have any questions, please contact FOIA Public Liaison, Fernando Pineiro Jr. at the address above or (866) 633-1182. Additionally, you have a right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  You may contact OGIS as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Your request has been assigned reference number 2023-ICFO-28848. Please use this number in future correspondence.

Sincerely,

ICE FOIA Office
Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=www.deloitte.com%2Fabout&umid=5284d672-308b-4254-8fde-cf643515c442&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-ed0485cccbcd347d785bb71ec13f123c367afc99 to learn more.

v.E.1

**EXHIBIT J**

**Zoe Burke**

| | |
|---|---|
| **From:** | ice-foia@ice.dhs.gov <noreply@securerelease.us> |
| **Sent:** | Monday, October 30, 2023 10:45 AM |
| **To:** | Shira Wisotsky |
| **Subject:** | [EXTERNAL]ICE FOIA 2023-ICAP-00390 |
| **Attachments:** | 6039491-20231030094527980.zip |

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

10/30/2023

RE:      ICE FOIA Case Number 2023-ICAP-00390

Dear Requester:

ICE's final response to your FOIA appeal, 2023-ICAP-00390, appealing the adverse determination of your original FOIA request for all documents and communications referencing the number of people whom ICE has, from January 2022 to the present:
a. Taken into custody in New Jersey and detained at EDC;
b. Taken into custody in New Jersey;
c. Transferred from New Jersey to an out-of-state detention facility, including:
i. the location where people were booked into detention;
ii. the location to which people have been transferred;
iii. when they were booked into detention;
iv. when they were booked out of detention;
v. the reason for release ("Detention Release Reason");
vi. if they were granted bond;
vii. country of origin;
viii. identified gender of the individual;
ix. whether they have been charged or convicted of a crime ("Detention Book In Criminality");
x. the most serious conviction and/or charge ("MSC") and date of the charge and/or conviction;
xi. MSC criminal charge category;
xii. Which agency issued the notice to appear ("NTA") to the non-citizen;
xiii. Whether the non-citizen was in active removal proceedings at the time of the detention;
xiv. Form(s) of relief sought; and
xv. Whether a G-28 or E-28 form by an attorney was entered into the A-file.
d. Non-citizens detained at Moshannon, 555 FEO Drive, Phillipsburg, PA 16866, including all of the information outlined above in 1(c).
2. All policies, communications, documents, and records reflecting models, algorithms, procedures, or risk assessment tools used to determine at which facility to hold individuals whom ICE detains or takes into custody in New Jersey. This request does not include policies or documents concerning county facilities that have formally informed ICE that they no longer intend to detain immigrants.

3. All policies, communications, documents, and records reflecting ICE's protocols for detention, transfer, and deportation of non-citizens in New Jersey following the pending closure of the EDC.

4. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the detention of non-citizens and/or the provision of medical and psychiatric care to non-citizens at Moshannon.

5. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the telephonic, video, or in-person production of people in detention for state court legal proceedings.

6. All policies, communications, documents, and records reflecting ICE's policies and/or protocols for producing people in detention for in-state and out-of-state criminal proceedings before state courts.

7. All policies, communications, documents, and records reflecting ICE's protocols and/or policies for providing attorneys communication with and access to people in detention.

8. All policies, communications, documents, and records reflecting ICE's protocols for and/or policies for permitting people in detention communication with and access to third-party experts in immigration and criminal legal cases, including but not limited to medical and psychiatric interviews. is attached.

Please note that the attachment may be password protected. If you are prompted to enter a password when opening the attachment and you did not receive a password it may be in your junk/spam folder.

Sincerely,

ICE FOIA Office
Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=www.deloitte.com%2fabout&umid=6619220d-e0d8-498a-a9e1-d157d4b437bb&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-7fb0b29a13472b85006186aa5e328fa79b9afd7c to learn more.

v.E.1



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., NW
Washington, D.C. 20536

10/30/2023

Shira Wisotsky
100 Metroplex Drive at Plainfield Ave.
Edison, NJ 08818-1357

RE:    ICE FOIA Case Number 2023-ICAP-00390

Dear Requester:

This letter is the final response to your Freedom of Information Act (FOIA) Appeal on remand. You had appealed an adverse determination of your request dated 6/15/2023.  You have requested: All documents and communications referencing the number of people whom ICE has, from January 2022 to the present:
a. Taken into custody in New Jersey and detained at EDC;
b. Taken into custody in New Jersey;
c. Transferred from New Jersey to an out-of-state detention facility, including:
i. the location where people were booked into detention;
ii. the location to which people have been transferred;
iii. when they were booked into detention;
iv. when they were booked out of detention;
v. the reason for release ("Detention Release Reason");
vi. if they were granted bond;
vii. country of origin;
viii. identified gender of the individual;
ix. whether they have been charged or convicted of a crime ("Detention Book In Criminality");
x. the most serious conviction and/or charge ("MSC") and date of the charge and/or conviction;
xi. MSC criminal charge category;
xii. Which agency issued the notice to appear ("NTA") to the non-citizen;
xiii. Whether the non-citizen was in active removal proceedings at the time of the detention;
xiv. Form(s) of relief sought; and
xv. Whether a G-28 or E-28 form by an attorney was entered into the A-file.
d. Non-citizens detained at Moshannon, 555 FEO Drive, Phillipsburg, PA 16866, including all of the information outlined above in 1(c).
2. All policies, communications, documents, and records reflecting models, algorithms, procedures, or risk assessment tools used to determine at which facility to hold individuals whom ICE detains or takes into custody in New Jersey. This request does not include policies or documents concerning county facilities that have formally informed ICE that they no longer

intend to detain immigrants.

3. All policies, communications, documents, and records reflecting ICE's protocols for detention, transfer, and deportation of non-citizens in New Jersey following the pending closure of the EDC.

4. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the detention of non-citizens and/or the provision of medical and psychiatric care to non-citizens at Moshannon.

5. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the telephonic, video, or in-person production of people in detention for state court legal proceedings.

6. All policies, communications, documents, and records reflecting ICE's policies and/or protocols for producing people in detention for in-state and out-of-state criminal proceedings before state courts.

7. All policies, communications, documents, and records reflecting ICE's protocols and/or policies for providing attorneys communication with and access to people in detention.

8. All policies, communications, documents, and records reflecting ICE's protocols for and/or policies for permitting people in detention communication with and access to third-party experts in immigration and criminal legal cases, including but not limited to medical and psychiatric interviews.

We have considered your request under the FOIA, 5 U.S.C. § 552.

An additional search was conducted by ICE ERO for responsive records, however, no additional responsive records were located.

If you have any questions, please contact FOIA Public Liaison Fernando Pineiro Jr. at (866) 633-1182 or 500 12th St., SW Stop 5009 Washington, DC 20536-5009.

Sincerely,

Matthias Headland
Supervisory Paralegal Specialist

**EXHIBIT K**

| | |
|---|---|
| **From:** | Stubbs, Ryan |
| **To:** | Shira Wisotsky; ICE-FOIA |
| **Subject:** | [EXTERNAL]RE: [EXTERNAL]ICE FOIA 2023-ICAP-00390 |
| **Date:** | Monday, October 30, 2023 11:08:09 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

Hi Shira,

Apologies for the number confusion. I believe that ICE FOIA used 2023-ICAP-00390 for all 3 underlying FOIA requests, 2023-ICFO-19521 and 2023-ICFO-28848 [data requests], and 2023-ICFO-39829 [policy request]. The data requests were sent out previously. The policy request was outstanding. This response closes out the policy request (2023-ICFO-39829).

V/r,

Ryan Stubbs
Senior Attorney
Government Information Law Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement

**From:** Shira Wisotsky <swisotsky@lsnj.org>
**Sent:** Monday, October 30, 2023 10:53 AM
**To:** ICE-FOIA <ice-foia@ice.dhs.gov>
**Cc:** Stubbs, Ryan <Ryan.Stubbs@ice.dhs.gov>
**Subject:** RE: [EXTERNAL]ICE FOIA 2023-ICAP-00390

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good morning,

Thank you for the email below. Could you please confirm whether this response is inclusive of the Agency's response to LSNJ's FOIA filed on June 1, 2023 (2023-ICFO-28848)? For reference, the FOIA request is attached again to this email.

Regards,

**Shira Wisotsky** | she/her
Attorney for Special Projects
Detention and Deportation Defense Initiative
**Legal Services of New Jersey**
Direct Dial: 908-882-2665
732-572-9100, ext. 8790
www.lsnj.org



The information contained in this email is attorney privileged and confidential information intended only for the use of the named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly unauthorized. If you have received this message in error, please immediately notify us by email and delete this message together with any attachments. Your cooperation is appreciated.

---

**From:** ice-foia@ice.dhs.gov <noreply@securerelease.us>
**Sent:** Monday, October 30, 2023 10:45 AM
**To:** Shira Wisotsky <swisotsky@lsnj.org>
**Subject:** [EXTERNAL]ICE FOIA 2023-ICAP-00390

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

10/30/2023

RE:        ICE FOIA Case Number 2023-ICAP-00390

Dear Requester:

ICE's final response to your FOIA appeal, 2023-ICAP-00390, appealing the adverse determination of your original FOIA request for all documents and communications referencing the number of people whom ICE has, from January 2022 to the present:
a. Taken into custody in New Jersey and detained at EDC;
b. Taken into custody in New Jersey;
c. Transferred from New Jersey to an out-of-state detention facility, including:
i. the location where people were booked into detention;

ii. the location to which people have been transferred;

iii. when they were booked into detention;

iv. when they were booked out of detention;

v. the reason for release ("Detention Release Reason");

vi. if they were granted bond;

vii. country of origin;

viii. identified gender of the individual;

ix. whether they have been charged or convicted of a crime ("Detention Book In Criminality");

x. the most serious conviction and/or charge ("MSC") and date of the charge and/or conviction;

xi. MSC criminal charge category;

xii. Which agency issued the notice to appear ("NTA") to the non-citizen;

xiii. Whether the non-citizen was in active removal proceedings at the time of the detention;

xiv. Form(s) of relief sought; and

xv. Whether a G-28 or E-28 form by an attorney was entered into the A-file.

d. Non-citizens detained at Moshannon, 555 FEO Drive, Phillipsburg, PA 16866, including all of the information outlined above in 1(c).

2. All policies, communications, documents, and records reflecting models, algorithms, procedures, or risk assessment tools used to determine at which facility to hold individuals whom ICE detains or takes into custody in New Jersey. This request does not include policies or documents concerning county facilities that have formally informed ICE that they no longer intend to detain immigrants.

3. All policies, communications, documents, and records reflecting ICE's protocols for detention, transfer, and deportation of non-citizens in New Jersey following the pending closure of the EDC.

4. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the detention of non-citizens and/or the provision of medical and psychiatric care to non-citizens at Moshannon.

5. All policies, communications, documents, and records in ICE custody that were prepared by CoreCivic and pertain to the telephonic, video, or in-person production of people in detention for state court legal proceedings.

6. All policies, communications, documents, and records reflecting ICE's policies and/or protocols for producing people in detention for in-state and out-of-state criminal proceedings before state courts.

7. All policies, communications, documents, and records reflecting ICE's protocols and/or policies for providing attorneys communication with and access to people in detention.

8. All policies, communications, documents, and records reflecting ICE's protocols for and/or policies for permitting people in detention communication with and access to third-party experts in immigration and criminal legal cases, including but not limited to medical and psychiatric interviews. is attached.

Please note that the attachment may be password protected. If you are prompted to enter a password when opening the attachment and you did not receive a password it may be in your junk/spam folder.

Sincerely,

ICE FOIA Office
Immigration and Customs Enforcement

Freedom of Information Act Office

500 12th Street, S.W., Stop 5009

Washington, D.C. 20536-5009

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=www.deloitte.com%2fabout&umid=6619220d-e0d8-498a-a9e1-d157d4b437bb&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-7fb0b29a13472b85006186aa5e328fa79b9afd7c to learn more.

v.E.1

# EXHIBIT L

| | |
|---|---|
| **From:** | Morgan, Philip |
| **To:** | Oleksandra Byelyakova; #MVPC Outreach |
| **Cc:** | Rebecca Hufstader |
| **Subject:** | [EXTERNAL]RE: One day writ ████████████ |
| **Date:** | Friday, May 6, 2022 10:50:07 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

Good morning,

Yes, I completely understand.

In this case, the defendant would have to attend court via video from the local jail in Union County.

I know that the logistics that are required for this are rather involved, however, GEO, the contractor that runs our facility, simply no longer has the staff or personnel resources to accomplish this. They were providing that option as a courtesy as time and staff allowed, however, the situation has changed and it is no longer feasible.

If Union County would like to proceed with these charges, then they will need to arrange transportation and physically assume custody.

Thank you.

**Philip Morgan**
SDDO – Criminal Alien Program (CAP)
Philadelphia Field Office – York, PA Sub-Office
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement

**From:** Oleksandra Byelyakova <obyelyakova@lsnj.org>
**Sent:** Friday, May 6, 2022 10:41 AM
**To:** Morgan, Philip <Philip.Morgan@ice.dhs.gov>; #MVPC Outreach <MVPCOutreach@ice.dhs.gov>
**Cc:** Rebecca Hufstader <rhufstader@lsnj.org>
**Subject:** RE: One day writ for ████████████

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click

here and follow instructions.

Good morning, SDDO Morgan.

I just wanted to bring your attention to the fact that all in-person municipal sessions remain suspended - https://www.ucnj.com/Page/municipal-court. The only way for my client to participate in his criminal proceedings is through video appearance.

Thank you,

**Oleksandra Byelyakova**
**Staff Attorney**
**Detention and Deportation Defense Initiative**
**Legal Services of New Jersey**
732-572-9100, ext. 8254
www.lsnj.org




The information contained in this email is attorney privileged and confidential information intended only for the use of the named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly unauthorized. If you have received this message in error, please immediately notify us by email and delete this message together with any attachments. Your cooperation is appreciated.

---

**From:** Morgan, Philip <Philip.Morgan@ice.dhs.gov>
**Sent:** Thursday, May 5, 2022 2:31 PM
**To:** AnaNicole Tirado <ananicole.tirado@njcourts.gov>; #MVPC Outreach <MVPCOutreach@ice.dhs.gov>
**Cc:** Oleksandra Byelyakova <obyelyakova@lsnj.org>; Darlene Peek <Darlene.Peek@njcourts.gov>
**Subject:** [EXTERNAL]RE: One day writ for ███████

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

Just to confirm, Union County will be coming to MVPC to take custody of subject and return same day?

The facility does not have the staff or resources for virtual hearings at all. The writ would entail local law enforcement physically assuming custody of the subject and returning him to ICE upon completion of local charges.

Thank you.

**Philip Morgan**
SDDO – Criminal Alien Program (CAP)
Philadelphia Field Office – York, PA Sub-Office
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement

---

**From:** AnaNicole Tirado <ananicole.tirado@njcourts.gov>
**Sent:** Thursday, May 5, 2022 2:24 PM
**To:** #MVPC Outreach <MVPCOutreach@ice.dhs.gov>
**Cc:** undefined <obyelyakova@lsnj.org>; Darlene Peek <Darlene.Peek@njcourts.gov>
**Subject:** One day writ for ███████████

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon,

The above defendant is scheduled to appear in Union City Municipal court via Video on 5/16/22 at 10am.

Please see attached one day writ.

Any questions please let me know!

Thank you,

Ana Nicole Tirado

Court Administrator

Union City Municipal Court-0910

3715 Palisade Ave

Union City, NJ 07087

(201) 348-5763

Fax (201) 348-4927

# EXHIBIT M



**From:** Joanne Passmore <jpassmore@geogroup.com>
**Sent:** Thursday, May 5, 2022 7:19 AM
**To:** Oleksandra Byelyakova <obyelyakova@lsnj.org>
**Subject:** [EXTERNAL]Re: [EXTERNAL]Re: Request for video appointment - Criminal Hearing, ███████

> **External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

Yes, I believe so. We were advised by our ICE monitors that we were doing no more video court appearances.

**From:** Oleksandra Byelyakova <obyelyakova@lsnj.org>
**Sent:** Thursday, May 5, 2022 7:15 AM
**To:** Joanne Passmore <jpassmore@geogroup.com>
**Subject:** Re: [EXTERNAL]Re: Request for video appointment - Criminal Hearing, ███████

Good morning, Ms. Passmore.

The court doesn't have in-person appearances at this time. All hearings are conducted via televideo. Is it still the same procedure to ensure his video appearance?

Thank you,
Oleksandra

On May 5, 2022, at 7:13 AM, Joanne Passmore <jpassmore@geogroup.com> wrote:

External Email: This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please DO NOT click links or attachments unless you recognize the sender and know the content is safe.

Good morning,

We have had a recent change in policy regarding court appearances.

Requests for detainees that need to appear in court for criminal charges will need to go through ICE.
You must request that the detainee be released on a WRIT and returned to MVPC once their cases are complete.

mvpcoutreach@ice.dhs.gov
_____
From: Oleksandra Byelyakova <obyelyakova@lsnj.org>
Sent: Wednesday, May 4, 2022 3:41 PM
To: Schedulemvpc <Schedulemvpc@geogroup.com>
Subject: [EXTERNAL] Request for video appointment - Criminal Hearing, █████████

Good morning!


████████ is scheduled to appear for a hearing in the Union City Municipal Court on May 16, 2022 at 10 AM via video conference


Could you please arrange his appearance? The meeting link is provided below.


Thank you,



Oleksandra Byelyakova

Staff Attorney

Detention and Deportation Defense Initiative

Legal Services of New Jersey

732-572-9100, ext. 8254

www.lsnj.org<https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=http%3a%2f%2fwww.lsnj.org&umid=3d31eef8-b680-4b6d-9d42-5036112ff90e&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-4e10b2ef4ca56b65a784ffcf35275d38c6d014c9>


[image001.png]


[image002.png]<https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=https%3a%2f%2ftwitter.com%2fLSNJ&umid=3d31eef8-b680-4b6d-9d42-5036112ff90e&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-5a8d62a105f0d6390eb60d06e1d319c115864c26>
[image003.png]<https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=https%3a%2f%2flinkedin.com%2fcompany%2flegal%2dservices%2dof%2dnew%2djersey&umid=3d31eef8-b680-4b6d-9d42-5036112ff90e&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-8aeb3ad641b4f9cf0dabc0cc30c86fd2fa2dd305>
[image004.png] <https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=https%3a%2f%2fyoutube.com%2fLegalServicesNJ&umid=3d31eef8-b680-4b6d-9d42-5036112ff90e&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-5b7c0eb29a069d636a941181f7b8557ded3a8864>
[image005.png] <https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=https%3a%2f%2fwww.instagram.com%2flegalservicesofnewjersey%2f&umid=3d31eef8-b680-4b6d-9d42-5036112ff90e&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-852289e25ffc0f58099d800e6012271a7ad45f21>
[image006.png] <https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=https%3a%2f%2ffacebook.com%2fLegalServicesOfNewJersey&umid=3d31eef8-b680-4b6d-9d42-

5036112ff90e&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-c0165fa30427d708f070692d326f32e935df7ec3>

The information contained in this email is attorney privileged and confidential information intended only for the use of the named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly unauthorized. If you have received this message in error, please immediately notify us by email and delete this message together with any attachments. Your cooperation is appreciated.


From: AnaNicole Tirado <ananicole.tirado@njcourts.gov>
Sent: Wednesday, May 4, 2022 3:11 PM
To: Oleksandra Byelyakova <obyelyakova@lsnj.org>; OTPRequest@ice.dhs.gov
Cc: Darlene Peek <Darlene.Peek@njcourts.gov>
Subject: [EXTERNAL]Hearing for ███████ - ███████


Good afternoon,


I am confirming the Video Conference for Inmate ████████ on 5/16/2022 @ 10:00am


Please see Zoom Link below any questions please let me know!


Topic: Union City Virtual Court

Time: May 16, 2022 10:00 AM Eastern Time (US and Canada)


Join Zoom Meeting

https://zoom.us/j/94807499372?pwd=bCtpcTlpZXp6RHFxc05NNFVEeDlvZz09<https://ddec1-0-en-ctp.trendmicro.com:443/wis/clicktime/v1/query?url=https%3a%2f%2fzoom.us%2fj%2f94807499372%3fpwd%3dbCtpcTlpZXp6RHFxc05NNFVEeDlvZz09&umid=3d31eef8-b680-4b6d-9d42-5036112ff90e&auth=a88b8f4e80e915b891d03b0fb68ad7eea3923d2a-8f6ac7152edc2699e04986eaab4061e5ce74d09e>


███████████████

████████


Thank you,


Ana Nicole Tirado

Court Administrator

Union City Municipal Court-0910

3715 Palisade Ave

Union City, NJ 07087

(201) 348-5763

Fax (201) 348-4927

**EXHIBIT N**



**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

Kimberly Medina, Esq.
Practitioner-in-Residence, Immigrant Rights' / International Law Clinic
Seton Hall University School of Law - Center for Social Justice
Phone: 973-642-8700
Fax: 973-642-8384

SETON HALL | LAW
*integrity loyalty engagement*

CONFIDENTIALITY NOTICE: This e-mail, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, or any action taken or omitted to be taken in reliance on this e-mail, or any attachment, is strictly prohibited.  If you have received this e-mail in error, notify the original sender by reply e-mail or by telephone at (973) 642-8700 and destroy this e-mail or document, along with any attachments.

**From:** MVPCPublicReply, <MVPCPublicReply@ice.dhs.gov>
**Sent:** Tuesday, June 28, 2022 9:27 AM
**To:** Kimberly Medina <kimberly.medina@shu.edu>; #MVPC Outreach <MVPCOutreach@ice.dhs.gov>
**Subject:** RE: Virtual Appearance for Criminal Case Hearing - █████████████████

Ma'am,

The subject will not be able to attend the proceeding virtually from MVPC.

The local police department will need to writ him out of ICE custody and return him to our custody at the conclusion.

Regards,

Philip L. Regelman
Supervisory Detention and Deportation Officer
Moshannon Valley Processing Center
Philipsburg, Pennsylvania
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement

---

**From:** Kimberly Medina <kimberly.medina@shu.edu>
**Sent:** Monday, June 27, 2022 3:34 PM
**To:** #MVPC Outreach <MVPCOutreach@ice.dhs.gov>
**Subject:** Virtual Appearance for Criminal Case Hearing - ███████████████████

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon-

██████████████████████ is currently scheduled for a hearing in his pending criminal case on July 18, 2022. Would Mr. ██████████ be able to appear for that hearing virtually from Moshannon?

Please advise.

Kimberly Medina, Esq.
Immigration Detention Fellow, Immigrant Rights' / International Law Clinic
Seton Hall University School of Law - Center for Social Justice
Phone: 973-642-8700
Fax: 973-642-8384

# SETON HALL | **LAW**
*integrity loyalty engagement*

CONFIDENTIALITY NOTICE: This e-mail, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, or any action taken or omitted to be taken in reliance on this e-mail, or any attachment, is strictly prohibited.  If you have received this e-mail in error, notify the original sender by reply e-mail or by telephone at (973) 642-8700 and destroy this e-mail or document, along with any attachments.

**WARNING:** This email originated from outside of Seton Hall University. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**EXHIBIT O**



**From:** Tracey Lumadue <tllumadue@geogroup.com>
**Sent:** Monday, October 17, 2022 4:06 PM
**To:** Whitney Viets <wviets@nscphila.org>
**Cc:** Mikaela Wolf-Sorokin <lawintern4@nscphila.org>
**Subject:** [EXTERNAL SENDER]Re: Arranging Virtual Court Appearance for ███████████, A#████████

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Requests for detainees that need to appear in court for criminal charges will need to go through ICE asking that the detainee be released on a WRIT and returned to MVPC once their cases are complete or to appear in court virtually.

Please direct your request to this email address:   mvpcoutreach@ice.dhs.gov

**From:** Whitney Viets <wviets@nscphila.org>
**Sent:** Monday, October 17, 2022 4:03 PM
**To:** Schedulemvpc <Schedulemvpc@geogroup.com>; Tracey Lumadue <tllumadue@geogroup.com>
**Cc:** Mikaela Wolf-Sorokin <lawintern4@nscphila.org>
**Subject:** [EXTERNAL] Arranging Virtual Court Appearance for ███████████, ██████

Good afternoon,

I represent Moshannon Valley detainee ███████████, ██ ███████████, in his immigration matters. I am writing because Mr. ████████ has a legal matter in Florida he is attempting to resolve, and we are hoping to coordinate his appearance via video teleconference or Zoom in the coming weeks.

For purposes of informing the Florida court, would you be able to specify how MVPC accommodates virtual court appearances for detainees? For example, if we provide a Zoom link to your facility, is there anything else we would need to do to ensure that Mr. ████████ can virtually appear before the Florida judge?

1

Thank you so much for your assistance!

Whitney Viets

# EXHIBIT P

**Maggie Kopel**



**From:** MVPCPublicReply, <MVPCPublicReply@ice.dhs.gov>
**Sent:** Thursday, October 20, 2022 12:22 PM
**To:** Whitney Viets <wviets@nscphila.org>
**Cc:** #MVPC Outreach <MVPCOutreach@ice.dhs.gov>
**Subject:** [EXTERNAL SENDER]FW: Virtual Court Appearance for ████████, A# ███████

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

All concerned,

We are unable to accommodate virtual, tele or zoom, criminal appearances from MVPC.
He will need to be taken from ICE custody by writ and returned upon the conclusion of proceedings.
The subject will need to be transported to and from MVPC, Philipsburg, Pennsylvania by an officer assigned by the court.

Regards,


Philip L. Regelman
Supervisory Detention and Deportation Officer
Moshannon Valley Processing Center
Philipsburg, Pennsylvania
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement


**From:** Whitney Viets <wviets@nscphila.org>
**Sent:** Monday, October 17, 2022 4:12 PM
**To:** #MVPC Outreach <MVPCoutreach@ice.dhs.gov>
**Cc:** Mikaela Wolf-Sorokin <lawintern4@nscphila.org>
**Subject:** Virtual Court Appearance for ████████, A# ███████

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon,

I represent Moshannon Valley detainee ███████████ , A# ███████████ , in his immigration matters. I am writing because Mr. ██████ has a legal matter in Florida he is attempting to resolve, and we are hoping to coordinate his appearance via video teleconference or Zoom in the coming weeks.

Could you please let us know what information you need from us to coordinate Mr. ████████s virtual appearance? We are planning on asking the court for, at a minimum, a Zoom link and (of course) a date and time.

Thank you so much for your assistance!

Whitney Viets

**EXHIBIT Q**

**From:**     Kimberly Medina



**From:** MVPCPublicReply, <MVPCPublicReply@ice.dhs.gov>
**Sent:** Monday, November 14, 2022 12:52 PM
**To:** Kimberly Medina <kimberly.medina@shu.edu>
**Cc:** #MVPC Outreach <MVPCOutreach@ice.dhs.gov>
**Subject:** FW: Virtual Appearance for Criminal Case Hearing

All concerned:

We cannot accommodate teleconference, zoom, teams meetings, etc. for criminal court matters. The subject must be taken from ICE custody, by Writ.

Transportation from and back to MVPC, Philipsburg, PA must be handled by your local law

enforcement.

Regards,


Philip L. Regelman
Supervisory Detention and Deportation Officer
Moshannon Valley Processing Center
Philipsburg, Pennsylvania
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement


---

**From:** Kimberly Medina <kimberly.medina@shu.edu>
**Sent:** Monday, November 14, 2022 12:45 PM
**To:** #MVPC Outreach <mvpcoutreach@ice.dhs.gov>
**Subject:** Virtual Appearance for Criminal Case Hearing

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon-

Are detainees currently able to appear virtually for hearings in criminal court?

Please advise.

Kimberly Medina, Esq.
Practitioner-in-Residence, Immigrant Rights' / International Law Clinic
Seton Hall University School of Law - Center for Social Justice
Phone: 973-642-8700
Fax: 973-642-8384


SETON HALL | **LAW**
*integrity loyalty engagement*

CONFIDENTIALITY NOTICE: This e-mail, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, or any action taken or omitted to be taken in reliance on this e-mail, or any attachment, is strictly prohibited. If you have received this e-mail in error, notify the original sender by reply e-mail or by telephone at (973) 642-8700 and destroy this e-mail or document, along with any attachments.

**WARNING:** This email originated from outside of Seton Hall University. Do not click links or open attachments

unless you recognize the sender and know the content is safe.

# EXHIBIT R

**Lilah Thompson**

| | |
|---|---|
| **From:** | Morris, Ryan <Ryan.Morris@ice.dhs.gov> |
| **Sent:** | Friday, December 16, 2022 8:28 AM |
| **To:** | Lilah Thompson |
| **Subject:** | [EXTERNAL SENDER]RE: Writ for Criminal Proceeding - ██████████████ (A████████ |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

I just tried to call you.

Can you call me on my cell

215-651-9851

Sent with BlackBerry Work
(www.blackberry.com)

**From:** Lilah Thompson <lthompson@nscphila.org>
**Date:** Friday, Dec 16, 2022 at 8:25 AM
**To:** #MVPC Outreach <MVPCoutreach@ice.dhs.gov>
**Cc:** Morris, Ryan <Ryan.Morris@ice.dhs.gov>, Maguire, James P <James.P.Maguire@ice.dhs.gov>
**Subject:** Writ for Criminal Proceeding - ██████████████ (A██████████

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good morning,

I represent ████████████████████ (A████████), currently detained at Moshannon Valley Processing Center. My G28 is attached.

The Trial Court of Massachusetts, District Court Department, issued a Writ of Habeas Corpus on November 18, 2022, ordering that Mr. ████████ be produced for his criminal trial on January 4, 2023 in Roxbury Court Division in Massachusetts. See attached.

Does ICE intend to honor this writ? If so, when and how will Mr. ████████ be transported to Massachusetts?

Please note: Mr. ████████ has an immigration court hearing on December 21, 2022, so we would appreciate a response prior to that date so we can update the Court.

Thank you,
Lilah



**Lilah R. Thompson, Esq. (***she/her/ella***)**
**Senior Staff Attorney, PA Immigrant Family Unity Project (PAIFUP)**
Nationalities Service Center
Tel.: 215.609.1531 | Fax: 267.573.3839
www.nscphila.org | www.paifup.org

*Confidentiality Notice:* *This email is from Nationalities Service Center's Legal Department and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the email or any attachments. Instead, please notify the sender and delete the email and any attachments.*

# EXHIBIT S



**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.



**From:** Joanne Passmore <jpassmore@geogroup.com>
**Sent:** Friday, February 17, 2023 8:44 AM
**To:** Priscila Abraham <PAbraham@afsc.org>
**Subject:** Re: Ricardo Tabora (A 216-651-631)

This email originated outside the organization. Use caution with links and attachments. For help

> contact the AFSC helpdesk.

Good morning,

I realize that this has already occurred, however, I wanted to let you know the procedure for these appearances in the future.  Case Managers are not authorized to schedule any virtual hearings via phone call or video conferencing.  Had you indicated the zoom was for a hearing, we would have directed you to contact our ICE officers at the facility for approval.  ICE has indicated that all hearings, other than with ICE court will be conducted by having the detainee taken out of the facility on writ to the Court and returned.  They do not want our resources used for anything other than contact between the attorney and their client.

**J. Passmore**

CASE MANAGER        *(My work schedule is Tuesday through Friday.)*

Moshannon Valley Processing Center

555 GEO Drive

Philipsburg, PA  16866

Tel: 814-768-1200  Fax: 814-342-5900

jpassmore@geogroup.com

**EXHIBIT T**



**From:** Nelsy Duran <nelsy.duran@njcourts.gov>
**Sent:** Wednesday, May 10, 2023 11:32 AM
**To:** Tia Wisor <twisor@geogroup.com>; Phoebe Lytle <PLytle@afsc.org>
**Subject:** Re: [External]Re: REQUEST FOR LEGAL PHONE CALL/█████████
█████████ PLAINFIELD MUNICIPAL COURT

> This email originated outside the organization. Use caution with links and attachments. For help contact the AFSC helpdesk.

perfect monday 5/15/23 11am. Thank you
908 753 3062 ext 2308

NELSY DURAN | VIO CLERK| BILINGUAL SPA–ENG|
PLAINFIELD MUNICIPAL COURT
325 WATCHUNG AVE
PLAINFIELD, NJ 07060
PHONE: 908 753 3062 EXT 2308
FAX: 908 753 3030
NELSY.DURAN@NJCOURTS.GOV

---

**From:** Tia Wisor <twisor@geogroup.com>
**Sent:** Wednesday, May 10, 2023 11:13 AM
**To:** Nelsy Duran <nelsy.duran@njcourts.gov>
**Subject:** Re: [External]Re: REQUEST FOR LEGAL PHONE CALL/█████████
█████ /█████████ /PLAINFIELD MUNICIPAL COURT

I have you scheduled for Monday at 11a. Please let me know what number we should call.

Thank you!

**Tia Wisor**

**Case Manager**

**From:** Nelsy Duran <nelsy.duran@njcourts.gov>
**Sent:** Wednesday, May 10, 2023 10:43 AM
**To:** Tia Wisor <twisor@geogroup.com>
**Subject:** [EXTERNAL] Re: [External]Re: REQUEST FOR LEGAL PHONE ███████████ ████████/PLAINFIELD MUNICIPAL COURT

what about monday 5/15/23 10am or 11am?

NELSY DURAN | VIO CLERK| BILINGUAL SPA–ENG|
PLAINFIELD MUNICIPAL COURT
325 WATCHUNG AVE
PLAINFIELD, NJ 07060
PHONE: 908 753 3062 EXT 2308
FAX: 908 753 3030
NELSY.DURAN@NJCOURTS.GOV

---

**From:** Tia Wisor <twisor@geogroup.com>
**Sent:** Wednesday, May 10, 2023 10:39 AM
**To:** Nelsy Duran <nelsy.duran@njcourts.gov>
**Subject:** Re: [External]Re: REQUEST FOR LEGAL PHONE CALL/██████████ ████████████ PLAINFIELD MUNICIPAL COURT

Unfortunately, I do not have that time available on 5/16. I have the following availability on Tuesday, 8a, 9a, or 2p.

**Tia Wisor**

**Case Manager**

---

**From:** Nelsy Duran <nelsy.duran@njcourts.gov>
**Sent:** Wednesday, May 10, 2023 10:33 AM
**To:** Tia Wisor <twisor@geogroup.com>
**Subject:** [EXTERNAL] Re: [External]Re: REQUEST FOR LEGAL PHONE CALL/████████████ ████████████/PLAINFIELD MUNICIPAL COURT

Understand. Can you please set a legal phone call for Mr. ██████ to speak to his attorney (public defender) May 16, 2023 11AM thank you.

NELSY DURAN | VIO CLERK| BILINGUAL SPA–ENG|
PLAINFIELD MUNICIPAL COURT
325 WATCHUNG AVE
PLAINFIELD, NJ 07060
PHONE: 908 753 3062 EXT 2308
FAX: 908 753 3030

NELSY.DURAN@NJCOURTS.GOV

---

**From:** Tia Wisor <twisor@geogroup.com>
**Sent:** Wednesday, May 10, 2023 10:31 AM
**To:** Nelsy Duran <nelsy.duran@njcourts.gov>
**Cc:** Derick Jones <derjones@geogroup.com>
**Subject:** Re: [External]Re: REQUEST FOR LEGAL PHONE CALL/███████████
████████████ /PLAINFIELD MUNICIPAL COURT

My role at the facility is to facilitate legal phone calls between residents and their attorneys.

I am not able to accommodate criminal hearings via phone/VTC. If you would like, you may request for ████ to be taken via writ from ICE custody. You will need to reach out to philadelphia.outreach@ice.dhs.gov for this request and include the information below:

Specify that the subject will be transported to and from the Moshannon Valley Processing Center in Philipsburg, PA.
Your local law enforcement must be used for transportation.
The subject must not be released on bond, nor, house arrest, etc.

Thank you,

**Tia Wisor**

**Case Manager**

---

**From:** Nelsy Duran <nelsy.duran@njcourts.gov>
**Sent:** Wednesday, May 10, 2023 8:51 AM
**To:** Tia Wisor <twisor@geogroup.com>
**Subject:** [EXTERNAL] Re: [External]Re: REQUEST FOR LEGAL PHONE CALL/███████████
████████████ /PLAINFIELD MUNICIPAL COURT

Good morning yes, it is actually both. Via phone all within the time requested (60 mins). thank you

NELSY DURAN | VIO CLERK| BILINGUAL SPA–ENG|
PLAINFIELD MUNICIPAL COURT
325 WATCHUNG AVE
PLAINFIELD, NJ 07060
PHONE: 908 753 3062 EXT 2308
FAX: 908 753 3030
NELSY.DURAN@NJCOURTS.GOV

---

**From:** Tia Wisor <twisor@geogroup.com>
**Sent:** Wednesday, May 10, 2023 8:19 AM

**To:** Nelsy Duran <nelsy.duran@njcourts.gov>
**Subject:** [External]Re: REQUEST FOR LEGAL PHONE ███████████████
███████████ /PLAINFIELD MUNICIPAL COURT

**CAUTION:** This email originated from outside the Judiciary organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Is this a legal call or a court appearance?

**Tia Wisor**

**Case Manager**

---

**From:** Nelsy Duran <nelsy.duran@njcourts.gov>
**Sent:** Tuesday, May 9, 2023 3:01 PM
**To:** Schedulemvpc <Schedulemvpc@geogroup.com>
**Cc:** PLytle@afsc.org <PLytle@afsc.org>
**Subject:** [EXTERNAL] REQUEST FOR LEGAL PHONE ███████████████
███████████ /PLAINFIELD MUNICIPAL COURT

Good afternoon, I hope this email finds you well. The court is requesting ████████████ for a legal phone call May 16, 2023 11:00 AM (60 mins) Detainee will have a chance to speak to his public defender Clarence Bauknight regarding his outstanding criminal matter for simple assault W ████████. Please let me know if this a good date and time. Thank you.



NELSY DURAN | VIO CLERK| BILINGUAL SPA–ENG|
PLAINFIELD MUNICIPAL COURT
325 WATCHUNG AVE
PLAINFIELD, NJ 07060
PHONE: 908 753 3062 EXT 2308
FAX: 908 753 3030
NELSY.DURAN@NJCOURTS.GOV

**EXHIBIT U**



**From:** Oleksandra Byelyakova
**Sent:** Friday, July 28, 2023 10:28 AM
**To:** Becky Brown <becbrown@geogroup.com>
**Subject:** RE: ███████████████████

Understood. Can I then schedule a call with ████████ for August 2, 2023, at 10 am?

Thank you,
Oleksandra

**From:** Becky Brown <becbrown@geogroup.com>
**Sent:** Friday, July 28, 2023 10:26 AM
**To:** Oleksandra Byelyakova <obyelyakova@lsnj.org>
**Subject:** [EXTERNAL]Re: ██████████████████

**External Email:** This email originated outside of the <u>Legal Services of New Jersey network (LSNJ.org)</u>. Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

Good morning,

Is this for a criminal case? Unfortunately, we cannot do video calls for criminal hearings.
If you would like, you may take the subject by writ from ICE custody.

The writ must specify that the subject will be transported to and from the Moshannon Valley Processing Center in Philipsburg, PA.
Your local law enforcement must be used for transportation.
The subject must not be released on bond, or house arrest, etc.

Please direct your request to Immigration and Customs Enforcement at this email address:
mvpcoutreach@ice.dhs.gov

Thank you,

**Becky Brown**

CASE MANAGER
**The GEO Group, Inc.**

# EXHIBIT V

| | |
|---|---|
| **From:** | Tracey Lumadue |
| **To:** | Shayna Scott; Schedulemvpc |
| **Cc:** | rreddin reddinmasrilaw.com; Pina Cirillo |
| **Subject:** | Re: Criminal Court Appearance - ████████████ |
| **Date:** | Monday, September 18, 2023 4:46:31 PM |
| **Attachments:** | Outlook-1t0gj22o.png |

We are not able to facilitate zoom calls for criminal matters due to limited capabilities and staffing.

If you would like, you may take the subject by writ from ICE custody.

The writ must specify that the subject will be transported to and from the Moshannon Valley Processing Center in Philipsburg, PA.
Your local law enforcement must be used for transportation.
The subject must not be released on bond, ror, house arrest, etc.


Please direct your request to Immigration and Customs Enforcement at this email address:  mvpcoutreach@ice.dhs.gov

**Tracey Lumadue**
CASE MANAGER   *(My work schedule is Monday through Thursday)*

Moshannon Valley Processing Center
555 GEO Drive
Philipsburg, PA  16866
Tel: 814-768-1200  Fax: 814-342-5900


schedulemvpc@geogroup.com

---

**From:** Shayna Scott <sfs105@law.rutgers.edu>
**Sent:** Monday, September 18, 2023 4:36 PM
**To:** Schedulemvpc <Schedulemvpc@geogroup.com>
**Cc:** rreddin reddinmasrilaw.com <rreddin@reddinmasrilaw.com>; Pina Cirillo <pina.cirillo@rutgers.edu>
**Subject:** [EXTERNAL] Criminal Court Appearance - ████████████████

Good afternoon,

I am an attorney at the Rutgers Immigrant Rights Clinic. We have been providing ████████ ████████████████ with assistance in his pending immigration case.

Mr. ████████████ also has a pending criminal matter in New Jersey. I have been in contact with his appointed criminal counsel, Raymond Reddin (cc'd). Attorney Reddin informed me that Mr. ████████████ is scheduled for NJ criminal court at **1:30pm**

**tomorrow, 9/19**. Is it possible for Mr. ███████████ to appear via Zoom for his court date? If not by video, is it possible to connect him by phone?

Best,
Shayna Scott

**Shayna Scott**
Detention Fellow
Detention and Deportation Defense Initiative (DDDI)
Immigrant Rights Clinic, Rutgers Law School
123 Washington Street, 4 Fl
Newark, NJ 07102

973-699-0715
shayna.scott@rutgers.edu

Zoom: https://rutgers.zoom.us/my/sfs105



CONFIDENTIAL LEGAL COMMUNICATION/WORK PRODUCT
The information in this electronic mail ("e-mail") message may contain information that is confidential and/or privileged, or may otherwise be protected by work product or other legal rules. It is solely for the use of the individual(s) or the entity (ies) originally intended.  If you received this e-mail inadvertently, please reply to the sender and delete all versions on your system. Thank you.

**EXHIBIT W**



**From:** Jennifer Barker <jbarker@lsnj.org>
**Sent:** Friday, October 06, 2023 3:12 PM
**To:** Kemp, Francis N <Francis.N.Kemp@ice.dhs.gov>; Terrell A. Ratliff, Esquire <terrell@ratliffesq.com>; Peter Crossley <pcrossley@lsnj.org>; Becky Brown <becbrown@geogroup.com>; #MVPC Outreach <MVPCOutreach@ice.dhs.gov>; Dylan Paulson <dylan.paulson@njcourts.gov>; Young, Greta L <Greta.L.Young@ice.dhs.gov>
**Subject:** Re: [EXTERNAL]Re: [EXTERNAL] Re: [External] ████████████████████

Hi Officer Kemp,

Is there any way we can do this hearing over the phone? Mr. Ratliff, would the Superior Court Judge allow her to be arraigned telephonically?

Best Regards,

Jennifer Barker

Get Outlook for iOS

**From:** Kemp, Francis N <Francis.N.Kemp@ice.dhs.gov>
**Sent:** Friday, October 6, 2023 2:56:18 PM
**To:** Jennifer Barker <jbarker@lsnj.org>; Terrell A. Ratliff, Esquire <terrell@ratliffesq.com>; Peter Crossley <pcrossley@lsnj.org>; Becky Brown <becbrown@geogroup.com>; #MVPC Outreach <MVPCOutreach@ice.dhs.gov>; Dylan Paulson <dylan.paulson@njcourts.gov>; Young, Greta L <Greta.L.Young@ice.dhs.gov>
**Subject:** [EXTERNAL]RE: [EXTERNAL]Re: [EXTERNAL] Re: [External] ████████████████

**External Email:** This email originated outside of the <u>Legal Services of New Jersey network</u> (<u>LSNJ.org</u>). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

Good afternoon,

The jurisdiction wanting your client must proffer a writ of habeas corpus ad prosequendum, detailing they will pick her up and drop her off at the conclusion of proceedings without releasing her.

Thank you.

---

**From:** Jennifer Barker <jbarker@lsnj.org>
**Sent:** Friday, October 6, 2023 2:48 PM
**To:** Terrell A. Ratliff, Esquire <terrell@ratliffesq.com>; Peter Crossley <pcrossley@lsnj.org>; Becky Brown <becbrown@geogroup.com>; #MVPC Outreach <MVPCOutreach@ice.dhs.gov>; Dylan Paulson <dylan.paulson@njcourts.gov>; Young, Greta L <Greta.L.Young@ice.dhs.gov>
**Subject:** RE: [EXTERNAL]Re: [EXTERNAL] Re: ███████████████████████████████████ ████

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good Afternoon,

I represent Ms. ████████████████████ in her immigration matter.   I am reaching out because I need to arrange to have my client appear virtually for her arraignment in Superior Court in Mercer County on 10/20/2023.

This should be a very short hearing and it's very important for her to appear with her PD Terrell Ratliff who is cc'd here.  Our understanding is that ICE will not transport her to her hearing in NJ therefore we are requesting a virtual hearing for her arraignment.

Please advise on what we need to do in order to set this up.

Best Regards,

Jennifer Barker


Jennifer Barker *(she, her)*
Assistant Supervising Attorney


Detention and Deportation Defense Initiative
Legal Services of New Jersey

100 Metroplex Dr., Suite 101
Edison, NJ  08817

(732)529-8392 Office
(732)777-7071 Fax
jbarker@lsnj.org

*Licensed to practice law in Florida, practice in New Jersey is limited to immigration only.*

www.lsnj.org
www.lsnjlaw.org

*The information contained in this e-mail is attorney-privileged and confidential and intended only for the use of the named recipient. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message is strictly unauthorized. If you have received this message in error, please immediately notify us by e-mail and delete this message together with any attachments. Your cooperation is appreciated.*

---

**From:** Jennifer Barker
**Sent:** Friday, October 06, 2023 10:55 AM
**To:** Terrell A. Ratliff, Esquire <terrell@ratliffesq.com>; Peter Crossley <pcrossley@lsnj.org>
**Subject:** FW: [EXTERNAL]Re: [EXTERNAL] Re: [External] ██████████████████████ ████

Hi Mr. Ratliff,

I have my supervisor Pete Crossley cc'd here.

Is the court saying they won't issue a writ to have her picked up and brought to NJ for her arraignment?


Jennifer

**From:** Terrell A. Ratliff, Esquire <terrell@ratliffesq.com>
**Sent:** Friday, October 06, 2023 7:21 AM
**To:** Becky Brown <becbrown@geogroup.com>
**Cc:** Dylan Paulson <dylan.paulson@njcourts.gov>; Jennifer Barker <jbarker@lsnj.org>
**Subject:** [EXTERNAL]Re: [EXTERNAL] Re: [External] ██████████████████████

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

Thank you. Jennifer has indicated that she may be able to help us out with transport. I've added her to this email chain.

On Thu, Oct 5, 2023 at 10:21 AM Becky Brown <becbrown@geogroup.com> wrote:

> Unfortunately, we cannot do hearings for Criminal Court.
>
> ICE does not permit hearings to be held via zoom unless they are family court. If a resident has an outside hearing, you may request for them to be taken via writ from ICE custody. You will need to reach out to mvpcoutreach@ice.dhs.gov for this request and include the information below:
>
> Specify that the subject will be transported to and from the Moshannon Valley Processing Center in Philipsburg, PA. Your local law enforcement must be used for transportation. The subject must not be released on bond, or, house arrest, etc.
>
> Thank you,
>
> **Becky Brown**
>
> CASE MANAGER
> **The GEO Group, Inc.**

This is for ███████s pending criminal matter in Mercer County, NJ

On Thu, Oct 5, 2023 at 10:18 AM Becky Brown <becbrown@geogroup.com> wrote:

Good morning,

What is this in reference to?

Thank you,

**Becky Brown**

CASE MANAGER
**The GEO Group, Inc.**

**CAUTION:** This email originated from outside the Judiciary organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning. Thank you for scheduling Ms. ███ for arraignment.

Arrangements can be made with Ms. Brown, Ms. ███ case manager.

--



**Terrell A. Ratliff, Esq.**
Bar ID: N.J.: 017852011 | PA: 312549

Cell: (856)210-3086
Fax: (856)206-4070
www.ratliffesq.com
Terrell@Ratliffesq.com

**New Jersey Office**
811 Church Road- Suite 105
Cherry Hill, New Jersey 08002
Phone: (856)344-3808
**Pennsylvania Office**

14640 Roosevelt Blvd.

Suite 3, #1297

3rd Floor- #376

Philadelphia, PA 19124

Phone: (267)448-3750

## THIS ELECTRONIC COMMUNICATION IS

## PRIVILEGED AND CONFIDENTIAL

E-mails from this firm normally contain confidential and privileged material and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments, and any copies thereof. Thank you.

--

**Terrell A. Ratliff, Esq.**
Bar ID: N.J.: 017852011 | PA: 312549

Cell: (856)210-3086
Fax: (856)206-4070
www.ratliffesq.com
Terrell@Ratliffesq.com

**New Jersey Office**
811 Church Road- Suite 105
Cherry Hill, New Jersey 08002
Phone: (856)344-3808
**Pennsylvania Office**
14640 Roosevelt Blvd.
Suite 3, #1297
3rd Floor- #376
Philadelphia, PA 19124
Phone: (267)448-3750

## THIS ELECTRONIC COMMUNICATION IS

**PRIVILEGED AND CONFIDENTIAL**

E-mails from this firm normally contain confidential and privileged material and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments, and any copies thereof. Thank you.

# EXHIBIT X



| MOSHANNON VALLEY PROCESSING CENTER POLICY and PROCEDURE MANUAL CHAPTER: Resident Services and Programs TITLE: Resident Access to Telephones RELATED ACA STANDARDS: 4-ALDF-5B-11, 5B-12 | **NUMBER:** 8.1.8 **SUPERSEDES:** 10/14/21; 3/22/22 **EFFECTIVE:** 8/22/2023 |
| --- | --- |

## I. POLICY

Moshannon Valley Processing Center shall permit residents to have reasonable and equitable access to telephones.

## II. STANDARDS AND PROCEDURES

### A. Resident Access to Telephones

The facility shall provide residents with reasonable and equitable access to telephones 24 hours a day, 7 days a week, limited only by the restrictions below. Residents are provided with access to public telephones. Residents with hearing and/or speech disabilities, and residents who wish to communicate with parties, who have disabilities, are afforded access to Text Telephone Devices (Teletypewriters) (TTY), or comparable equipment. Translation and interpretation services shall be provided as needed. Public telephones with volume control are also made available to residents with a hearing impairment. **(4-ALDF-5B-11)**

Residents have access to reasonably priced telephone services. Correctional agencies ensure that:

- Contracts involving telephone services for residents comply with all applicable state and federal regulations
- Contracts are based on rates and surcharges that are commensurate with those charged to the general public for like services. Any deviation from ordinary consumer rates reflects actual costs associated with the provision of services in a correctional setting
- Contracts shall also provide the broadest range of calling options including, but not limited to: international calling, calling cards, and collect telephone calls, determined by the facility administrator to be consistent with the requirements of sound detention facility management.
- Contracts for resident telephone services provide the broadest range of calling options determined by the agency administrator to be consistent with the requirements of sound correctional management. **(4-ALDF-5B-12)**

### B. Resident Notification

As described in the "General Provisions" standard, the facility shall provide telephone access rules in writing to each resident upon admittance, and also shall post these rules and telephone access hours where residents may easily see them. Updated telephone and consulate lists, along with a list of card and calling rates, shall be posted in the resident housing units.

| GEO Secure Services™ | Moshannon Valley Processing Center POLICY AND PROCEDURE MANUAL | NUMBER: 8.1.8 |
|---|---|---|

## C. Number of Telephones

To ensure sufficient access, the facility shall provide at least one telephone for resident use for every 10 residents held.

## D. Telephone Maintenance

The facility shall maintain resident telephones in proper working order. Appropriate facility staff shall inspect the telephones daily, promptly report out-of-order telephones to the repair service, and ensure that required repairs are completed quickly. Facility staff shall notify residents and the ICE/ERO free legal service providers of procedures for reporting problems with telephones.

Should at any time a VTC, telephone, or tablet experience any technical issues, the IT Manager should immediately be notified. The IT Manager can be notified internally at the appropriate extension. Should facility phones or VTC issues occur afterhours, please contact him immediately on his company issued cellular device. The number is registered in main control. Should the facility experience a facility wide outage of resident telephones or tablets, the Facility Administrator should be contacted directly.

Facility staff members are responsible for ensuring on a daily basis that telephone systems are operational and that the free telephone number list is posted. After ensuring that each phone has a dial tone, when testing equipment, the resident advisors must be able to demonstrate that an individual has the ability to make calls using the free call platform. Any identified problems must immediately be logged and reported to the appropriate staff for repair.

## E. Direct Calls and Free Calls

Even if telephone service is generally limited to collect calls, the facility shall permit the resident to make direct calls:

1. To the Executive Office for Immigration Review or local immigration court;

2. the Board of Immigration Appeals;

3. Federal and State courts where the resident is or may become involved in a legal proceeding;

4. Consular officials;

5. DHS/OIG;



| | **Moshannon Valley Processing Center** **POLICY AND PROCEDURE MANUAL** | **NUMBER: 8.1.8** |
|---|---|---|

6.  Legal representatives, to obtain legal representation, or for consultation when subject to expedited removal. (When a resident is under an expedited removal order, his/her ability to contact pro bono legal representatives shall not be restricted.);

7.  Legal service providers or organizations listed on the ICE/ERO free legal service provider list;

8.  United Nations High Commissioner for Refugees (UNHCR) (from asylum-seekers and stateless individuals);

9. Federal, state or local government offices, to obtain documents relevant to his/her immigration case;

10. Immediate family or others for residents in a personal or family emergency, or when the resident can otherwise demonstrate a compelling need (to be interpreted liberally).; or

11. ICE/OPR Joint Intake Center (JIC).

If the limitations of its existing phone system will initially preclude the facility from meeting these requirements, the Facility Administrator must report this to ICE. ICE will respond by providing some means of access, e.g., cell phones into which facility staff can preprogram authorized numbers (in the above categories) with all other numbers blocked. These phones will be maintained by on-site ICE liaison officers or local officials, and must be provided in an environment that meets privacy standards.

Staff will allow residents to make such calls as soon as possible after the request, factoring in the urgency expressed by the resident. Generally, access will be granted within eight (facility-established) waking hours of the resident's request, excluding the hours between lights-out and morning resumption of scheduled activities. The resident will always be granted access within 24 hours of his/her request.

Incidents of delays extending beyond eight (waking) hours must be documented and reported to ICE.

Indigent residents are afforded the same telephone access and privileges as other residents. The facility shall enable all residents to make calls to the ICE/ERO-provided list of free legal service providers and consulates at no charge to the resident or the receiving party.

If the facility requires residents to complete a request form to make direct or free calls, it must assist them as needed, especially for illiterate or non-English speaking residents.



| | **Moshannon Valley Processing Center** **POLICY AND PROCEDURE MANUAL** | **NUMBER: 8.1.8** |
|---|---|---|

## F. Telephone Usage Restrictions

The facility shall not restrict the number of calls a resident places to his/her legal representatives, nor limit the duration of such calls by rule or automatic cut-off, unless necessary for security purposes or to maintain orderly and fair access to telephones. If time limits are necessary for such calls, they shall be no shorter than 20 minutes, and the resident shall be allowed to continue the call if desired, at the first available opportunity.

The facility may place reasonable restrictions on the hours, frequency and duration of the other direct and/or free calls listed above, but these must not unduly limit a resident attempting to obtain legal representation.

The facility may restrict the number and duration of other types of telephone calls for the following reasons only:

1. Availability (i.e., the usage demands of other residents);

2. Orderly operation of the facility (e.g., scheduled resident movements, court schedules, meals, counts, etc.); and

3. Emergencies (e.g., escapes, escape attempts, disturbances, fires, power outages, etc.).

Telephone privileges may be suspended entirely during an emergency, but only with the authorization of the Facility Administrator or his/her designee, and only for the briefest period necessary under the circumstances.

The Facility Administrator will establish and oversee local institutional rules for the equitable allocation of telephone time. When required by resident telephone-usage demands, such measures may include, but are not limited to, reasonable limitations on the duration and the number of calls per resident, the use of predetermined time-blocks, and advance sign-up procedures. Telephone access hours shall be posted near the telephones.

## G. Telephone Privileges in Special Management Units (SMU)

Staff shall permit residents in the Special Management Unit for disciplinary reasons to make direct and/or free calls as described above, except under compelling security conditions. These conditions shall be documented.

Staff shall permit residents in the Special Management Unit for other than disciplinary reasons (e.g., protective custody, suicide risk) to have telephone access similar to residents in the general population, but in a manner consistent with the special security and safety requirements of residents in these units.



| | **Moshannon Valley Processing Center** POLICY AND PROCEDURE MANUAL | **NUMBER: 8.1.8** |
|---|---|---|

Residents and their legal counsel shall nevertheless be accommodated in order for them to be able to communicate effectively with each other. Telephone access for legal calls, courts, governments (including the DHS OIG and the DHS JIC) and embassies or consulates shall not be denied.

## H. Inter-facility Telephone Calls

Upon a resident's request, the facility shall make special arrangements permitting the resident to speak by telephone with an immediate family member detained in another facility. (Immediate family members include the resident's spouse, common-law spouse, mother, father, stepparents, foster parents, brothers and sisters, natural children, and adopted children or stepchildren.)

Reasonable limitations may be placed on the frequency and duration of such calls. The facility shall liberally grant requests for inter-facility family calls to discuss legal matters. For such calls, the resident's conversation shall be afforded privacy to the extent possible, while maintaining adequate security.

## I. Incoming Calls

A log of all incoming messages is maintained by the case managers and main control. The messages are delivered to the residents at approximately 0800, 1300, and at 1600 hours. When facility staff receives an emergency telephone call for a resident, the caller's name and telephone number will be obtained and given to the resident as soon as possible. The resident shall be permitted to return the emergency call at their own cost within the constraints of security and safety. The facility shall enable indigent residents to make a free return emergency call. Messages of attorney calls will be forwarded to the resident's case managers for delivery to the resident. Any after hour emergency calls or attorney calls will be processed through Main Control. Main Control will notify the security supervisor on duty as soon as possible. The security supervisor on duty will notify the resident and permit the resident to return the call as soon as reasonably possible within the constraints of security and safety

## J. Privacy for Telephone Calls on Legal Matters

The facility shall ensure privacy for residents' telephone calls regarding legal matters. For this purpose, the facility shall provide a reasonable number of telephones on which residents can make such calls without being overheard by resident advisors, other staff or other residents.

Facility staff shall not electronically monitor resident telephone calls on their legal matters, absent a court order.

The facility shall inform residents to contact a resident advisor if they have difficulty making a confidential call relating to a legal proceeding. If notified of such a difficulty, the resident advisors shall take measures to ensure that the call can be made confidentially.



| | **Moshannon Valley Processing Center** **POLICY AND PROCEDURE MANUAL** | **NUMBER: 8.1.8** |
|---|---|---|

Privacy may be provided in a number of ways, including:

1. Telephones with privacy panels (side partitions) that extend at least 18 inches to prevent conversations from being overheard;

2. Placing telephones where conversations may not be readily overheard by other residents or facility staff; or

3. Allowing residents to use an office telephone to make confidential calls regarding their legal proceedings.

4. Residents shall be supervised within eyeshot, but out of earshot

### K. Monitoring of Resident Telephone Calls

The facility shall have a written policy on the monitoring of resident telephone calls. If telephone calls are monitored, the facility shall include a recorded message on its phone system stating that all telephone calls are subject to monitoring; notify residents in the resident handbook or equivalent provided upon admission. It shall also place a notice at each monitored telephone stating:

1. That resident calls are subject to monitoring; and

2. The procedure for obtaining an unmonitored call to a court, legal representative, or for the purposes of obtaining legal representation.

A resident's call to a court, a legal representative, DHS OIG, DHS Civil Rights and Civil Liberties (CRCL), or for the purposes of obtaining legal representation will not be electronically monitored absent a court order. The Facility Administrator retains the discretion to have other calls monitored for security purposes.

### L. Telephone Access for Residents with Disabilities

Residents with hearing or speech disabilities shall be granted reasonable accommodations to allow for equal access to telephone services. MVPC shall provide a TTY device or Accessible Telephone (telephones equipped with volume control and telephones that are hearing-aid compatible for residents who are deaf or hard of hearing). Residents who are deaf or hard of hearing shall be provided access to the TTY on the same terms as hearing residents are provided access to telephones. Except to the extent that there are time limitations, residents using the TTY shall be granted additional time, consistent with safety and security concerns.

If an Accessible Telephone or TTY is not available in the same location as telephones used by other residents, residents shall be allotted additional time to walk to and from the Accessible Telephone or



| | | |
|---|---|---|
| **Moshannon Valley Processing Center** **POLICY AND PROCEDURE MANUAL** | | **NUMBER: 8.1.8** |

TTY location. Consistent with the order and safety of the facility, the facility shall ensure that the privacy of telephone calls by residents using Accessible Telephones or TTY is the same as other residents using telephones.

The facility permits residents with disabilities the opportunity to submit requests for the auxiliary aid of their preference, if unavailable at the facility. Where practicable, and consistent with the order and safety of the facility, the facility may allow for use of other equipment such as video relay and video phones for residents who are deaf or hard of hearing. Facilities shall permit residents with disabilities the opportunity to submit requests for the auxiliary aid of their preference.

MVPC shall provide communication assistance to residents with disabilities and residents who are limited in their English proficiency (LEP). The facility will provide residents with disabilities with effective communication, which may include the provision of auxiliary aids, such as readers, materials in Braille, audio recordings, telephone handset amplifiers, telephones compatible with hearing aids, telecommunications devices for deaf persons (TTYs), interpreters, and note-takers, as needed. The facility will also provide residents who are LEP with language assistance, including bilingual staff or professional interpretation and translation services, to provide them with meaningful access to its programs and activities.

Consistent with Standard 4.8 "Disability Identification, Assessment, and Accommodation," MVPC shall engage in an interactive and individualized process that considers whether a resident with a disability needs any additional accommodation to access facility telephones.

MVPC shall maintain other equipment, such as video relay service and video phones, for residents who are deaf or hard of hearing.

Accommodations shall also be made for residents with speech disabilities.

**THIS POLICY WILL BE REVIEWED AT LEAST ANNUALLY AND UPDATED AS NEEDED.**

**APPROVED:**

_____
**Facility Administrator**

_05/10/2023_
**Date**

| | MOSHANNON VALLEY PROCESSING CENTER POLICY and PROCEDURE MANUAL CHAPTER: Information Systems and Research TITLE:  Virtual Attorney Visitation (VAV) and Video Teleconferencing (VTC) RELATED ACA STANDARDS: | NUMBER: 6.1.5 SUPERSEDES: 10/14/2021; 05/11/2022 EFFECTIVE: 8/22/2023 |
|---|---|---|



## I.    PURPOSE:

Virtual Attorney Visitation (VAV) and Video Teleconferencing (VTC)  allows attorneys to schedule free and confidential sessions with detained clients at the Moshannon Valley Processing Center (MVPC).  Immigration and Customs Enforcement (ICE), Performance Based National Detention Standards, require that residents in ICE facilities be allowed confidential contact with attorneys and their authorized representatives in person, on the telephone, and through correspondence.

## II.    DEFINITIONS

**Virtual Attorney Visitation (VAV) -** The VAV program utilizes common web conferencing and videoconferencing applications to enable legal representatives to meet with their clients or prospective clients virtually using video technology, in private rooms or booths, to ensure confidentiality of communications during remote legal visits. VAV is not a substitute for in-person meetings, but it does provide an alternative for legal service providers to communicate with clients in a timely and efficient manner.

**Video Teleconferencing (VTC) -** is a technology that facilitates the communication and interaction of two or more users through a combination of high-quality audio and video over Internet Protocol (IP) networks. VTC provides a means to conduct a conference between two or more participants at different sites by using computer networks to transmit audio and video data. A video conference is a live, visual connection between two or more people residing in separate locations for the purpose of communication. At its simplest, video conferencing provides transmission of static images and text between two locations. At its most sophisticated, it provides transmission of full-motion video images and high-quality audio between multiple locations.

## III.    POLICY:

MVPC utilizes virtual attorney visitation (VAV) and video teleconferencing (VTC) via Microsoft Teams or Zoom internet applications to facilitate virtual attorney/client meetings. This service is for attorneys only.  MVPC is committed to assisting residents by utilizing VAV and VTC services as an additional means to provide confidential contact with their attorneys and authorized representatives.

| GEO Secure Services™ | Moshannon Valley Processing Center POLICY AND PROCEDURE MANUAL | NUMBER: 6.1.5 |
|---|---|---|

## IV.    PROCEDURES:

VAV Program

ICE detention standards 5.6, Telephone Access, and 5.7, Visitation, for in-person attorney/client visits will apply to virtual attorney client meetings and legal calls. Only legal representatives, legal assistants, and interpreters will be allowed; no family or friends of the clients are permitted. The attorney and/or his/her agents may contact outside interpretation services during the call or session.

The VAV Program is available in accordance with the facility's legal visitation hours, with a minimum of at least 8 hours per day on weekdays and at least 5 hours per day on weekends and holidays.

To ensure confidentiality of communications between detained non-citizens and legal representatives, private rooms and soundproofed booths with closable doors, have been designated for use of the VAV Program. The assigned resident advisor shall maintain safety and security for all detained non-citizens/residents utilizing VAV. The resident advisor will ensure visibility of the residents through windowed doors to ensure safety, while still maintaining confidentiality of the attorney-client communication. The resident advisor shall be stationed outside of the confidential room, standing out of earshot, but within eyeshot. The resident advisor will knock 5 minutes before the cut off time.

VTC Implementation

MVPC's visitation accommodates VTC meetings in a private area that has been set aside for video teleconferencing. A computer has been loaded with Microsoft Teams and Zoom internet applications, which are available in the VTC meeting room. A camera and video monitor allow the resident client to see and speak with his or her legal representative. Attorney/client VTC meetings are confidential.

A flyer posting is available in the housing units regarding the procedure for VTC visitation. Information for how to schedule VTC visitation is also located in the local resident handbook.

VAV and VTC Request Process

Attorneys and accredited representatives must request virtual meetings with their clients the day before or at the latest, the morning of the visit, by email at schedulemvpc@geogroup.com. The schedulemvpc@geogroup.com or the case managers GEO email address, are the dedicated means for scheduling attorney visits and will also be utilized to schedule VTC visits. The email should include the resident client's name, alien number, a few proposed times/dates for the requested VTC session, and the

| GEO Secure Services™ | Moshannon Valley Processing Center POLICY AND PROCEDURE MANUAL | NUMBER: 6.1.5 |
|---|---|---|

attorney's Microsoft Teams ID address. The email should also include a scan of the attorney's ID, bar card, and G-28 (unless this is the initial attorney/client consultation). If a legal assistant will join the call, the email should also attach a letter of authorization on the firm's/organization's letterhead and a scan of the assistant's ID. MVPC staff will email the attorney back with a confirmed date and time.

The same guidelines for in-person attorney/client visits will apply to VTC sessions. Only attorneys, legal assistants, and interpreters will be allowed in the VTC sessions; no family or friends of the clients are allowed. The attorney and/or his/her agents may contact outside interpretation services during the VTC session. The VTC sessions will be confidential; a resident advisor will be stationed outside of the VTC room to ensure security.

- Any documents that need to be provided to the resident can be sent by mail or fax in advance. The schedulemvpc@geogroup.com email address will also be the point of contact to raise any issues regarding technical issues for troubleshooting. MVPC's direct phone line 814-768-1200, can also be used to contact facility staff in the case of technical difficulties.
- VTC communications will not be recorded or stored in any way.
- Virtual meetings may take place seven days a week from 0800 hours to 1600 hours, Eastern Time.
- Visits will be scheduled for 2 hours; additional time will be provided upon request.
- All visit requests received will be placed on the schedule within 48 hours of receipt. An acknowledgment of the scheduled placement will be sent to the requesting party.

VTC Programs and Equipment

MVPC has installed computers in each housing unit and in the Special Management Unit (SMU) equipped with a webcam, microphone, headphones, and Microsoft Teams programming in a private "confidential" room in the housing unit. (This VTC room does not replace the in-person attorney visitation booths at MVPC). MVPC has selected Microsoft Teams as a platform, it is one of the most widely used consumer VTC platforms available. Attorneys will need a computer capable of supporting the Microsoft Teams platform, a video camera, microphone, and speakers, as well as a Microsoft Teams user account.

VAV and VTC Technical Issues

Should at any time during a VAV or VTC session technical issues arise, the IT Manager will immediately be notified by the staff member conducting the VAV or VTC session. The IT Manager can be notified internally at the appropriate extension. Should facility phones, VAV, or VTC issues occur after hours, the IT Manager will be notified immediately by a Shift Supervisor and/or designee on his company issued cellular device. The number is registered in Main Control. Should the facility experience a facility wide



| | |
|---|---|
| **Moshannon Valley Processing Center**<br>**POLICY AND PROCEDURE MANUAL** | **NUMBER: 6.1.5** |

outage of resident telephones or tablets, the Facility Administrator should be contacted directly.

**THIS POLICY WILL BE REVIEWED AT LEAST ANNUALLY AND UPDATED AS NEEDED.**

APPROVED:

_____
Facility Administrator

_____  6/12/2023
Date



| | MOSHANNON VALLEY PROCESSING CENTER POLICY and PROCEDURE MANUAL CHAPTER: Detainee Services and Programs TITLE: Detainee Access to Telephones RELATED ACA STANDARDS: 4-ALDF-5B-11, 5B-12 | NUMBER: 8.1.8 SUPERSEDES: 10/14/21 EFFECTIVE: 3/22/22 |
|---|---|---|

## I. POLICY

Moshannon Valley Processing Center shall permit detainees to have reasonable and equitable access to telephones.

## II. STANDARDS AND PROCEDURES

### A. Detainee Access to Telephones

The facility shall provide detainees with reasonable and equitable access to telephones during established facility waking hours, limited only by the restrictions below. Detainees are provided with access to public telephones. Detainees with hearing and/or speech disabilities, and detainees who wish to communicate with parties, who have disabilities, are afforded access to a Telecommunications Device for the Deaf (TDD), or comparable equipment. Translation and interpretation services shall be provided as needed. Public telephones with volume control are also made available to detainees with a hearing impairment. **(4-ALDF-5B-11)**

Detainees have access to reasonably priced telephone services. Correctional agencies ensure that:

- Contracts involving telephone services for detainees comply with all applicable state and federal regulations
- Contracts are based on rates and surcharges that are commensurate with those charged to the general public for like services. Any deviation from ordinary consumer rates reflects actual costs associated with the provision of services in a correctional setting
- Contracts shall also provide the broadest range of calling options including, but not limited to: international calling, calling cards, and collect telephone calls, determined by the facility administrator to be consistent with the requirements of sound detention facility management.
- Contracts for detainee telephone services provide the broadest range of calling options determined by the agency administrator to be consistent with the requirements of sound correctional management. **(4-ALDF-5B-12)**

### B. Detainee Notification

As described in the "General Provisions" standard, the facility shall provide telephone access rules in writing to each detainee upon admittance, and also shall post these rules and telephone access hours where detainees may easily see them. Updated telephone and consulate lists, along with a list of card and calling rates, shall be posted in the detainee housing units.



| | Moshannon Valley Processing Center POLICY AND PROCEDURE MANUAL | NUMBER: 8.1.8 |

**C. Number of Telephones**

To ensure sufficient access, the facility shall provide at least one telephone for detainee use for every 10 detainees held.

**D. Telephone Maintenance**

The facility shall maintain detainee telephones in proper working order. Appropriate facility staff shall inspect the telephones daily, promptly report out-of-order telephones to the repair service, and ensure that required repairs are completed quickly. Facility staff shall notify detainees and the ICE/ERO free legal service providers of procedures for reporting problems with telephones.

Should at any time a VTC, telephone, or tablet experience any technical issues, the IT Manager should immediately be notified. The IT Manager can be notified internally at the appropriate extension. Should facility phones or VTC issues occur afterhours, please contact him immediately on his company issued cellular device. The number is registered in central control. Should the facility experience a facility wide outage of detainee telephones or tablets, the Facility Administrator should be contacted directly.

Facility staff members are responsible for ensuring on a daily basis that telephone systems are operational and that the free telephone number list is posted. After ensuring that each phone has a dial tone, when testing equipment, the resident advisors must be able to demonstrate that an individual has the ability to make calls using the free call platform. Any identified problems must immediately be logged and reported to the appropriate staff for repair.

**E. Direct Calls and Free Calls**

Even if telephone service is generally limited to collect calls, the facility shall permit the detainee to make direct calls:

1. To the Executive Office for Immigration Review or local immigration court;

2. the Board of Immigration Appeals;

3. Federal and State courts where the detainee is or may become involved in a legal proceeding;

4. Consular officials;

5. DHS/OIG;



| | **Moshannon Valley Processing Center** | |
|---|---|---|
| | **POLICY AND PROCEDURE MANUAL** | **NUMBER: 8.1.8** |

6. Legal representatives, to obtain legal representation, or for consultation when subject to expedited removal. (When a detainee is under an expedited removal order, his/her ability to contact pro bono legal representatives shall not be restricted.);

7. Legal service providers or organizations listed on the ICE/ERO free legal service provider list;

8. United Nations High Commissioner for Refugees (UNHCR) (from asylum-seekers and stateless individuals);

9. Federal, state or local government offices, to obtain documents relevant to his/her immigration case;

10. Immediate family or others for detainees in a personal or family emergency, or when the detainee can otherwise demonstrate a compelling need (to be interpreted liberally).; or

11. ICE/OPR Joint Intake Center (JIC).

If the limitations of its existing phone system will initially preclude the facility from meeting these requirements, the Facility Administrator must report this to ICE. ICE will respond by providing some means of access, e.g., cell phones into which facility staff can preprogram authorized numbers (in the above categories) with all other numbers blocked. These phones will be maintained by on-site ICE liaison officers or local officials, and must be provided in an environment that meets privacy standards.

Staff will allow detainees to make such calls as soon as possible after the request, factoring in the urgency expressed by the detainee. Generally, access will be granted within eight (facility-established) waking hours of the detainee's request, excluding the hours between lights-out and morning resumption of scheduled activities. The detainee will always be granted access within 24 hours of his/her request.

Incidents of delays extending beyond eight (waking) hours must be documented and reported to ICE.

Indigent detainees are afforded the same telephone access and privileges as other detainees. The facility shall enable all detainees to make calls to the ICE/ERO-provided list of free legal service providers and consulates at no charge to the detainee or the receiving party.

If the facility requires detainees to complete a request form to make direct or free calls, it must assist them as needed, especially for illiterate or non-English speaking detainees.



| | Moshannon Valley Processing Center POLICY AND PROCEDURE MANUAL | NUMBER: 8.1.8 |

## F. Telephone Usage Restrictions

The facility shall not restrict the number of calls a detainee places to his/her legal representatives, nor limit the duration of such calls by rule or automatic cut-off, unless necessary for security purposes or to maintain orderly and fair access to telephones. If time limits are necessary for such calls, they shall be no shorter than 20 minutes, and the detainee shall be allowed to continue the call if desired, at the first available opportunity.

The facility may place reasonable restrictions on the hours, frequency and duration of the other direct and/or free calls listed above, but these must not unduly limit a detainee attempting to obtain legal representation.

The facility may restrict the number and duration of other types of telephone calls for the following reasons only:

1. Availability (i.e., the usage demands of other detainees);

2. Orderly operation of the facility (e.g., scheduled detainee movements, court schedules, meals, counts, etc.); and

3. Emergencies (e.g., escapes, escape attempts, disturbances, fires, power outages, etc.).

Telephone privileges may be suspended entirely during an emergency, but only with the authorization of the Facility Administrator or his/her designee, and only for the briefest period necessary under the circumstances.

The Facility Administrator will establish and oversee local institutional rules for the equitable allocation of telephone time. When required by detainee telephone-usage demands, such measures may include, but are not limited to, reasonable limitations on the duration and the number of calls per detainee, the use of predetermined time-blocks, and advance sign-up procedures. Telephone access hours shall be posted near the telephones.

## G. Telephone Privileges in Special Management Units (SMU)

Staff shall permit detainees in the Special Management Unit for disciplinary reasons to make direct and/or free calls as described above, except under compelling security conditions. These conditions shall be documented.

Staff shall permit detainees in the Special Management Unit for other than disciplinary reasons (e.g., protective custody, suicide risk) to have telephone access similar to detainees in the general population, but in a manner consistent with the special security and safety requirements of detainees in these units.



| | Moshannon Valley Processing Center POLICY AND PROCEDURE MANUAL | NUMBER: 8.1.8 |
| --- | --- | --- |

Detainees and their legal counsel shall nevertheless be accommodated in order for them to be able to communicate effectively with each other.  Telephone access for legal calls, courts, governments (including the DHS OIG and the DHS JIC) and embassies or consulates shall not be denied.

## H. Inter-facility Telephone Calls

Upon a detainee's request, the facility shall make special arrangements permitting the detainee to speak by telephone with an immediate family member detained in another facility. (Immediate family members include the detainee's spouse, common-law spouse, mother, father, stepparents, foster parents, brothers and sisters, natural children, and adopted children or stepchildren.)

Reasonable limitations may be placed on the frequency and duration of such calls. The facility shall liberally grant requests for inter-facility family calls to discuss legal matters. For such calls, the detainee's conversation shall be afforded privacy to the extent possible, while maintaining adequate security.

## I. Incoming Calls

A log of all incoming messages is maintained by the case managers and main control.. The messages are delivered to the detainees at approximately 08:00, 13:00, and at 16:00. When facility staff receives an emergency telephone call for a detainee, the caller's name and telephone number will be obtained and given to the detainee as soon as possible. The detainee shall be permitted to return the emergency call at their own cost within the constraints of security and safety. The facility shall enable indigent detainees to make a free return emergency call. Messages of attorney calls will be forwarded to the detainee's case managers for delivery to the detainee. Any after hour emergency calls or attorney calls will be processed through Central Control.  Central Control will notify the security supervisor on duty as soon as possible.  The security supervisor on duty will notify the detainee and permit the detainee to return the call as soon as reasonably possible within the constraints of security and safety

## J. Privacy for Telephone Calls on Legal Matters

The facility shall ensure privacy for detainees' telephone calls regarding legal matters. For this purpose, the facility shall provide a reasonable number of telephones on which detainees can make such calls without being overheard by resident advisors, other staff or other detainees.

Facility staff shall not electronically monitor detainee telephone calls on their legal matters, absent a court order.

The facility shall inform detainees to contact a resident advisor if they have difficulty making a confidential call relating to a legal proceeding. If notified of such a difficulty, the resident advisors shall take measures to ensure that the call can be made confidentially.



| | **Moshannon Valley Processing Center** POLICY AND PROCEDURE MANUAL | **NUMBER: 8.1.8** |
|---|---|---|

Privacy may be provided in a number of ways, including:

1. Telephones with privacy panels (side partitions) that extend at least 18 inches to prevent conversations from being overheard;

2. Placing telephones where conversations may not be readily overheard by other detainees or facility staff; or

3. Allowing detainees to use an office telephone to make confidential calls regarding their legal proceedings.

4. Detainees shall be supervised within eyeshot, but out of earshot

**K. Monitoring of Detainee Telephone Calls**

The facility shall have a written policy on the monitoring of detainee telephone calls. If telephone calls are monitored, the facility shall include a recorded message on its phone system stating that all telephone calls are subject to monitoring; notify detainees in the detainee handbook or equivalent provided upon admission. It shall also place a notice at each monitored telephone stating:

1. That detainee calls are subject to monitoring; and

2. The procedure for obtaining an unmonitored call to a court, legal representative, or for the purposes of obtaining legal representation.

A detainee's call to a court, a legal representative, DHS OIG, DHS Civil Rights and Civil Liberties (CRCL), or for the purposes of obtaining legal representation will not be electronically monitored absent a court order. The Facility Administrator retains the discretion to have other calls monitored for security purposes.

**L. Telephone Access for Detainees with Disabilities**

Detainees with hearing or speech disabilities shall be granted reasonable accommodations to allow for equal access to telephone services. MVPC shall provide a TTY device or Accessible Telephone (telephones equipped with volume control and telephones that are hearing-aid compatible for detainees who are deaf or hard of hearing). Detainees who are deaf or hard of hearing shall be provided access to the TTY on the same terms as hearing detainees are provided access to telephones. Except to the extent that there are time limitations, detainees using the TTY shall be granted additional time, consistent with safety and security concerns.

If an Accessible Telephone or TTY is not available in the same location as telephones used by other detainees, detainees shall be allotted additional time to walk to and from the Accessible Telephone or TTY location. Consistent with the order and safety of the facility, the facility shall ensure that the



| | **Moshannon Valley Processing Center** **POLICY AND PROCEDURE MANUAL** | **NUMBER: 8.1.8** |
|---|---|---|

privacy of telephone calls by detainees using Accessible Telephones or TTY is the same as other detainees using telephones.

The facility permits detainees with disabilities the opportunity to submit requests for the auxiliary aid of their preference, if unavailable at the facility. Where practicable, and consistent with the order and safety of the facility, the facility may allow for use of other equipment such as video relay and video phones for detainees who are deaf or hard of hearing. Facilities shall permit detainees with disabilities the opportunity to submit requests for the auxiliary aid of their preference.

MVPC shall provide communication assistance to detainees with disabilities and detainees who are limited in their English proficiency (LEP). The facility will provide detainees with disabilities with effective communication, which may include the provision of auxiliary aids, such as readers, materials in Braille, audio recordings, telephone handset amplifiers, telephones compatible with hearing aids, telecommunications devices for deaf persons (TTYs), interpreters, and note takers, as needed. The facility will also provide detainees who are LEP with language assistance, including bilingual staff or professional interpretation and translation services, to provide them with meaningful access to its programs and activities.

Consistent with Standard 4.8 "Disability Identification, Assessment, and Accommodation," MVPC shall engage in an interactive and individualized process that considers whether a detainee with a disability needs any additional accommodation to access facility telephones.

MVPC shall maintain other equipment, such as video relay service and video phones, for detainees who are deaf or hard of hearing.

Accommodations shall also be made for detainees with speech disabilities.


**THIS POLICY WILL BE REVIEWED AT LEAST ANNUALLY AND UPDATED AS NEEDED.**


**APPROVED:**


_____
**Facility Administrator**

_____
**Date**

# EXHIBIT Y



Best regards

---

**From:** Alana Szober <alana.szober@njcourts.gov>
**Sent:** Thursday, May 4, 2023 2:21 PM
**To:** John J. Harrison <John.Harrison@njcourts.gov>
**Cc:** Xaire Velasquez <xvelasquez@lsnj.org>
**Subject:** [EXTERNAL]RE: ICE Custody PA

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

I will rely that back to the court.

Thank you for this info.

*Alana Szober, CMCA*
Assistant Division Manager
Passaic Vicinage - Municipal Division
63-65 Hamilton Street
Second Floor, Room 200
Paterson, New Jersey 07505
**Telephone: (973) 653-2910 ext. 24071**

---

**From:** John J. Harrison <John.Harrison@njcourts.gov>
**Sent:** Thursday, May 4, 2023 2:20 PM
**To:** Alana Szober <alana.szober@njcourts.gov>
**Cc:** xvelasquez@lsnj.org
**Subject:** RE: ICE Custody PA

That is it.  As I stated to the caller the other day, the Superior Court is not getting video hearings with the I.C.E. facility, so I was not sure how much more success the Municipal Court would have.  This is a statewide issue.

Please let me know if you require additional information.

John

---

**From:** Alana Szober <alana.szober@njcourts.gov>
**Sent:** Thursday, May 4, 2023 2:12 PM
**To:** John J. Harrison <John.Harrison@njcourts.gov>
**Cc:** xvelasquez@lsnj.org

**Subject:** FW: ICE Custody PA

Good afternoon John,

Please see below email. Do you have any other contact information the court should reach out to? Or is the contact info to the facility sufficient enough?

I have also CC'd Xaire as well just to keep everyone in the loop.

Thank you.


*Alana Szober, CMCA*
Assistant Division Manager
Passaic Vicinage - Municipal Division
63-65 Hamilton Street
Second Floor, Room 200
Paterson, New Jersey 07505
**Telephone: (973) 653-2910 ext. 24071**

---

**From:** Feliesha Pockhai <feliesha.pockhai@njcourts.gov>
**Sent:** Thursday, May 4, 2023 1:45 PM
**To:** Alana Szober <alana.szober@njcourts.gov>; Yamaira Jimenez <yamaira.jimenez@njcourts.gov>; Beverly Valentine <beverly.valentine@njcourts.gov>
**Subject:** ICE Custody PA

Afternoon Alana,

Would you be able to provide me with the name and complaint numbers for the defendants in question regarding ice custody in PA. Unfortunately I cannot see the attachment the original email.

I have 2 defendants that i was given to me that are in ICE custody in PA: Also these defendants are under federal custody.

███████████████████████████
███████████████████████████

I did reach out to the facility and have forwarded the email to you with their response to me.

Do you have a contact in PA that I can reach out to?

Thank You,

**_Feliesha Pockhai_**
Deputy Court Administrator
Paterson Municipal Court
111 Broadway
Paterson, New Jersey 07505
973-321-1515 #2518

---

**From:** Philadelphia.Outreach <Philadelphia.Outreach@ice.dhs.gov>
**Sent:** Friday, March 31, 2023 4:04 PM
**To:** Feliesha Pockhai <feliesha.pockhai@njcourts.gov>; Philadelphia.Outreach <Philadelphia.Outreach@ice.dhs.gov>
**Cc:** Beverly Valentine <beverly.valentine@njcourts.gov>; Yamaira Jimenez <yamaira.jimenez@njcourts.gov>
**Subject:** [External]RE: ███████████████████████

**CAUTION:** This email originated from outside the Judiciary organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Feliesha,

Thank you for contacting U.S. Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO).

MOSHANNON VALLEY PROCESSING CENTER (MVPC) cannot accommodate teleconference, zoom, team meetings, etc. for criminal court matters.

The subject must be taken from ICE custody, by Writ.

Transportation from and back to MVPC, Philipsburg, PA must be handled by your local law enforcement.

You can request to schedule legal phone calls by email at schedulemvpc@geogroup.com.

Detained individuals can write a request to their case manager via tablet or paper request to schedule an unmonitored legal phone call.

Attorneys can also schedule a legal visit via teleconference calls by contacting the facility during normal business hours from 8AM to 4PM, (814) 768-1200.

**OUTREACH/CONGRESSIONAL/PAO/DATA QUALITY/FOIA/TASKINGS**
**Philadelphia Field Office**
**Enforcement and Removal Operation**
**Immigration and Customs Enforcement**
**Area of Responsibility:** Delaware, Pennsylvania, West Virginia
**Email:** Philadelphia.Outreach@ice.dhs.gov

**From:** Feliesha Pockhai <feliesha.pockhai@njcourts.gov>
**Sent:** Thursday, March 30, 2023 12:03 PM
**To:** Philadelphia.Outreach <Philadelphia.Outreach@ice.dhs.gov>
**Cc:** Beverly Valentine <beverly.valentine@njcourts.gov>; Yamaira Jimenez <yamaira.jimenez@njcourts.gov>
**Subject:** ███████████████████

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Afternoon,

I have a defendant that is in your custody and currently has a open matter/s with the Paterson Municipal Court.

I would like to have him scheduled so that he may resolve all open matters with our Court.

Can I schedule this defendant for this tuesday 4/4/2023 @ 9 am?  Court is conducted virtually through zoom.

Meeting id:  840 3542 9504
Password:    235102


Thank You,

*Feliesha Pockhai*
Deputy Court Administrator
Paterson Municipal Court
111 Broadway
Paterson, New Jersey 07505
973-321-1515 #2518

# EXHIBIT Z



**From:** Tracey Lumadue <tllumadue@geogroup.com>
**Sent:** Thursday, January 5, 2023 10:42 AM
**To:** Shayna Scott <sfs105@law.rutgers.edu>
**Subject:** Re: Request for Video Call - ██████████████████████

Good morning,

We were advised by ICE that we are not to be scheduling video conferences or phone
conferences for psychological evaluations.  ICE advises that in-person visitation is to be used
for these types of consultations.  I know this will make the consultation much more difficult,
but ICE wants us to use the equipment and time for ICE related legal services only.  If the
psychological consultation was ordered by the ICE judge it would be acceptable, but not in
other cases.

You can contact ICE at mvpcoutreach@ice.dhs.gov if you wish to discuss this with ICE
personnel.

T. Lumadue

**From:** Shayna Scott <sfs105@law.rutgers.edu>
**Sent:** Thursday, January 5, 2023 10:40 AM
**To:** Tracey Lumadue <tllumadue@geogroup.com>
**Cc:** Schedulemvpc <Schedulemvpc@geogroup.com>
**Subject:** [EXTERNAL] Request for Video Call - ███████████████████

Good morning,

I would like to schedule a psychological evaluation for my client, ████████████████ ███████████████ . I have confirmed that ████████████ is available to perform an evaluation by video next week. Additional information is below:

<u>Detainee name</u>:████████████████████ (A ███████████)
<u>Attorney Name</u>: Shayna Scott
<u>Attorney Affiliation</u>: Rutgers Law School, Immigrant Rights Clinic
<u>Evaluator Name</u>:████████████████
<u>Available Dates/Times</u>:

- Tuesday, 1/10 between 8am-12:30pm
- Thursday, 1/12 between 8am-12:30pm

Should you require any additional information from myself or ████████ , please let me know. Upon confirmation of the time, I will forward the zoom link and information.

Thank you,
Shayna Scott

**Shayna Scott**
Detention Fellow
Detention and Deportation Defense Initiative (DDDI)
Immigrant Rights Clinic, Rutgers Law School
123 Washington Street, 4 Fl
Newark, NJ 07102

973-699-0715
shayna.scott@rutgers.edu

Zoom: https://rutgers.zoom.us/my/sfs105

CONFIDENTIAL LEGAL COMMUNICATION/WORK PRODUCT
The information in this electronic mail ("e-mail") message may contain information that is confidential and/or privileged, or may otherwise be protected by work product or other legal rules. It is solely for the use of the individual(s) or the entity (ies) originally intended.  If you received this e-mail inadvertently, please reply to the sender and delete all versions on your system. Thank you.

| From: | Jennifer Barker |
|---|---|
| To: | Shira Wisotsky |
| Subject: | FW: video call with client and psychologist |
| Date: | Tuesday, May 23, 2023 3:07:51 PM |

---

**From:** Tejeda, Kirby <kirby.d.tejeda@ice.dhs.gov>
**Sent:** Wednesday, April 19, 2023 2:40 PM
**To:** Jennifer Barker <jbarker@lsnj.org>
**Subject:** [EXTERNAL]RE: video call with client and psychologist

> **External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

Good afternoon, Ms. Barker,

I am not your client's deportation officer, but I do know that, unfortunately, ICE does not accommodate these types of requests. I apologize for any inconvenience.

Respectfully,
-
*Kirby D. Tejeda*
*Deportation Officer*
*Philadelphia Field Office*
*Moshannon Valley Processing Center*
*Enforcement and Removal Operations*
*U.S Immigration and Customs Enforcement*
*C-415-238-4106*

---

**From:** Jennifer Barker <jbarker@lsnj.org>
**Sent:** Wednesday, April 19, 2023 1:58 PM
**To:** Tejeda, Kirby <kirby.d.tejeda@ice.dhs.gov>
**Subject:** video call with client and psychologist

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Dear Officer Tejada,

I represent Ms. ███████████ (A███████████) who is currently detained at Moshannon Valley.  I would like to have a psychological evaluation and report done for her asylum case.

The case manager at Moshannon Valley indicated that the psychologist would have to come in person to visit my client because they cannot authorize a video call right now.

Legal Services of New Jersey is a non for profit law firm so we do not have the funding to pay for a psychologist to come in person.

Would ICE be able to make an exception and authorize this video call?

My number is (732)529-8392 if you need more information.

Thank you,

Jennifer Barker


Jennifer Barker *(she, her)*
Assistant Supervising Attorney

Detention and Deportation Defense Initiative
Legal Services of New Jersey
100 Metroplex Dr., Suite 101
Edison, NJ  08817

(732)529-8392 Office
(732)777-7071 Fax
jbarker@lsnj.org

*Licensed to practice law in Florida, practice in New Jersey is limited to immigration only.*

www.lsnj.org
www.lsnjlaw.org

*The information contained in this e-mail is attorney-privileged and confidential and intended only for the use of the named recipient. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message is strictly unauthorized. If you have received this message in error, please immediately notify us by e-mail and delete this message together with any attachments. Your cooperation is appreciated.*

**Corinna B Goodman <corinna.goodman@shu.edu>**
Tue 5/23/2023 2:37 PM
To: Glykeria Teji <glykeria.teji@shu.edu>

Corinna Goodman, Esq.
Detention Fellow, Immigrants' Rights / Intl Human Rights Clinic
Seton Hall University School of Law, Center for Social Justice
833 McCarter Highway
Newark, NJ 07102
Office: (973) 642-8700
Fax: (973) 642-8384 or 8295

CONFIDENTIALITY NOTICE: This e-mail, together with any attachments, is intended only for the use of
the individual or entity to which it is addressed and may contain information that is legally privileged,
confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified
that any dissemination, distribution, or copying of this message, or any attachment, or any action taken
or omitted to be taken in reliance on this e-mail, or any attachment, is strictly prohibited. If you have
received this e-mail in error, notify the original sender by reply e-mail or by telephone at (973) 642-8700
and destroy this e-mail or document, along with any attachments.

---

**From:** Denise Harmic <dharmic@geogroup.com>
**Sent:** Thursday, April 13, 2023 7:54 AM
**To:** Corinna B Goodman <corinna.goodman@shu.edu>
**Subject:** Re: Atty Legal Call w/ ██ ████ ████ (████████

Good morning,

I can do a call on Monday at 2pm.

As for the mental health evaluations, the directive we received from the head of ICE here at the
facility was, mental health evaluations can be done here in person using the visitation room.
The video equipment is to be used for attorney visits only.

Thanks,
Denise

---

**From:** Corinna B Goodman <corinna.goodman@shu.edu>
**Sent:** Wednesday, April 12, 2023 3:43 PM
**To:** Denise Harmic <dharmic@geogroup.com>
**Cc:** 9c551a1df+matter1535742724@maildrop.clio.com
<9c551a1df+matter1535742724@maildrop.clio.com>
**Subject:** [EXTERNAL] Atty Legal Call w/ ██ ████ ████ ████████

Hi Denise,

Could I schedule a one-hour legal call with Mr. ████████ for next Monday, 4/17? Ideally
sometime between noon and 4pm.

Additionally, I had asked about the official policy or directive barring virtual mental health evaluations a
few weeks ago, and you mentioned that you elevated my question to your supervisor. I haven't heard
from anyone yet. Could you follow up with your supervisor, or provide me with their email address so I
can reach out directly?

Thank you very much.

Kind Regards,

Corinna Goodman, Esq.
Detention Fellow, Immigrants' Rights / Intl Human Rights Clinic
Seton Hall University School of Law, Center for Social Justice
833 McCarter Highway
Newark, NJ  07102
Office: (973) 642-8700
Fax: (973) 642-8384 or 8295

CONFIDENTIALITY NOTICE: This e-mail, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, or any action taken or omitted to be taken in reliance on this e-mail, or any attachment, is strictly prohibited.  If you have received this e-mail in error, notify the original sender by reply e-mail or by telephone at (973) 642-8700 and destroy this e-mail or document, along with any attachments.

** WARNING: This email originated from outside of Seton Hall University. Do not click links or open attachments unless you recognize the sender and know the content is safe. **

████████████████████████████████████████

Corinna B Goodman <corinna.goodman@shu.edu>
Tue 5/23/2023 2:38 PM
To: Glykeria Teji <glykeria.teji@shu.edu>

Corinna Goodman, Esq.
Detention Fellow, Immigrants' Rights / Intl Human Rights Clinic
Seton Hall University School of Law, Center for Social Justice
833 McCarter Highway
Newark, NJ 07102
Office: (973) 642-8700
Fax: (973) 642-8384 or 8295

CONFIDENTIALITY NOTICE: This e-mail, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, or any action taken or omitted to be taken in reliance on this e-mail, or any attachment, is strictly prohibited. If you have received this e-mail in error, notify the original sender by reply e-mail or by telephone at (973) 642-8700 and destroy this e-mail or document, along with any attachments.

**From:** Denise Harmic <dharmic@geogroup.com>
**Sent:** Wednesday, March 8, 2023 8:56 AM
**To:** Corinna B Goodman <corinna.goodman@shu.edu>
**Subject:** Re: Atty Legal Call for ███████████████████████

We will call tomorrow at 9am. I have forwarded your email/question to my supervisor. Per the direction of ICE here at the facility, that is the direction we have been given regarding the evaluations. My supervisor will be in contact with you for further information.

Denise

**From:** Corinna B Goodman <corinna.goodman@shu.edu>
**Sent:** Wednesday, March 8, 2023 8:48 AM
**To:** Denise Harmic <dharmic@geogroup.com>
**Cc:** Florencia DePaola <Florencia.DePaola@shu.edu>
**Subject:** [EXTERNAL] RE: Atty Legal Call for ████████████████████

Good Morning Denise,

Could you share with me a copy of the policy barring mental health evaluations via video call or phone?

And I'll take 9am tomorrow for the attorney phone call. My phone number is 646-450-9244.

Thanks,
Corinna Goodman

Corinna Goodman, Esq.
Detention Fellow, Immigrants' Rights / Intl Human Rights Clinic
Seton Hall University School of Law, Center for Social Justice
833 McCarter Highway
Newark, NJ 07102
Office: (973) 642-8700
Fax: (973) 642-8384 or 8295

CONFIDENTIALITY NOTICE: This e-mail, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, or any action taken or omitted to be taken in reliance on this e-mail, or any attachment, is strictly prohibited.  If you have received this e-mail in error, notify the original sender by reply e-mail or by telephone at (973) 642-8700 and destroy this e-mail or document, along with any attachments.

**From:** Denise Harmic <dharmic@geogroup.com>
**Sent:** Wednesday, March 8, 2023 7:42 AM
**To:** Corinna B Goodman <corinna.goodman@shu.edu>
**Subject:** Re: Atty Legal Call for Jesus Chiapa Martinez A# 240-087-012

Good morning,

Mental health evaluations cannot be conducted via zoom/phone, if needed, you could come here and do it in person. I can set up a regular phone call for you. I have availability tomorrow at 9am or 2pm.

Thank you,
Denise

**From:** Corinna B Goodman <corinna.goodman@shu.edu>
**Sent:** Tuesday, March 7, 2023 3:26 PM
**To:** Denise Harmic <dharmic@geogroup.com>
**Cc:** Florencia DePaola <Florencia.DePaola@shu.edu>
**Subject:** [EXTERNAL] RE: Atty Legal Call for ██████████████████

Hi Denise,

The video call would be for a mental health evaluation, but I'd still like to schedule a regular attorney phone call as well.  Thank you very much.

Respectfully,
Corinna Goodman

Corinna Goodman, Esq.
Detention Fellow, Immigrants' Rights / Intl Human Rights Clinic
Seton Hall University School of Law, Center for Social Justice
833 McCarter Highway
Newark, NJ  07102
Office: (973) 642-8700
Fax: (973) 642-8384 or 8295

CONFIDENTIALITY NOTICE: This e-mail, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, or any action taken or omitted to be taken in reliance on this e-mail, or any attachment, is strictly prohibited.  If you have received this e-mail in error, notify the original sender by reply e-mail or by telephone at (973) 642-8700 and destroy this e-mail or document, along with any attachments.

**From:** Denise Harmic <dharmic@geogroup.com>
**Sent:** Tuesday, March 7, 2023 8:09 AM
**To:** Corinna B Goodman <corinna.goodman@shu.edu>
**Subject:** Re: Atty Legal Call for ██████████████████

Good morning,

Is this request for an attorney call or for a mental health evaluation?

Thank you,
Denise

---

**From:** Corinna B Goodman <corinna.goodman@shu.edu>
**Sent:** Monday, March 6, 2023 4:39 PM
**To:** Schedulemvpc <Schedulemvpc@geogroup.com>
**Cc:** Matthew Hertlein <mhertlein@geogroup.com>; Florencia DePaola <Florencia.DePaola@shu.edu>
**Subject:** [EXTERNAL] Atty Legal Call for ████████████████████████

Hello,

I'd like to schedule a phone call and a 2-hour video conference this week with my client ████████
████████████████████████. I'm happy to provide a Teams or Zoom link if you can arrange for him
to be present.

**Phone call**: do you have any times available tomorrow, Tuesday 3/7 before 10:30am or after 2pm?  The
call could be as short as 30 minutes.

**Video conference**: do you have availability for a two-hour slot on Wednesday, 3/8, between 9am and
12pm?

Thank you very much in advance.

Respectfully,
Corinna Goodman

Corinna Goodman, Esq.
Detention Fellow, Immigrants' Rights / Intl Human Rights Clinic
Seton Hall University School of Law, Center for Social Justice
833 McCarter Highway
Newark, NJ 07102
Office: (973) 642-8700
Fax: (973) 642-8384 or 8295

CONFIDENTIALITY NOTICE: This e-mail, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, or any action taken or omitted to be taken in reliance on this e-mail, or any attachment, is strictly prohibited.  If you have received this e-mail in error, notify the original sender by reply e-mail or by telephone at (973) 642-8700 and destroy this e-mail or document, along with any attachments.

** WARNING: This email originated from outside of Seton Hall University. Do not click links or open attachments unless you recognize the sender and know the content is safe. **

** WARNING: This email originated from outside of Seton Hall University. Do not click links or open attachments unless you recognize the sender and know the content is safe. **

** WARNING: This email originated from outside of Seton Hall University. Do not click links or open attachments unless you recognize the sender and know the content is safe. **

# EXHIBIT AA

| From: | Kemp, Francis N |
|---|---|
| To: | Shira Wisotsky; OTPRequests,; Philadelphia.Outreach |
| Cc: | Court Documents; Matthew Hertlein; Schedulemvpc@geogroup.com; Zoe Burke; Gaelle Schmidt; Tejeda, Kirby; Raquiba Huq |
| Subject: | [EXTERNAL]RE: [EXTERNAL]RE: Writ of Production: ▮▮▮▮▮ |
| Date: | Friday, September 15, 2023 10:12:37 AM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

**External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

Good morning,

We do not have the recourses to facilitate criminal court hearings by tele video at Moshannon.

Thank you.

**From:** Shira Wisotsky <swisotsky@lsnj.org>
**Sent:** Friday, September 15, 2023 10:06 AM
**To:** Kemp, Francis N <francis.n.kemp@ice.dhs.gov>; OTPRequests, <OTPRequests@ice.dhs.gov>; Philadelphia.Outreach <Philadelphia.Outreach@ice.dhs.gov>
**Cc:** Court Documents <courtdocs@lawrencetwp.com>; Matthew Hertlein <mhertlein@geogroup.com>; Schedulemvpc@geogroup.com; Zoe Burke <zburke@lsnj.org>; Gaelle Schmidt <GSchmidt@afsc.org>; Tejeda, Kirby <Kirby.D.Tejeda@ice.dhs.gov>; Raquiba Huq <RHuq@lsnj.org>
**Subject:** Re: [EXTERNAL]RE: Writ of Production: ▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮

CAUTION: This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good morning,

We appreciate your response. Unfortunately, that is not an option under New Jersey law. As noted in the Court's Order, a person who is charged as ▮▮▮▮▮▮▮▮▮▮ is cannot be taken into state custody. All we and the Court are seeking is that ▮▮▮▮
▮▮▮▮▮▮▮▮ be produced for a limited period of time via Zoom, similar to how other detainees are produced for immigration hearings.

Is ICE not willing to honor the writ issues by the New Jersey Court?

Please reach out if there are any questions or concerns. My contact information is below.

Regards,

**Shira Wisotsky** | she/her
Attorney for Special Projects
Detention and Deportation Defense Initiative
**Legal Services of New Jersey**
Direct Dial: 908-882-2665
732-572-9100, ext. 8790
www.lsnj.org



The information contained in this email is attorney privileged and confidential information intended only for the use of the named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly unauthorized. If you have received this message in error, please immediately notify us by email and delete this message together with any attachments. Your cooperation is appreciated.

---

**From:** Kemp, Francis N <francis.n.kemp@ice.dhs.gov>
**Sent:** Friday, September 15, 2023 9:41 AM
**To:** Shira Wisotsky <swisotsky@lsnj.org>; OTPRequests, <OTPRequests@ice.dhs.gov>; Philadelphia.Outreach <Philadelphia.Outreach@ice.dhs.gov>
**Cc:** Court Documents <courtdocs@lawrencetwp.com>; Matthew Hertlein <mhertlein@geogroup.com>; Schedulemvpc@geogroup.com <Schedulemvpc@geogroup.com>; Zoe Burke <zburke@lsnj.org>; Gaelle Schmidt <GSchmidt@afsc.org>; Tejeda, Kirby <Kirby.D.Tejeda@ice.dhs.gov>
**Subject:** [EXTERNAL]RE: Writ of Production: ███████████████████████

██

> **External Email:** This email originated outside of the Legal Services of New Jersey network (LSNJ.org). Please **DO NOT** click links or attachments unless you recognize the sender and know the content is safe.

Good day,

Defendants for criminal proceedings must be writted out. Officers from the receiving jurisdiction must pick up the defendant from Moshannon and return them upon completion of proceedings.

Thank you,

Francis N. Kemp
Assistant Field Office Director - Philadelphia Field Office
Moshannon Valley Processing Center
**Enforcement and Removal Operations**
**U.S. Immigration and Customs Enforcement**
**555 Geo Drive**
**Philipsburg, PA 16866**

---

**From:** Shira Wisotsky <swisotsky@lsnj.org>
**Sent:** Friday, September 15, 2023 9:35 AM
**To:** OTPRequests, <OTPRequests@ice.dhs.gov>; Kemp, Francis N <francis.n.kemp@ice.dhs.gov>; Philadelphia.Outreach <Philadelphia.Outreach@ice.dhs.gov>
**Cc:** Court Documents <courtdocs@lawrencetwp.com>; Matthew Hertlein <mhertlein@geogroup.com>; Schedulemvpc@geogroup.com; Zoe Burke <zburke@lsnj.org>; Gaelle Schmidt <GSchmidt@afsc.org>
**Subject:** Writ of Production: ███████████████████████████
**Importance:** High

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good morning,

Please find attached a writ of production compelling ICE to virtually produce ███████████████ ███████████████████████ for Court on **September 20**, signed by the Honorable Lewis Korngut, a New Jersey Court judge. Copied on this email is Judge Korngut's Court Administrator who can provide the Zoom link for the virtual production.

Kindly confirm receipt of this email and that ████████████████ will be produced.

Respectfully,

**Shira Wisotsky** | she/her
Attorney for Special Projects
Detention and Deportation Defense Initiative
**Legal Services of New Jersey**
Direct Dial: 908-882-2665
732-572-9100, ext. 8790
www.lsnj.org

55 Email Sig logos

The information contained in this email is attorney privileged and confidential information intended only for the use of the named recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly unauthorized. If you have received this message in error, please immediately notify us by email and delete this message together with any attachments. Your cooperation is appreciated.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Legal Services of New Jersey | Immigration and Customs Enforcement |

| (b) County of Residence of First Listed Plaintiff **Middlesex County** | County of Residence of First Listed Defendant **Washington, D.C.** |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Shira Wisotsky; Raquiba Huq<br>(Legal Services of New Jersey, 100 Metroplex Dr., Edison, NJ 08818<br>(908) 882-2665) | Attorneys *(If Known)* |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
        Plaintiff

☐ 3  Federal Question
        *(U.S. Government Not a Party)*

☒ 2  U.S. Government
        Defendant

☐ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>    Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>    (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>    Protection Act<br>☐ 490 Cable/Sat TV |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | ☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | ☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act ☒<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |
| | | | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        Another District
        *(specify)*

☐ 6  Multidistrict
        Litigation -
        Transfer

☐ 8  Multidistrict
        Litigation -
        Direct File

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>Freedom of Information Act, 5 U.S.C. § 552.<br>Brief description of cause:<br>Violations of the Freedom of Information Act. |
|---|---|

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION<br>    UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:    ☐ Yes    ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions:)*    JUDGE | DOCKET NUMBER |
|---|---|---|

| DATE<br>11/09/2023 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.