PHILIP R. SELLINGER
United States Attorney
KRISTIN VASSALLO
Assistant United States Attorney
970 Broad St., Suite 700
Newark, New Jersey 07102
Tel.: (973) 645-2835
Email: kristin.vassallo@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEGAL SERVICES OF NEW JERSEY,<br><br>*Plaintiff,*<br><br>v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>*Defendant.* | HON. JULIEN X. NEALS<br><br>Civil Action No. 23-22222 (JXN)(CLW)<br><br>**ANSWER TO COMPLAINT** |

Defendant Immigration and Customs Enforcement, by and through its attorney Philip Sellinger, United States Attorney for the District of New Jersey (Kristin Vassallo, Assistant United States Attorney, appearing), answers the complaint filed in this action, paragraph by paragraph, upon information and belief, as follows:

### Introduction

1. The allegations contained in Paragraph 1 constitute Plaintiff's characterization of the case and conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant admits that this action

1

purports to be brought under the Freedom of Information Act (FOIA) 5 U.S.C. § 552 *et seq*.

2. The allegations contained in the first sentence of Paragraph 2 constitute Plaintiff's characterization of the case and conclusions of law, to which no response is required. Defendant admits that Plaintiff submitted an initial FOIA request dated March 21, 2023, as well as a second FOIA request dated June 1, 2023, to ICE, and respectfully refers the Court to the FOIA requests for the best evidence of their content. To the extent any allegations are inconsistent with the complete and accurate statement of the document's contents, Defendant denies those allegations.

3. The allegations contained in the first sentence of Paragraph 3 consist of Plaintiff's characterization of itself, to which no response is required. The remaining allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 3.

4. The allegations contained in Paragraph 4 consist of Plaintiff's characterization of news articles and cases but do not set forth a claim for relief or aver facts in support of a claim under FOIA to which a response is required. Defendant respectfully refers the Court to the referenced materials for the best evidence of their content. To the extent that Plaintiff's characterization of the materials differs from their content, and to the extent any response is required, Defendant denies the remaining allegations in Paragraph 4.

5.      Defendant admits the allegations in Paragraph 5, and respectfully refers the Court to ICE's letter and FOIA response for the best evidence of its content. To the extent that Plaintiff's characterization of the letter or FOIA response differs from the letter or the FOIA response, and to the extent any response is deemed necessary, Defendant denies the remaining allegations in Paragraph 5.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and on that basis, Defendant denies the allegations.

7.      The allegations contained in Paragraph 7 constitute conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 7.

8.      As to the allegations contained in the first sentence of Paragraph 8, Defendant respectfully refers the Court to the FOIA requests for the best evidence of their content. To the extent a response is required, Defendant admits the first sentence of paragraph 8. As to the remaining allegations contained in Paragraph 8, they constitute conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 8.

9.      The allegations contained in Paragraph 9 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which a response is required. To the extent a response is deemed necessary, Defendant admits the Complaint follows.

## Jurisdiction and Venue

10. Paragraph 10 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant states that the cited authority speaks for itself.

11. Paragraph 11 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant states that the cited authority speaks for itself.

12. Paragraph 12 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant states that the cited authority speaks for itself.

## Parties

13. The allegations contained in Paragraph 13 consist of Plaintiff's characterization of itself, to which no response is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13, and on that basis, Defendant denies the allegations.

14. Defendant admits that DHS is a federal agency within the meaning of 5 U.S.C. § 552(f)(1), and that ICE is a component of DHS. Defendant denies all remaining allegations contained in Paragraph 14.

## **Factual Allegations**

### **The March Request**

15.    Defendant admits that Plaintiff submitted a FOIA request dated March 21, 2023, and respectfully refers the Court to the FOIA request for the best evidence of its content.

16.    The allegations contained in the first sentence of Paragraph 16 constitutes conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in the first sentence. As to the remaining allegation contained in Paragraph 16, Defendant respectfully refers the Court to the March 21, 2023 FOIA request for the best evidence of its content. To the extent that Plaintiff's characterization of the FOIA request differs from the FOIA request, and to the extent any response is deemed necessary, Defendant denies the remaining allegations in Paragraph 16.

17.    Defendant respectfully refers the Court to the March 21, 2023 FOIA request for the best evidence of its content. To the extent that Plaintiff's characterization of the FOIA request differs from the FOIA request, and to the extent any response is deemed necessary, Defendant denies the remaining allegations in Paragraph 17.

18.    Defendant admits e-mailing an acknowledgement letter to Plaintiff on March 29, 2023, and respectfully refers the Court to the letter for the best evidence of its content.

19. The allegations contained in Paragraph 19 constitute conclusions of law, to which no response is required. Defendant respectfully refers the Court to the receipt notice for the best evidence of its content. To the extent that Plaintiff's characterization of Defendant ICE's receipt notice differs from ICE's receipt notice, and to the extent any response is deemed necessary, Defendant denies the allegations in Paragraph 19.

20. The allegations contained in Paragraph 20 constitute conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant respectfully refers the Court to the cited statute.

21. The allegations contained in Paragraph 21 constitute conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant respectfully refers the Court to the cited statute.

22. Defendant admits that it emailed a final response letter to Plaintiff's March 21, 2023, FOIA request on June 14, 2023, and respectfully refers the Court to the letter for the best evidence of its content.

23. Defendant respectfully refers the Court to the response letter for the best evidence of its content. To the extent that Plaintiff's characterization of the response letter differs from the response letter, and to the extent any response is deemed necessary, Defendant denies the allegations in Paragraph 23.

24. The allegations contained in Paragraph 24 constitute conclusions of law, to which no response is required. Defendant respectfully refers the Court to the response letter for the best evidence of its content. To the extent that Plaintiff's

characterization of the response letter differs from the response letter, and to the extent any response is deemed necessary, Defendant denies the allegations in Paragraph 24.

25. Defendant admits that it did not produce a *Vaughn* index. The remaining allegations contained in Paragraph 25 constitute a characterization of the response letter. Defendant respectfully refers the Court to the response letter for the best evidence of its content. To the extent that Plaintiff's characterization of the response letter differs from the response letter, and to the extent any response is deemed necessary, Defendant denies the allegations in Paragraph 25.

26. Defendant admits that Plaintiff filed an administrative appeal of the March 21, 2023 FOIA request on June 15, 2023. Defendant respectfully refers the Court to the appeal response for the best evidence of its content. To the extent that Plaintiff's characterization of the appeal differs from the appeal, and to the extent any response is deemed necessary, Defendant denies the allegations in Paragraph 26.

27. Defendant admits e-mailing an acknowledgement letter to Plaintiff on June 16, 2023, and respectfully refers the Court to the letter for the best evidence of its content.

28. Defendant admits providing a final response letter to Plaintiff on July 19, 2023, and respectfully refers the Court to the letter for the best evidence of its content. To the extent that Plaintiff's characterization of Defendant ICE's final response letter differs from ICE's final response letter, and to the extent any response is deemed necessary, Defendant denies the remaining allegations in Paragraph 28.

29. Upon information and belief, Defendant provided a final response letter for FOIA appeal 2023-ICAP-00390, related to the June 15, 2023 FOIA request, 2023-ICFO-28848, to Plaintiff, dated August 30, 2023.

30. Defendant admits that it produced an Excel spreadsheet as part of its response to the FOIA request, and respectfully refers the Court to the spreadsheet for the best evidence of its content. To the extent that Plaintiff's characterization of the spreadsheet differs from the spreadsheet, and to the extent any response is deemed necessary, Defendant denies the remaining allegations in Paragraph 30.

31. The allegations contained in Paragraph 31 constitute conclusions of law, to which no response is required. Defendant respectfully refers the Court to ICE's FOIA response for the best evidence of its content. To the extent that Plaintiff's characterization of ICE's FOIA response differs from ICE's FOIA response, and to the extent any response is deemed necessary, Defendant denies the remaining allegations in Paragraph 31.

32. The allegations contained in Paragraph 32 of the Complaint constitute Plaintiff's conclusion of law, to which no response is required. Defendant respectfully refers the Court to ICE's FOIA response for the best evidence of its content. To the extent that Plaintiff's characterization of ICE's FOIA response differs from ICE's FOIA response, and to the extent any response is deemed necessary, Defendant denies the remaining allegations in Paragraph 32.

## The June Request

33. Defendant admits that Plaintiff submitted a FOIA request dated June 1, 2023, and respectfully refers the Court to the FOIA request for the best evidence of its content.

34. Defendant respectfully refers the Court to the FOIA request for the best evidence of its content. To the extent that Plaintiff's characterization of the request is inconsistent with the FOIA request, and a response is deemed necessary, Defendant denies the remaining allegations in Paragraph 34.

35. Defendant respectfully refers the Court to the FOIA request for the best evidence of its content. To the extent that Plaintiff's characterization of the FOIA request differs from the FOIA request, and to the extent any response is deemed necessary, Defendant denies the remaining allegations in Paragraph 35.

36. Upon information and belief, Defendant provided an initial receipt email for FOIA request 2023-ICFO-28848 to Plaintiff dated June 5, 2023, and a similar / identical receipt email for FOIA request 2023-ICFO-28848 to Plaintiff dated August 21, 2023. Defendant respectfully refers the Court to the emails for the best evidence of their content. To the extent that Plaintiff's characterization of Defendant ICE's response emails differs from ICE's response emails, and to the extent any response is deemed necessary, Defendant denies the allegations in Paragraph 36.

37. The allegations contained in Paragraph 37 constitute conclusions of law, to which no response is required. Defendant respectfully refers the Court to the receipt notice for the best evidence of its content. To the extent that Plaintiff's

characterization of Defendant ICE's receipt notice differs from ICE's receipt notice, and to the extent any response is deemed necessary, Defendant denies the allegations in Paragraph 37.

38. Defendant respectfully refers the Court to the email for the best evidence of its content. To the extent that Plaintiff's characterization of Defendant ICE's email differs from ICE's email, and to the extent any response is deemed necessary, Defendant denies the allegations in Paragraph 38.

39. The allegations contained in the first sentence of Paragraph 39 constitute Plaintiff's characterization of itself, to which no response is required. The remaining allegations contained in Paragraph 39 constitute conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 39.

40. Defendant admits providing an appeal memo response letter to Plaintiff on October 30, 2023, and respectfully refers the Court to the letter for the best evidence of its content. To the extent that Plaintiff's characterization of Defendant ICE's appeal memo response letter differs from ICE's appeal memo response letter, and to the extent any response is deemed necessary, Defendant denies the allegations in Paragraph 40.

41. Defendant respectfully refers the Court to ICE's appeal memo response letter for the best evidence of its content. To the extent that Plaintiff's characterization of Defendant ICE's appeal memo response letter differs from ICE's

appeal memo response letter, and to the extent any response is deemed necessary, Defendant denies the allegations in Paragraph 41.

42. Defendant admits that Plaintiff emailed the ICE FOIA Office on October 30, 2023 and Defendant responded to the email October 30, 2023, and respectfully refers the Court to the email for the best evidence of its content. To the extent that Plaintiff's characterization of the email differs from the email, and to the extent any response is deemed necessary, Defendant denies the allegations in Paragraph 42.

### **Inadequacy of the Final Response**

43. The allegations contained in Paragraph 43 constitute conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 43.

44. The allegations contained in Paragraph 44 constitute conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 44.

45. Defendant admits that Plaintiff submitted a FOIA request dated March 21, 2023, and respectfully refers the Court to the FOIA request for the best evidence of its content. To the extent that Plaintiff's characterization of the request differs from the request, and to the extent any response is deemed necessary, Defendant denies the allegations in the first two sentences of Paragraph 45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last two sentences of Paragraph 45, and on that basis, Defendant denies the allegations.

46. Defendant admits that Plaintiff submitted a FOIA request dated June 1, 2023, and respectfully refers the Court to the FOIA request for the best evidence of its content. To the extent that Plaintiff's characterization of the request differs from the request, and to the extent any response is deemed necessary, Defendant denies the allegations in the first sentence of Paragraph 46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 46, and on that basis, Defendant denies the allegations.

47. Defendant admits that Plaintiff submitted a FOIA request dated June 1, 2023, and respectfully refers the Court to the FOIA request for the best evidence of its content. To the extent that Plaintiff's characterization of the request differs from the request, and to the extent any response is deemed necessary, Defendant denies the allegations in the first sentence of Paragraph 47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 47, and on that basis, Defendant denies the allegations.

48. Defendant admits that Plaintiff submitted a FOIA request dated June 1, 2023, and respectfully refers the Court to the FOIA request for the best evidence of its content. To the extent that Plaintiff's characterization of the request differs from the request, and to the extent any response is deemed necessary, Defendant denies the allegations in the first sentence of Paragraph 48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

in the second sentence of Paragraph 48, and on that basis, Defendant denies the allegations.

49. The allegations contained in Paragraph 49 constitute conclusions of law to which a response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 49.

50. The allegations contained in Paragraph 50 constitute Plaintiff's claim for relief to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 50.

## Claims for Relief

### COUNT ONE

51. Defendant incorporates by reference its responses to the paragraphs above as though fully stated herein.

52. The allegations contained in Paragraph 52 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 52.

53. The allegations contained in Paragraph 53 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 53.

54. The allegations contained in Paragraph 54 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 54.

55. The allegations contained in Paragraph 55 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 55.

**COUNT TWO**

56. Defendant incorporates by reference its responses to the paragraphs above as though fully stated herein.

57. The allegations contained in Paragraph 57 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 57.

58. The allegations contained in Paragraph 58 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization

of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 58.

59. The allegations contained in Paragraph 59 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 59.

60. The allegations contained in Paragraph 60 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 60.

## COUNT THREE

61. Defendant incorporates by reference its responses to the paragraphs above as though fully stated herein.

62. The allegations contained in Paragraph 62 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 62.

63. The allegations contained in Paragraph 63 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary,

Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 61.

64. The allegations contained in Paragraph 64 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 64.

65. The allegations contained in Paragraph 65 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 65.

66. The allegations contained in Paragraph 66 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 66.

## **COUNT FOUR**

67. Defendant incorporates by reference its responses to the paragraphs above as though fully stated herein.

68. The allegations contained in Paragraph 68 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 68.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 69, and on that basis, Defendant denies the allegations.

70. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 70, and on that basis, Defendant denies the allegations.

71. The allegations contained in Paragraph 71 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 71.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 72, and on that basis, Defendant denies the allegations.

73. The allegations contained in Paragraph 73 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization

of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 73.

74. The allegations contained in Paragraph 74 constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant states that the FOIA statute speaks for itself, denies any characterization of FOIA inconsistent with the statute, and denies the remaining allegations in Paragraph 74.

### Prayer for Relief

1. Paragraphs (1)-(6) of this section set forth Plaintiff's claim for relief, to which no response is required. To the extent a response is required, Defendant denies any factual allegations in these paragraphs and denies that Plaintiff is entitled to relief.

### General Denial

Pursuant to Rule 8(b)(3), Defendant denies all allegations in the Complaint which they have not otherwise specifically admitted or denied herein.

To the extent that the Complaint refers to or quotes from external documents or other sources, Defendant's answer may refer to these materials; however, such references are not intended to be, nor should they be construed to be, an admission that the materials cited in Plaintiff's Complaint are correctly cited or quoted by Plaintiff; relevant to this or any other action; or admissible in this, or any other action.

### AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff has failed to state a claim for which the Court can grant relief under FOIA.

2. Plaintiff has failed to exhaust administrative remedies under FOIA.

3. Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5 U.S.C. § 552(b), the Privacy Act, 5 U.S.C. § 552(a) and/or other provisions of law.

4. Plaintiff is not entitled to costs or attorneys' fees.

5. The Court lacks jurisdiction over any request for relief that exceeds the relief authorized by FOIA, 5 U.S.C. § 552.

6. At all times alleged in the Complaint, Defendant was acting in good faith, with justification and pursuant to lawful authority.

7. Defendant reserves the right to amend, alter and supplement defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation.

WHEREFORE, Defendant respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Dated: Newark, New Jersey
February 2, 2024

                                 Respectfully submitted,

                                 PHILIP R. SELLINGER
                                 United States Attorney

                   By:   /s/*Kristin Vassallo*
                         KRISTIN VASSALLO
                         Assistant United States Attorney
                         Attorney for Defendant